UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAR 29 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 07-041 (RJL) |
| v. ) | |
| ) | |
| KENNETH KEITT, ) | |
| ) | |
| Defendant. ) | |

### [PROPOSED] ORDER

On the unopposed motion of the United States for an order pursuant to Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure: (1) authorizing the disclosure to counsel for Kenneth Keitt ("Defendant") of grand jury materials, including certain grand jury transcripts and documents produced to the grand jury or its agents, that (a) must be disclosed pursuant to the Jencks Act, 18 U.S.C. § 3500; Rules 16 and 26.2 of the Federal Rules of Criminal Procedure; and *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, or (b) should be disclosed in the interest of justice and fairness to enable Defendant to prepare for trial; and (2) limiting the extent of disclosure of these materials and the purposes for which such disclosure may be made, and it appearing to the court that:

1. The United States expects to disclose to the Defendant certain grand jury materials, including grand jury transcripts and documents produced to the grand jury or its agents, which may be relevant to the charges against the Defendant; and

2. Unnecessary disclosure of grand jury transcripts and documents produced to the grand jury or its agents will frustrate the broad societal interest in grand jury secrecy.

It is hereby ORDERED:

1. The attorneys for the United States may disclose to counsel for the Defendant grand jury materials that (a) must be disclosed pursuant to the Jencks Act, 18 U.S.C. § 3500, Rule 16 of

the Local Rules of Criminal Procedure for the District of Connecticut, Rules 16 and 26.2 of the Federal Rules of Criminal Procedure, and *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, or (b) should be disclosed in the interest of justice and fairness to enable Defendant to prepare for trial;

    2.    Except as permitted by Federal Rule of Criminal Procedure 6(e), this order, or other court order, counsel for any party shall not disclose any transcript or documents or the contents thereof to any other person, provided that, for the sole purpose of preparing for trial:

    a.    counsel for any party may use their knowledge of the transcripts or documents to interview prospective witnesses;

    b.    defense counsel may show transcripts and documents to the Defendant;

    c.    counsel for any party may show a prospective witness or his or her counsel documents and provide a prospective witness or his or her counsel with a transcript of his or her testimony;

    d.    counsel for any party may allow secretaries, clerical workers, paralegals and experts retained to assist in the preparation of this case for trial to view the transcripts and documents solely for the purpose of assisting counsel to prepare for the trial of this case; and

    e.    counsel for the United States may show documents and transcripts to employees of the United States solely for the purpose of preparing for the trial of this case.

    3.    Except as permitted by Federal Rule of Criminal Procedure 6(e), each witness or potential witness to whom transcripts or documents have been shown or their contents disclosed pursuant to paragraph 2 of this order, shall not discuss with or disclose the contents thereof to

anyone other than counsel for the parties or his or her counsel, who shall not be permitted to further disclose such material;

4. Any notes or recorded notations of any kind that defense counsel, their secretaries, clerical workers, paralegals, or experts may make relating to the contents of the transcripts or documents shall not be shown to anyone except their own client, and then only for the sole purpose of the defense of this indictment, and defense counsel shall maintain the confidentiality of these materials pursuant to the terms of this order after this case is disposed of by trial, appeal, if any, or other resolution of the charges against the Defendant;

5. All transcripts and documents disclosed pursuant to paragraphs 1 and 2 of this order and all copies thereof shall either be promptly destroyed or defense counsel shall maintain the confidentiality of these materials pursuant to the terms of this order after this case is disposed of by trial, appeal, if any, or other resolution of the charges against the Defendant;

6. Nothing contained herein shall restrict or prevent any party from offering any materials into evidence or citing any materials in court papers filed in this case; and

7. The parties may apply to the court for a modification of this order at any time.

DATED this 28th day of March, 2007.

_____
THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT COURT JUDGE

Approved By:

s/ John Terzaken
JOHN F. TERZAKEN, III
D.C. Bar # 474015
Trial Attorney, Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 3700
Washington, D.C. 20530
Telephone: (202) 307-0719
Facsimile: (202) 514-6525
E-mail: john.terzaken@usdoj.gov

MARK W. PLETCHER
Trial Attorney, Antitrust Division
U.S. Department of Justice
Telephone: (202) 307-6186
Facsimile: (202) 514-6525
E-mail: mark.pletcher@usdoj.gov

s/ Steven McCool
STEVEN J. MCCOOL
D.C. Bar # 429369
Mallon & McCool, LLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
Telephone: (202) 393-7088
Facsimile: (202) 393-3499
Email: smccool@mallonandmccool.com

*Counsel for Defendant Kenneth Keitt*