**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 07-041 (RJL) |
| | ) | |
| | ) | |
| KENNETH KEITT | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO HIS MOTION TO DISMISS THE INDICTMENT OR, IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS**

Defendant Kenneth Keitt, by and through his undersigned counsel, respectfully submits the following reply to the government's response to his motion to dismiss the indictment or, in the alternative, for a bill of particulars. The indictment does not clearly and concisely inform Mr. Keitt of the charge against him. Moreover, this deficiency is not cured by the extensive discovery provided by the government. Accordingly, the indictment should be dismissed.

Mr. Keitt does not intend to repeat the arguments set forth in his motion to dismiss the indictment or for a bill of particulars. The government's response does not cause us to retreat from any of the positions previously submitted to the Court. In fact, the government's brief makes clear that the insufficiency of this indictment is fatal.

The indictment charges a single violation of 18 U.S.C. § 201(c). Specifically, the government alleges, in pertinent part, that:

> During the period October 2001 until in or about December 2001, the exact date being unknown to the Grand Jury, in the District of Columbia and elsewhere, Defendant Keitt, otherwise than as provided by law for the proper discharge of official duty, directly or indirectly gave, offered, and

1

>promised a thing of value to a public official for or because of an official act performed or to be performed by such public official; that is <u>Defendant Keitt gave Person A $6,900 for or because of official acts performed or to be performed by Person A</u> ….

*Indictment*, at ¶ 5 (emphasis added).  The prosecutors have now made it known to the Court that the "government's theory is that [Mr. Keitt] gave DerMinassian the $6,900 in the form of loan forgiveness."  *Government's Response,* at 7, n. 2.  This allegation is simply nowhere to be found in the indictment, and it represents an amendment of the charge handed up by the grand jury.  This violates Mr. Keitt's rights under the grand jury clause of the Fifth Amendment.

After an indictment is brought, it cannot be "broadened through an amendment except by the grand jury itself."  *Stirone v. United States,* 361 U.S. 212, 215-16 (1960).  In that case, Stirone was accused of interfering with interstate commerce by extortion.  The only interstate commerce mentioned in the grand jury indictment involved importing sand into Pennsylvania to be used in building a steel plant there.  *Id.* at 214.  At trial, over Stirone's objection, the district court allowed the prosecutor to introduce evidence to show interference of interstate commerce by exporting steel from Pennsylvania to other states.  *Id.*  The trial court also instructed the jury that it could base a conviction upon interference with either the importation of sand or the exportation of steel.  *Id.*  The Supreme Court held that the district court had erred because it could not be said with certainty that the grand jury would have indicted Stirone on a charge that commerce in steel had been interfered with.  *Id.* at 219.

The same holds true here.  The indictment in this case cannot be fairly read as charging Mr. Keitt with forgiving loans in exchange for official acts.  The grand jury

found that Mr. Keitt, directly or indirectly, gave Wilhelm DerMinassian $6,900 in exchange for official acts.[1]  The indictment cannot be allowed to stand because, just like in *Stirone,* the Court cannot know that the grand jury would have indicted Mr. Keitt on a "loan forgiveness theory."  This cannot be treated as a harmless variance.  The basic protection of the grand jury would be defeated if the government is permitted to prosecute Mr. Keitt for a crime the grand jury did not charge.  *Id.* at 218.

The government may argue that Mr. Keitt's motion is premature because Rule 12(b) of the Federal Rules of Criminal Procedure does not allow for the relief he seeks. *See United States v. Walker,* 514 F. Supp. 294, 301 (E.D. La 1981).  Any effort to do so, however, must fall short.

This Court certainly may consider the sufficiency of the evidence at this stage in the proceedings because the government has conceded that it will seek to convict Mr. Keitt on a "loan forgiveness theory."  *See United States v. DeLaurentis,* 230 F.3d 659, 660-61 (3d Cir. 2000) and *United States v. Alfonso,* 143 F.3d 772, 777 n. 7 (2d Cir. 1998); *see also, United States v. Yakou*, 428 F.3d 241, 246-47 (D.C. Cir. 2005)(The court of appeals upheld the district court's pretrial dismissal of the indictment where the government failed to make a timely procedural objection.  The court of appeals did not reach the issue presented in this case.).

The government has stated that its "theory is that [Mr. Keitt] gave DerMinassian the $6,900 in the form of loan forgiveness."  *Government's Response,* at 7, n. 2.  It is now

---

[1] Mr. Keitt, as we mentioned earlier and for the reasons set forth in his motion, does not concede that the indictment properly alleges an "official act."  *See Motion to Dismiss,* at 5.

bound by this statement.[2]  It cannot legally argue otherwise.  Given this, the Court should follow the circuits that have found it appropriate to consider the sufficiency of the indictment at this juncture where certain material facts are not in dispute.  We respectfully submit that this should result in the dismissal of the charge pending against Mr. Keitt.

Should the Court disagree, the question becomes whether the government should be required to address this and the other issues raised in our motion through a bill of particulars.  The government's arguments against a bill of particulars must fail in light of the arguments raised earlier by Mr. Keitt.

First, because the language in the indictment is grossly inconsistent with the proof the government will seek to offer at a trial, the government cannot maintain that the indictment clearly and concisely charges Mr. Keitt with honest services fraud.  Second, the government cannot successfully claim, on the facts of this case, that its discovery production is sufficient to protect Mr. Keitt's Fifth Amendment rights.

---

[2] The admission of a party opponent may be offered into evidence against that party as an exception to the hearsay rule.  *See, e.g. Freeland v. United States,* 631 A.2d 1186 (D.C. 1993).  For the purposes of a criminal prosecution the parties are the government and the defendant.  In *Freeland* our local court of appeals "note[d] that the Federal Rules [of Evidence] clearly contemplate that the federal government is a party-opponent of the defendant in criminal cases." *Freeland, at* 1193 (citation omitted).  In that case, Freeland was tried for killing his wife. *Id.* at 1188.  Freeland testified that a man named Hawthorne had his wife killed. *Id.*  He explained that while he was an inmate at Lorton Reformatory, he saw Hawthorne kill a third inmate. *Id.* at 1188.  Hawthorne correctly suspected that Freeland cooperated with the FBI in that case, which was prosecuted by the federal government in the Eastern District of Virginia ("EDVA"). *Id.*  Freeland sought to introduce a statement by an EDVA prosecutor that Hawthorne sought to hurt Freeland's "people." *Id.* at 1191.  The court of appeals reversed the trial court's refusal to receive the statement and held that it was admissible as a statement by a party-opponent. *Id.* at 1193.

Mr. Keitt agrees that the government has commendably discharged its duties with respect to discovery. Notwithstanding, it does not follow that Mr. Keitt's request for a bill of particulars "rings hollow." *Government's Response,* at 12. While our discovery review continues and will continue for some time, the grand jury testimony reviewed thus far shows that Mr. DerMinassian has stated under oath that he did not consider any monies he allegedly received to be a loan. The filing of a bill of particulars, therefore, will most likely effectuate a fatal amendment to the indictment.

Nevertheless, should the Court reject our request for dismissal, Mr. Keitt seeks a bill of particulars to see if the government can reconcile the charge in the indictment and the grand jury testimony with their proposed theory of the case. The government should, in addition to responding to the particulars sought, tell Mr. Keitt when this loan was made, what were the initial terms of the loan, when was it forgiven, what statements or actions did Mr. Keitt make or take to indicate that the loan was forgiven, what officials acts were exchanged for the loan forgiveness, and what statements or actions did Mr. DerMinassian take in exchange for this loan forgiveness. Finally, the government should offer proof that it charged the grand jury on its loan forgiveness theory.

For the reasons given in this reply and those given in the memorandum in support of defendant's motion, Mr. Keitt respectfully requests that the Court dismiss the

indictment in this case or, alternatively, to direct the government to file a bill of particulars.

>Respectfully submitted,
>
>_____/s/_____
>STEVEN J. McCOOL
>D.C. Bar No. 429369
>MALLON & McCOOL, LLC
>1776 K Street, N.W., Suite 200
>Washington, D.C. 20006
>(202) 393-7088
>Counsel for Kenneth Keitt

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th of July 2007, Defendant's Reply to Government's Response to Defendant's Motion to Dismiss or, in the Alternative, for a Bill of Particulars was served by electronic filing upon:

John Terzaken
Mark Pletcher
U.S. Department of Justice
Antitrust Division
1401 H Street, N.W., Suite 3700
Washington, D.C.  20530

_____/s/_____
Steven J. McCool