## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Criminal No. 07-041 (RJL)** |
| **v.** | ) | |
| | ) | |
| **KENNETH KEITT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MOTION IN LIMINE OF THE UNITED STATES TO PRECLUDE
## EVIDENCE AND ARGUMENT AIMED AT JURY NULLIFICATION

The United States respectfully moves this Court, pursuant to Rule 12(b) of the

Federal Rules of Criminal Procedure and Rules 401, 402 and 403 of the Federal Rules

of Evidence, for an order in limine prohibiting certain irrelevant and prejudicial evidence

and argument by the defendant Kenneth Keitt ("defendant") aimed at jury nullification.

Specifically, the United States moves this Court to preclude defendant from offering

evidence concerning, or referring in opening statements or arguments, to:

1.  The punishment that may be provided by law for a violation of 18 U.S.C. § 201(c) and the collateral consequences a conviction may have on defendant;

2.  The physical and financial characteristics of defendant; and

3.  The government's charging decisions in the investigation that gave rise to the indictment in the above-captioned matter.

Such evidence and arguments are irrelevant to the crime charged against defendant. The

only reason defendant might offer such evidence or argument is for the impermissible

purpose of supporting an argument for jury nullification.

# **ARGUMENT**

It is improper for the jury to consider, or for counsel to argue, that evidence relating to the punishment or collateral consequences of conviction, defendant's characteristics, or the government's charging decisions in the investigation underlying this case are grounds that could support an acquittal on the crime charged in the Indictment. An acquittal based upon any such evidence or argument would be a form of jury nullification.[1] Jury nullification arguments are improper and inadmissible, as is otherwise irrelevant evidence and argument aimed at supporting an acquittal based on jury nullification.

The jury's duty in this case, as in any criminal case, is to be the finder of fact with respect to whether the prosecution has proven the elements of the charged offense – one count of giving an illegal gratuity to a D.C. public official in violation of 18 U.S.C. § 201(c). The jurors will be sworn to follow the instructions of the Court, including the Court's instruction that they are obligated to follow the law as stated by the Court. Instruction 2.01, *Criminal Jury Instructions for the District of Columbia* (4th ed. rev. 2005) ("It is your duty to accept the law as I state it to you.").

The D.C. Circuit adheres to the almost universal rule disapproving evidence and

---

[1]    Black's Law Dictionary defines jury nullification as "a jury's knowing and deliberate rejection of the evidence or refusal to apply the law either because the jury wants to send a message about some social issue that is larger than the case itself or because the result dictated by law is contrary to the jury's sense of justice, morality, or fairness." *See* BLACK'S LAW DICTIONARY 862 (7th ed. 1999).

arguments that ask the jury to decide a criminal case on extraneous matters – that is, to engage in jury nullification. In *United States v. Washington*, the court, in holding that a defendant has no right to a jury instruction informing the jury of its power to engage in nullification, stated:

> A jury has no more "right" to find a "guilty" defendant "not guilty" than it has to find a "not guilty" defendant "guilty," and the fact that the former cannot be corrected by a court, while the latter can be, does not create a right out of the power to misapply the law. Such verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power.

705 F.2d 489, 494 (D.C. Cir. 1983). Indeed, since the Supreme Court's decision in *Sparf, et al. v. United States*, 156 U.S. 51 (1895), "federal courts have uniformly recognized the right and the duty of the judge to instruct the jury on the law and the jury's obligation to apply the law to the facts, and that nullification instructions should not be allowed." *United States v. Drefke*, 707 F.2d 978, 982 (8th Cir. 1983); *see also United States v. Carr*, 424 F.3d 213, 220 (2d Cir. 2005) ("We categorically reject the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is withing their authority to prevent."); *United States v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997) (finding that jury nullification is not to be sanctioned by instructions, but is to be viewed as an aberration under our system); *United States v. Demarais*, 938 F.2d 347, 350 (1st Cir. 1991) (holding it is "improper to urge the jury to nullify applicable law"); *United States v. Tujillo*, 714 F.2d 102, 105-06

(11th Cir. 1983) ("We therefore join with those courts which hold that defense counsel may not argue jury nullification during closing argument."); *United States v. Childress*, 746 F. Supp. 1122, 1140 (D.D.C. 1990) (finding that a defendant has no right to argue jury nullification in closing arguments).

A corollary to the rejection by the D.C. Circuit and other courts of jury nullification arguments and instructions that encourage nullification is the refusal by courts to admit otherwise irrelevant evidence and argument to support a jury nullification argument or verdict. *United States v. Gorham*, 523 F.2d 1088 (D.C. Cir. 1975) (holding promises of immunity were irrelevant to issue of guilt or innocence); *see United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998); *United States v. Crosby*, 713 F.2d 1066, 1074 (5th Cir. 1983) (citing *Gorham* and affirming exclusion of irrelevant and prejudicial evidence); *United States v. Lucero*, 895 F. Supp. 1421, 1426 (D. Kan. 1995) ("[D]efendants are not entitled to present evidence which is irrelevant for any purpose other than to provoke the finder of fact to disregard the law."). As explained by the Eleventh Circuit in *Funches*, "[b]ecause the jury enjoys no right to nullify criminal laws, and the defendant enjoys a right to neither a nullification instruction nor a nullification argument to a jury, the potential for nullification is no basis for admitting otherwise irrelevant evidence." 135 F.3d at 1409.

Application of these principles to the facts of the pending case leads inexorably to the conclusion that the Court should preclude evidence and argument relating to the

punishment or collateral consequences of conviction, defendant's characteristics, and the government's charging decisions in the investigation underlying this case, because such evidence and arguments are irrelevant to defendant's guilt or innocence and would only risk compromising the impartiality of the jury's verdict.[2]

It is well settled that where, as here, the punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the court, the jury should not consider or be informed in any way of the consequences of its decision in arriving at an impartial verdict as to the guilt or innocence of the accused. *Shannon v. United States*, 512 U.S. 573, 579 (1994); *Rogers v. United States*, 422 U.S. 35, 40 (1975); *United States v. Broxton*, 926 F.2d 1180, 1183 (D.C. Cir. 1991) (finding that "the jury's sole function is to ascertain guilt or innocence" and "is not to consider the potential punishment which could result from conviction").[3]  The rationale for excluding evidence of punishment or the consequences of conviction is straightforward:

---

[2]     The basic principles of relevance and unfair prejudice are well known to the Court. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  "Evidence which is not relevant is not admissible." Fed. R. Evid. 402.  Moreover, even relevant evidence may be excluded if its probative value is "substantially outweighed by the danger of unfair prejudice [or] confusion of the issues." Fed. R. Evid. 403; *Advisory Committee Notes*, Rule 403 (defining "unfair prejudice" as "an undue tendency to suggest decision on an improper basis.").

[3]     *See, e.g.,United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1992) ("It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict."); *United States v. Goodface*, 835 F.2d 1233, 1237 (8th Cir. 1987) ("In the Federal System, the penalty to be imposed upon a defendant is not a matter for the jury, and it proper to caution the jury . . . against any consideration of possible punishment in their deliberations").

Evidence and arguments about the period of incarceration, possible fines and other

collateral consequences of conviction are not probative of the question of guilt or

innocence. *Shannon*, 512 U.S. at 579; *see United States v. Greer,* 620 F.2d 1383, 1385

(10th Cir. 1980); *United States v. McCracken,* 488 F.2d 406, 423 (5th Cir. 1974);

*Davidson,* 367 F.2d at 63; *Lyles v. United States,* 254 F.2d 725, 728 (D.C. Cir. 1957).

Instead, evidence relating to the punishment and the effects of conviction only serves to

confuse the jury and compromise the verdict. *Shannon*, 512 U.S. at 579; *Pope v. United

States*, 298 F.2d 507, 508 (5th Cir. 1962). The Supreme Court, in *Shannon*, best

articulated the inherent risks in presenting a jury with evidence or arguments about the

consequences of a verdict:

> The principle that juries are not to consider the consequences of
> their verdicts is a reflection of the basic division of labor in our
> legal system between judge and jury. The jury's function is to find
> the facts and to decide whether, on those facts, the defendant is
> guilty of the crime charged. The judge, by contrast, imposes a
> sentence on the defendant after the jury has arrived at a guilty
> verdict. Information regarding the consequences of a verdict is
> therefore irrelevant to the jury's task. Moreover, providing jurors
> sentencing information invites them to ponder matters that are not
> within their province, distracts them from their factfinding
> responsibilities, and creates a strong possibility of confusion.

512 U.S. at 579 (emphasis added). For these same reasons, it would be improper here

for defendant to attempt to introduce evidence concerning, or refer in opening statements

or arguments to, the possibility of incarceration or criminal fine for defendant or to the

collateral consequences of conviction upon defendant, *i.e.*, that defendant or his family

could suffer hardships in the event that the jury returns a guilty verdict.

Courts also routinely exclude as irrelevant and prejudicial evidence of a defendant's or witness's physical and financial characteristics, where, as here, such evidence serves no other purpose than to attempt to curry sympathy from the jury.  *See, e.g., United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098-99 (9th Cir. 2005) (finding abuse of discretion where district court allowed prosecution to admit evidence of young age and medical condition of victims in alien smuggling prosecution); *United States v. Paccione*, 949 F.2d 1183, 1201 (2d Cir. 1991) (affirming exclusion of testimony in RICO and mail fraud prosecution by defendant's character witnesses as to the fact that the defendant had a son with cerebral palsy); *see also, e.g., United States v. Kapp*, No. 02 CR 418-1, 2003 WL 23162408, at *1 (N.D. Ill. Nov. 6, 2003) (explaining earlier decision to preclude evidence relating to the defendant's disability in criminal conspiracy and Endangered Species Act prosecution).  In this case, facts relating to whether defendant is old or young; sick or healthy; a man of many or few financial means; or has any other unique personal characteristics; simply have no bearing on whether defendant gave an illegal gratuity to a public official.

Finally, courts have determined that decisions by prosecutors whether to bring criminal charges against persons other than the defendant have no relevance to the guilt or innocence of the accused.   For example, in *United States v. Young*, 20 F.3d 758 (7th Cir. 1994), defendant Young appealed the district court's exclusion of evidence that

another person (Russell) arrested for drug crimes along with defendant Young was

released and not charged. *Id.* at 765. The district court ruled that the evidence that

Russell had been released and not charged was irrelevant. *Id.* The Court of Appeals

affirmed:

> Young's defense at trial was that he did not knowingly participate in the
> attempted cocaine purchase. Accordingly, the issue for the jury was
> whether the government met its burden of proof as to Young's knowledge.
> Whether or not Russell was criminally charged does not make the facts
> relating to Young's knowledge and participation in the attempted purchase
> more or less probable.

*Id.* (citing Fed. R. Evid. 401). *See also Walker v. Bonenberger*, 438 F.3d 884, 890 (8th

Cir. 2006) (finding that "[e]vidence concerning the prosecutor's subjective evaluation of

the case against [another potential defendant] and corresponding exercise of

prosecutorial discretion would not be relevant" to the question of whether there was a

Fourth Amendment violation); *United States v. Mosky*, No. 89 CR 669, 1990 WL 70832,

at * 1 (N.D. Ill. May 7, 1990) ("The government seeks to bar only any reference to its

decisions regarding who to indict and for what acts. The government is correct that

those decisions are not relevant to the charges faced by these defendants.") Similarly, in

this case, where the question for the jury is defendant's conduct and intent in giving an

illegal gratuity to a public official, the fact that defendant's employer, DMJM, and other

employees and officers at DMJM were or were not charged with any crime has no

tendency to make any fact of consequence more or less likely in the trial of defendant's

guilt or innocence.[4]

While there are no <u>proper</u> inferences a jury might draw from consideration of evidence and argument relating to the punishment or collateral consequences of conviction, defendant's characteristics, or the government's charging decisions in the investigation underlying this case, there are many <u>improper</u> inferences a jury may draw which might lead to an acquittal based on jury nullification.  First, relying on evidence relating to the punishment or collateral consequences of conviction, a juror may improperly vote to acquit defendant because he or she disagrees with the statutorily proscribed punishment for the charged offense.  Second, relying on evidence relating to the personal characteristics of defendant, such as his physical or financial condition, a juror might feel sympathy for defendant and impermissibly vote to acquit him on that basis.  Finally, relying on evidence relating to charging decisions made by the government in the investigation underlying the pending case, a juror might improperly second guess the government's charging decision with respect to defendant based on his or her perception of the relative merits of potential charges against other entities or persons that were not lodged.

Any such improper inferences would compromise the impartiality of the verdict in this case:  A result which would be, in the words of the D.C. Circuit, "lawless, a denial

---

[4]    Of course, the United States acknowledges that information relating to its discussions with prospective witnesses, for example, an agreement to provide immunity, is relevant on the issue of the witness' motivation.

of due process and constitute an exercise of erroneously seized power." *Washington*,

705 F.2d at 494.  Accordingly, the Court should preclude defendant from offering

evidence concerning, or referring in opening statements or arguments, to the punishment

or collateral consequences of conviction, defendant's characteristics, and the

government's charging decisions in the investigation underlying this case.

DATED this 2nd day of November, 2007.

Respectfully submitted,

_____/s/_____
JOHN F. TERZAKEN III (D.C. Bar # 474025)
MARK W. PLETCHER
Trial Attorneys, Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 3700
Washington, D.C.  20530
Telephone: (202) 307-0719 / (202) 307-6186
Facsimile:  (202) 514-6525
E-mail:  john.terzaken@usdoj.gov /
            mark.pletcher@usdoj.gov

-10-

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Criminal No. 07-041 (RJL)** |
| **v.** | ) | |
| | ) | |
| **KENNETH KEITT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**[PROPOSED] ORDER**

Having duly considered the Motion In Limine of the United States to Preclude

Evidence and Argument Aimed at Jury Nullification and the response of defendant

Kenneth Keitt ("defendant"), it is hereby ORDERED that defendant is precluded from

offering any evidence concerning or referring in opening statements or arguments to:

1.    The punishment that may be provided by law for a violation of 18 U.S.C. §
      201(c) and the collateral consequences a conviction may have on defendant;

2.    The physical and financial characteristics of defendant; and

3.    The government's charging decisions in the investigation that gave rise to the
      indictment in the above-captioned matter.

Dated this ____ day of _____, 2007.

IT IS SO ORDERED

_____
THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT COURT JUDGE

CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of November 2007, the foregoing **MOTION IN LIMINE OF THE UNITED STATES TO PRECLUDE EVIDENCE AND ARGUMENT AIMED AT JURY NULLIFICATION** and corresponding proposed order, were filed electronically and to the best of my knowledge, information and belief, counsel for defendant Kenneth Keitt will be notified through the Electronic Case Filing System.

_____/s/_____

JOHN F. TERZAKEN III
D.C. Bar # 474015
Trial Attorney, Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 3700
Washington, D.C.  20530
Telephone:  (202) 307-0719
Facsimile:   (202) 514-6525
E-mail: john.terzaken@usdoj.gov