IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **Criminal No. 07-041 (RJL)** |
| v. | ) | |
| | ) | |
| KENNETH KEITT, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION IN LIMINE OF THE UNITED STATES TO LIMIT**
**IMPEACHMENT OF WITNESSES USING INVESTIGATIVE REPORTS**

The United States hereby moves this Court, pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, for an order prohibiting defendant Kenneth Keitt ("defendant") from cross-examining prosecution witnesses with law enforcement reports. These witnesses did not prepare and have never reviewed, adopted, ratified, subscribed or sworn to these reports, and thus, permitting defendant to cross-examine, impeach, or otherwise impugn any prosecution witness using these reports would be improper and patently unfair.

**ARGUMENT**

As part of its open-file discovery, the United States has disclosed numerous investigative reports[1] concerning interviews that law enforcement agents conducted of persons the United States expects to call as witnesses in its case-in-chief. These

---

[1] These "investigative reports" consist of 302s prepared by agents with the Federal Bureau of Investigation, Form 1600.3s prepared by agents with the Department of Transportation's Office of the Inspector General, and type-written interview summaries prepared by Department of Justice paralegals.

investigative reports are not "statements" of the prosecution's prospective witnesses under Federal Rule of Criminal Procedure 26.2, nor "statements" covered by the Jencks Act, as they do not purport to be substantially verbatim transcripts or recitals of the witnesses' statements and they were not reviewed, adopted, subscribed or sworn to by the respective witnesses.[2] Fed. R. Crim. P. 26.2; *United States v. Oruche,* 484 F.3d 590, 598 (D.C. Cir. 2007) (holding notes taken by law enforcement not a witness's statement, unless comprising a 'full transcription' thereof); *see also United States v. Farley*, 2 F.3d 645, 654-55 (6th Cir. 1993) (holding FBI summaries were not witness statements because they were neither approved nor adopted) (citing *United States v. Arnold*, 890 F.2d 825, 829-30 (6th Cir. 1989)) (outlining the "Adoption Test" to determine whether investigative reports constitute statements of the witness); *United States v. Williams*, 998 F.2d 258, 269 (5th Cir. 1993) (holding that FBI 302s were not witness statements as they were not verbatim); *United States v. Gross*, 961 F.2d 1097, 1105 (3d Cir. 1992) (holding reports of interview not statements as they were neither signed nor adopted by witness); *United States v. Morris*, 957 F.2d 1391, 1402 (7th Cir. 1992) (same); *United States v. Almonte*, 956 F.2d 27, 29 (2d Cir. 1992) (holding witness must subscribe to statement for it to be his own).

Because the investigative reports disclosed to defendant are not "statements" of

---

[2] The United States has produced to defendant all discovery required by Federal Rule of Criminal Procedure 26.2 and the Jencks Act.

the prosecution's witnesses, defendant should be precluded from cross-examining those witnesses about the substance of the reports.  *Oruche*, 484 F.3d at 597-99 (upholding decision to refuse impeachment of a witness with a law enforcement report); *see also United States v. Williams*, 962 F.2d 1218, 1224 (6th Cir. 1992) (finding it "grossly unfair" to allow impeachment of witness with report he had neither prepared nor adopted); *United States v. Leonardi*, 623 F.2d 746, 757 (2d Cir. 1980) ("[A] witness may not be charged with a third party's characterization of his statements unless the witness has subscribed to them.").  As in each of these cases, allowing the prosecution's witnesses here to be cross-examined using reports they did not author[3] and have never seen would be manifestly unfair and likely occasion substantial confusion by the jury.

Moreover, allowing such cross-examination and impeachment would perpetuate the cynical, and demonstrably false, belief that: "No good deed goes unpunished."  The government had no obligation to disclose these interview reports (and most of the cited cases arise in the context of motions for or appeals from the denial of disclosure of Jencks Act material), but, here, it did so within the spirit of full disclosure of background and contextual information.  As a result of its voluntary disclosures, the

---

[3]  In *United States v. Thomas*, the D.C. Circuit cautioned that even a witness's own writings may not constitute a statement under the Jencks Act.  97 F.3d 1499, 1502 (D.C. Cir. 1996) ("Drafts may be tentative.  If the drafting is done on a word processor, for example, it would be foolish to think that each time the witness-to-be adds something to or deletes something from what appears on the screen, he has thereby created a new Jencks Act 'statement.'  The author may reserve judgment about his draft until he reviews it in final, signifying his approval only when he affixes his signature to the completed document.").

government should not now be put in a worse position than if it had never tendered the information, and thus, the United States seeks an in limine ruling prohibiting defendant from cross-examining prosecution witnesses with law enforcement reports.

DATED this 2nd day of November, 2007.

                              Respectfully submitted,

                              /s/
                            JOHN F. TERZAKEN III (D.C. Bar # 474025)
MARK W. PLETCHER
Trial Attorneys, Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 3700
Washington, D.C. 20530
Telephone: (202) 307-0719 / (202) 307-6186
Facsimile:  (202) 514-6525
E-mail: john.terzaken@usdoj.gov /
       mark.pletcher@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Criminal No. 07-041 (RJL)** |
| v. | ) | |
| | ) | |
| **KENNETH KEITT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## [PROPOSED] ORDER

Having duly considered the United States' Motion for an Order Limiting the Impeachment of Witnesses Using Investigative Reports, it is hereby ORDERED that the defendant Kenneth Keitt may not confront witnesses on cross-examination with investigative reports, including 302s prepared by agents with the Federal Bureau of Investigation, Form 1600.3s prepared by agents with the Department of Transportation's Office of the Inspector General, and type-written interview summaries prepared by Department of Justice paralegals, which they did not write or read and for which they are not responsible.

Dated this ___ day of _____, 2007.

                            IT IS SO ORDERED

                            _____
                            THE HONORABLE RICHARD J. LEON
                            UNITED STATES DISTRICT COURT JUDGE

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of November 2007, the foregoing **MOTION IN LIMINE OF THE UNITED STATES TO LIMIT IMPEACHMENT OF WITNESSES USING INVESTIGATIVE REPORTS** and corresponding proposed order, were filed electronically and to the best of my knowledge, information and belief, counsel for defendant Kenneth Keitt will be notified through the Electronic Case Filing System.

        /s/
JOHN F. TERZAKEN III
D.C. Bar # 474015
Trial Attorney, Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 3700
Washington, D.C.  20530
Telephone:  (202) 307-0719
Facsimile:   (202) 514-6525
E-mail: john.terzaken@usdoj.gov