**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Criminal No. 07-041 (RJL)** |
| | ) | |
| **KENNETH KEITT** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION TO DISMISS THE INDICTMENT AS DUPLICITOUS**

Defendant Kenneth Keitt, by and through his undersigned counsel, respectfully moves this Court to dismiss the Indictment as duplicitous. Mr. Keitt is charged with one count of violating the federal gratuity statute, 18 U.S.C. § 201(c)(1)(A). The Indictment is duplicitous because it charges multiple violations of this statue, and therefore multiple offenses in one count, without providing notice of each. In support of this motion, the Court is respectfully referred to the accompanying Memorandum of Points and Authorities. A proposed Order granting the relief sought by Mr. Keitt is attached hereto.

Respectfully submitted,

_____/s/_____
STEVEN J. McCOOL, Esquire
D.C. Bar No. 429369
MALLON & McCOOL, LLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
(202) 393-7088

Counsel for Kenneth Keitt

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                          )          Criminal No.  07-041 (RJL)<br>)<br>KENNETH KEITT                              )<br>)<br>  Defendant.                                     ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS THE INDICTMENT AS DUPLICITOUS**

Defendant Kenneth Keitt, by and through undersigned counsel, respectfully submits the following Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss the Indictment as Duplicitous.

### I. Background

By an Indictment handed up by the Grand Jury on February 23, 2007, Kenneth Keitt was charged with a single violation of 18 U.S.C. § 201(c)(1)(A).  The Government alleges that:

> During the period October 2001 until in or about December 2001, the exact date being unknown to the Grand Jury, in the District of Columbia and elsewhere, Defendant Keitt, otherwise than as provided by law for the proper discharge of official duty, directly or indirectly gave, offered, and promised a thing of value to a public official for or because of an official act performed or to be performed by such public official; that is Defendant Keitt gave Person A $6,900 for or because of official acts performed or to be performed by Person A relating to the operational support contract, including his favorable treatment in administering and overseeing the contract, his positive input regarding the annual renewal of the contract, his favorable exercise of discretion not to terminate the contract, and his consideration of DMJM's proposal, suggestions and solicitations for the provision of emergency traffic services after September 11, 2001.

*Indictment*, at ¶ 5.  Person A has been identified by the Government as Wilhelm Derminassian. On April 21, 2005, Mr. Derminassian pled guilty to an Information in *United States v. Wilhelm Dermanassian*, Criminal Case No. 05-127 (RMC).  This charging document makes clear that the Government did indeed know of the exact dates of the so-called payments.  According to this

Information, Mr. Derminassian solicited and accepted a payment of $2,500 on October 2, 2001 and another payment of $4,400 on October 26, 2001. *See* Exhibit 1 (*Dermanassian Information*), at ¶ 6. Thus, it is readily apparent that separate and distinct charges are contained in the sole count in the Indictment. This violates Mr. Keitt's right to notice of the charge brought against him.

## II. Argument

The illegal gratuities charge must be dismissed because it is fatally duplicitous. Each alleged payment, as described above, is a distinct, completed offense. By merging multiple offenses into one count without providing adequate notice of each, the Government has violated the rule against duplicity.

Rule 8(a) of the Federal Rules of Criminal Procedure provides for the joinder of offenses in the same indictment, "in a separate count for each offense." Therefore, an indictment is duplicitous if it joins in a single count of two or more separate and distinct offenses. *See United States v. Hubbell,* 177 F.3d 11, 14 (D.C. Cir. 1999); *United States v. Klat*, 156 F.3d 1258, 1266 (D.C. Cir. 1988); *United States v. Quinn,* 401 F.Supp.2d 80, 103 (D.D.C. 2005); *United States v. Sapyta*, 390 F.Supp.2d 563, 565 (W.D. Tex. 2005)(Charge dismissed as duplicitous where Government's allegations that Defendant engaged in two separate money laundering transactions involving separate safe deposit boxes were set forth in one count.). In *United States v. Shorter,* 809 F.2d 54, 58 n. 1 (D.C. Cir.), *cert. denied*, 484 U.S. 817 (1987), the court of appeals addressed the propriety of charging "in one count what could be several independent charges." In such a case, according to *Shorter*,

> the Court must measure th[e] indictment against the purposes of the prohibition against duplicity. These purposes include, generally: (1) the prevention of double jeopardy, (2) an assurance of adequate notice to the defendant, (3) the provision

of a basis for appropriate sentencing, and (4) the danger that a conviction was produced by a verdict that may not have been unanimous as to any one of the crimes charged.

*Id.* Those courts that have allowed multiple offenses to be charged in one count have done so only after determining that the counts do not create one of the established dangers of duplicity.

For example, in *United States v. Bruce*, 89 F.3d 886, 888 (D.C. Cir. 1996), the court of appeals analyzed the conviction of a defendant charged with one count of bank fraud "alleging that he committed four separate fraudulent acts in furtherance of a single overall scheme to defraud Signet Bank." In affirming the conviction, the court held that where the "purposes of the bar against duplicity have been met," multiple offenses relating to the same scheme may be grouped in the same count. *Id*. at 890. The purposes of the duplicity bar were met in that case: "Because the **specific acts in furtherance of the scheme are specified in the indictment**, Bruce was on notice of the charge against him and need not worry about later being charged for the same acts." *Id*. (emphasis added).

The type of specification relied upon by the *Bruce* court is entirely missing from the instant Indictment. Of the four "dangers of duplicity," the ones most troubling in this case are the lack of notice provided to the Mr. Keitt and the concomitant danger that he will be convicted on a less-than-unanimous jury verdict. The lone count in the Indictment does not allege specific acts and it does not allege a scheme. It charges that "Mr. Keitt gave Person A $6,900 for or because of official acts performed or to be performed…." *Indictment,* at ¶ 5. The Government has admitted, as demonstrated above, that this $6,900 gratuity, in its view, is in fact two payments.

Given this, the Government cannot credibly argue that the Indictment places Mr. Keitt on notice as to how many offenses are consolidated in sole count set forth in that charging

3

document. Mr. Keitt is unable to defend himself against such duplicitous pleading. Thus, because the Indictment does not allege a "scheme" and because the specific acts are aggregated and not specified in the Indictment, it is fatally duplicitous.[1]

In sum, it may be that multiple offenses committed on a given, specified day could properly be consolidated in a single count. But, the consolidation of two unspecified offenses in one count does not comport with the doctrine of duplicity. Indeed, it is hard to conceive of a scenario that more offends the duplicity doctrine's requirement for proper notice than the instant Indictment. For these reason, the Indictment should be dismissed.[2]

---

[1] In addition, while many appeals courts have held that the danger of a non-unanimous jury verdict may be alleviated by the trial judge's instruction requiring unanimity on the charged offense *see, e.g., Bruce*, 89 F.3d at 890, that type of instruction is impossible here given that the payments in the Indictment have been aggregated.

[2] For these same reasons and those set forth in our earlier motion to dismiss or, in the alternative, for a bill of particulars, Mr. Keitt also seeks dismissal of the Indictment on the ground that it does not constitute "a plain, concise, and definite written statement of the essential facts constituting the offense charged" in contravention of Fed. R. Crim. P. 7(c).

### III. Conclusion

The Court should dismiss the Indictment, as it is fatally duplicitous. The Indictment charges two separate offenses in one count. As a result, it fails to give sufficient notice to Mr. Keitt. Therefore, for the reasons set forth above, Kenneth Keitt respectfully requests that the Court grant the instant motion to dismiss the Indictment on duplicity grounds.

Respectfully submitted,

_____/s/_____
STEVEN J. McCOOL
D.C. Bar No. 429369
MALLON & McCOOL, LLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
(202) 393-7088

**CERTIFICATE OF SERVICE**

     I hereby certify that on the 2nd day of November 2007, the foregoing Motion to Dismiss the Indictment as Duplicitous, the Memorandum of Points and Authorities and the attached proposed Order were served by electronic filing upon:

John Terzaken  
Mark Pletcher  
U.S. Department of Justice  
Antitrust Division  
1401 H Street, N.W., Suite 3700  
Washington, D.C.  20530

                                                  _____/s/_____  
                                                  STEVEN J. McCOOL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.   ) | **Criminal No. 07-041 (RJL)** |
| ) | |
| **KENNETH KEITT** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

Upon consideration of Defendant Keitt's motion to dismiss the Indictment as fatally duplicitous and memorandum of points and authorities, the government's opposition thereto, and the entire record in this matter, it is this _____ day of November 2007, hereby

**ORDERED**, that Defendant Keitt's motion is granted, and it is hereby

**FURTHER ORDERED**, that the Indictment in the above-captioned case is hereby dismissed with prejudice.

_____
THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | Criminal No.: |
| v. | * | Filed:, |
| **WILHELM DERMINASSIAN** | * | Violations: 18 U.S.C. § 201(c)(1)(B) <br> 18 U.S.C. §§ 1343, 1346 |

*******

## INFORMATION

The United States of America, acting through its attorneys, charges:

## I.

### Count One (18 U.S.C. §§ 1343, 1346)

General Allegations

1. From approximately August 2000 through April 2003 Wilhelm DerMinassian ("Defendant") served as the Associate Director in charge of the Traffic Services Administration, a division of the District of Columbia's Department of Transportation (hereinafter collectively referred to as the "D.C. D.O.T.")

2. At all times relevant to this Information Company A, not named as a defendant herein, provided traffic engineering services to the D.C. D.O.T. under its $12.9 million Operational Support contract.

3. At all times relevant to this Information Person A-1, not named as a defendant herein, was a Project Manager for Company A and was in charge of the day-to-day operations of the Operational Support contract, and Person A-2, not named as a defendant herein, was a Vice-President for Company A with supervisory authority over Person A-1 and the Operational Support contract.



4.  At all times relevant to this Information the Defendant, in his capacity as the Associate Director of the D.C. D.O.T., was responsible for the administration and oversight of the Operational Support contract.

### The Scheme to Defraud

5.  From approximately October 2001 through April 2003, in the District of Columbia and elsewhere, the Defendant, together with Company A, through Persons A-1 and A-2, did unlawfully and knowingly devise and participate in a scheme and artifice to deprive the District of Columbia and its citizens of their intangible right to his honest services as a public official, and to have those services performed free from deceit, favoritism, bias, conflict of interest and self-enrichment.

### Overview of the Scheme

6.  It was part of the scheme that from approximately October 2001 through October 2002 the Defendant solicited and accepted approximately $20,000 in cash and other items of value from Company A, through Persons A-1 and A-2, in connection with the Operational Support contract, including:

    A.  on or about October 2, 2001 the Defendant solicited and accepted $2,500 in cash;

    B.  on or about October 26, 2001 the Defendant solicited and accepted $4,400 in cash;

    C.  on or about April 30, 2002 the Defendant solicited and accepted $300 in cash; and

    D.  on or about September 27, 2002 the Defendant solicited and accepted $10,544.99 in vehicle repair services.

7.  It was further part of the scheme that the Defendant concealed his receipt of the cash and other items of value detailed in Paragraph 6 by, among other things, insisting in several instances

on receiving payments in cash.

8. It was further part of the scheme that the Defendant solicited and accepted the cash and other items of value detailed in Paragraph 6 with the intent to be influenced to favor Company A in his oversight and administration of the Operational Support contract, thus depriving the District of Columbia and its citizens of their intangible right to his honest services as a public official.

9. It was further part of the scheme that from approximately October 2001 through April 2003 the Defendant had an undisclosed and improper conflict of interest in that he failed to report his receipt of the cash and other items of value detailed in Paragraph 6, thus depriving the District of Columbia and its citizens of their intangible right to his honest services as a public official.

10. It was further part of the scheme that between approximately October 2001 and April 2003 the Defendant, having been influenced by the cash and other items of value detailed in Paragraph 6, took official actions in connection with the Operational Support contract that benefitted the financial interests of Company A, including the recommendation and approval of additional work through non-competitive change orders to the Operational Support contract, thus depriving the District of Columbia and its citizens of their intangible right to his honest services as a public official.

11. It was further part of the scheme that between approximately October 2001 and April 2003 the Defendant, having been influenced by the receipt of the cash and other items of value detailed in Paragraph 6, and having failed to disclose the conflict of interest arising therefrom, recommended and approved three separate change orders to the Operational Support contract worth a total of $5,655,871.

12. It was further part of the scheme that from approximately October 2001 through April

2003 the Defendant intentionally deceived the District of Columbia and its citizens into believing that his official acts in connection with the Operational Support contract were free from the taint of favoritism, bias, conflict of interest and self-enrichment, when in fact he did have an undisclosed conflict of interest and had been influenced by his receipt of the cash and other items of value detailed in Paragraph 6.

<u>Use of the Interstate Wires in Furtherance of the Scheme</u>

13. For the purpose of executing the scheme and artifice to defraud detailed in Paragraph 5, on or about October 22, 2001 the Defendant caused Person A-1, who was in his office in Washington, D.C., to telephone Person A-3, who was in Annapolis, Maryland, which resulted in Person A-3 withdrawing cash from a bank account, $4,400 of which Person A-1 later gave to the Defendant on or about October 26, 2001, such use of the interstate wires being foreseeable to the Defendant.

## II.

### Count Two (18 U.S.C. § 201(c)(1)(B))

#### General Allegations

1. Paragraph 1 of Count One of this Information is realleged and incorporated by reference as though fully set forth herein.

2. At all times relevant to this Information Company B, not named as a defendant herein, provided traffic engineering services to the D.C. D.O.T. under its $17.5 million Integrated Traffic Management System ("I.T.M.S.") contract.

3. At all times relevant to this Information Persons B-1 and B-2, neither of whom is named as a defendant herein, were principals, officers and owners of Company B with supervisory authority for its performance of the I.T.M.S. contract.

4. At all times relevant to this Information the Defendant, in his capacity as the Associate Director of the D.C. D.O.T., was responsible for the administration and oversight of the I.T.M.S. contract.

#### Description of the Offense

5. On or about October 18, 2002 the Defendant sought to have Company B, though Person B-2, provide him with an item of personal value, to wit, to pay a $1,348.91 hotel bill on the Defendant's behalf, thus enabling the Defendant to make personal use of, and benefit from, a monetary travel advance previously issued to him by the District of Columbia.

6. On or about October 18, 2002 Company B, through Person B-2 after consultation with Person B-1, paid the Defendant's hotel bill detailed in Paragraph 5.

7. The Defendant's acceptance of the item of personal value detailed in Paragraphs 5 and 6

was not provided for by law for the proper discharge of the Defendant's official duty.

8. The Defendant, a public official, sought and accepted the item of personal value detailed in Paragraphs 5 and 6 for an official act to be performed by the Defendant, to wit, favorable treatment of Company B by the Defendant in his future administration and oversight of the I.T.M.S. contract.

**Jurisdiction and Venue**

The offenses charged in this Information were carried out in the District of Columbia within the five years preceding the filing of this Information.

IN VIOLATION OF TITLE 18 UNITED STATES CODE, SECTIONS 201, 1343 AND 1346.

DATED: 1/1, 2005

_____
R. HEWITT PATE
Assistant Attorney General

_____
SCOTT D. HAMMOND
Deputy Assistant Attorney General

_____
MARC SIEGEL
Director of Criminal Enforcement

_____
LISA M. PHELAN
Chief, National Criminal
Enforcement Section

Antitrust Division
United States Department of Justice

_____
PETER H. GOLDBERG
Attorney, Antitrust Division
United States Department of Justice
1401 H Street, NW, Suite 3700
Washington, D.C. 20530
Tel: (202) 307-5784

_____
JOHN SCHMOLL
Attorney, Antitrust Division
United States Department of Justice
1401 H Street, NW, Suite 3700
Washington, D.C. 20530
Tel: (202) 307-5780