**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| v.                              ) | Criminal No. 07-041 (RJL) |
| ) | |
| ) | |
| **KENNETH KEITT**               ) | |
| ) | |
|     **Defendant.**           ) | |

### DEFENDANT'S MOTION TO STRIKE SURPLUSAGE FROM THE INDICTMENT

Defendant Kenneth Keitt, by and through his undersigned counsel, and pursuant to Rule 7(d) of the Federal Rules of Criminal Procedure, moves this Court for an Order striking surplusage from the Indictment. In support of this motion, the Court is respectfully referred to the accompanying Memorandum of Points and Authorities. A proposed Order granting the relief sought by Mr. Keitt is attached hereto.

Respectfully submitted,

_____/s/_____
STEVEN J. McCOOL, Esquire
D.C. Bar No. 429369
MALLON & McCOOL, LLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
(202) 393-7088

Counsel for Kenneth Keitt

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>)<br>KENNETH KEITT )<br>)<br>    Defendant. ) | Criminal No. 07-041 (RJL) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO STRIKE SURPLUSAGE FROM THE INDICTMENT**

Defendant Kenneth Keitt, by and through undersigned counsel, respectfully submits the following Memorandum of Points and Authorities in Support of Defendant's Motion to Surplusage from the Indictment.

**I. Background**

By an Indictment handed up by the Grand Jury on February 23, 2007, Kenneth Keitt was charged with a single violation of 18 U.S.C. § 201(c)(1)(A). The Indictment states in part: "The value of the contract was projected to be worth approximately $12.9 million over the life of the contract if the DC DOT exercised all four option years." *Indictment*, at ¶ 2. The Indictment further states: "Moreover, as Associate Director, Person A was responsible for the provision of millions of dollars of emergency traffic services for the District of Columbia after the terrorist attacks of September 11, 2001." *Indictment,* at ¶ 4. Finally, the Indictment states in part: "that is Defendant Keitt gave Person A $6,900 for or because of official acts performed or to be performed by Person A relating to the operational support contract, **including** his favorable treatment in administering and overseeing the contract, his positive input regarding the annual renewal of the contract, his favorable exercise of discretion not to terminate the contract, and his

consideration of DMJM's proposal, suggestions and solicitations for the provision of emergency traffic services **after September 11, 2001**." *Indictment,* at ¶ 5 (emphasis added). The statements identified in paragraphs 2 and 4 and the highlighted language from paragraph 5 should be stricken from the Indictment because they are irrelevant, inflammatory, prejudicial, and completely unnecessary to establish the alleged illegal gratuity charge. Additionally, the language highlighted in paragraph 5 should be stricken from the Indictment because it also wrongfully implies that Mr. Keitt was engaged in criminal activity not charged in the Indictment.

## II. Argument

Rule 7(d) of the Federal Rules of Criminal Procedure provides, "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." "[A] motion to strike surplusage should be granted only if it is clear that the allegations contained therein are not relevant to the charge and are inflammatory and prejudicial." *United States v. Rezaq*, 134 F.3d 1121, 1134 (D.C. Cir.), *cert. denied*, 525 U.S. 834 (1998); *see also United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir. 1990) (motion to strike surplusage granted where challenged allegations not relevant to the crime charged and are inflammatory and prejudicial). While requests under Rule 7(d) are disfavored, *Rezaq*, 134 F.3d at 1134, district courts have "wide discretion" in ruling on a motion to strike surplusage. *United States v. Cisneros,* 26 F.Supp.2d 24, 55 (D.D.C. 1998). Finally, "[l]anguage that serves no purpose and encourages a jury to draw inferences that a defendant was involved in collateral activities irrelevant to the indictment may be stricken." *United States v. Weinberger,* 1992 WL 294877, *7 (D.D.C. 1985).

Surplusage consists of allegations in an indictment that are not necessary to establish a violation of the statute in issue. *United States v. McIntosh*, 23 F.3d 1454, 1457 (8th Cir.), *cert. denied*, 513 U.S. 935 (1994). The superfluous allegations may be disregarded if the remaining

allegations are sufficient to charge a crime. *United States v. Wells*, 127 F.3d 739, 743 (8th Cir. 1997). Thus, when an indictment contains nonessential allegations that may "prejudicially impress the jurors," a court should grant a motion to strike the surplusage. *United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974), *cert. denied,* 419 U.S. 124 (1975); *see also Dranow v. United States*, 307 F.2d 545, 558 (8th Cir. 1962) (motion to strike surplusage is the proper remedy where allegations of an indictment are unnecessary or prejudicial).

The Indictment here alleges one illegal gratuity count. Most of paragraphs 1 and 2 establish background information necessary to apprise Mr. Keitt of the nature of the charge against him. Paragraph 2, however, contains surplusage that should be stricken. Reference to the value of the DC DOT contract is not only irrelevant to the illegal gratuity charge, but it also is inflammatory and prejudicial. The language cited in paragraph 4 is more offensive. It not only refers to the value of the contract, but it references the terrorist attacks of September 11, 2001. Similarly, paragraph 5 also references September 11, 2001. Because Mr. Keitt's request to strike this language satisfies both prongs of the standard set forth in *Rezaq*, this Court should strike it.

First, the value of the contract is not necessary to prove any of the elements, nor is it relevant to any of the elements of the sole count in the Indictment.[1] Second, the Indictment's reference to the value of the contract is inflammatory and merely serves to prejudicially impress the jurors. The statement's only purpose is to improperly imply that Mr. Keitt and his company

---

[1] The Government cannot advance some theory to "save" this surplus information. Information about the value of the contract is not necessary to provide the context or background for the conduct alleged in the indictment. *But cf. United States v. Watt*, 911 F. Supp. 538, 554 (D.D.C. 1995) (where case was factually and legally complex, additional information was not surplusage but rather constituted background information that was "helpful for contextualizing the criminal conduct alleged").

received a significant benefit -- worth $12.9 million -- from the DC Department of Transportation. Such an implication is highly prejudicial and inflammatory because the jury is charged with determining whether or not Mr. Keitt gave Person A an illegal gratuity for or because of official act(s). The Indictment does not allege the Mr. Keitt gave anything of value to secure the contract. *See United States v. Schwening,* 2006 WL 1559668 (D. Neb. 2006)("The six-million dollar figure is not an element of the [illegal gratuity] claim and should be stricken from the [] Indictment. On proper showing of relevance, the government is, of course, free to present evidence of the value of he contracts."). The same holds true for statements in the Indictment about September 11. These references are also irrelevant to the crime charged and they too are highly prejudicial. *See United States v. Quinn,* 401 F.Supp.2d 80, 98-99 (D.D.C. 2005)(References to Iran's support for terrorism were stricken as irrelevant and because the "potential for prejudice" was "substantial.").

The words "including" in paragraph 5 serves no useful purpose and suggests that the jury can convict Mr. Keitt for official acts not listed in the Indictment. In order to properly charge an illegal gratuity, the Government must identify a "particular" official act or acts. *United States v. Sun-Diamond Growers of California,* 526 U.S. 398, 406 (1999). The so-called official acts alleged in the Indictment are already vague and should be dismissed for reasons set forth in our motion to dismiss or for a bill or particulars. That said, the Government cannot insert "including" to attempt to prove something at trial that is not charged in the Indictment. Courts have rejected such efforts in the past.

"Regardless of their location in the indictment [insinuations of unalleged facts] may encourage the jury to draw inferences that the defendant [is] believed to be involved in activities not charged in the indictment." *United States v. Hubbard*, 474 F.Supp. 64, 82 (D.D.C.

4

1979)(striking as irrelevant and prejudicial the words "various," "including but not limited to the following," "among other things," "and related matters," "on a number of occasions," "at least," "other illegal and improper activities," "and elsewhere," and "besides the defendants"); *United States v. Espy*, 989 F.Supp 17, 35, *rev'd on other grounds,* 330 F.2d 299 (D.C. Cir. 1998)(striking "included, but were not limited to," "and others," "including but not limited to," and "in substance and among other things"); *United States v. Williams-Davis*, 1992 WL 46826, *2 (D.D.C 1992)(striking "including but not limited to"); *United States v. Whitehorn*, 710 F.Supp. 803, 819 (D.D.C.), *rev'd on other grounds, United Stated v. Rosenberg,* 888 F.2d 1406 (D.C. Cir. 1989)(striking "among others," "but not limited to" and "in part").

The word "including" is irrelevant and highly prejudicial, because it invites the jury to convict on matters outside the four corners of the Indictment. Thus, "including" should be stricken from the Indictment.

When a court orders surplusage stricken from an indictment, the court should direct that a retyped "clean" version of the indictment be submitted to the jury. It is improper to simply "white-out" or cover over the improper language where it may be evident that something was deleted. *United States v. Wilner*, 523 F.2d 68 (2d Cir. 1975).

### III. Conclusion

The references in the Indictment cited above are irrelevant to the crime charged. Even if these words are deemed to have marginal relevance to the Government's case, the inflammatory nature of these references far outweighs any probative value. *See* Fed. R. Evid. 403. For these reasons, this Court should, grant Mr. Keitt's motion to strike this language from the Indictment.

Respectfully submitted,

_____/s/_____
STEVEN J. McCOOL
D.C. Bar No. 429369
MALLON & McCOOL, LLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
(202) 393-7088

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of November 2007, the foregoing Motion to Strike Surplusage from the Indictment, Memorandum of Points and Authorities and the attached proposed Order were served by electronic filing upon:

John Terzaken
Mark Pletcher
U.S. Department of Justice
Antitrust Division
1401 H Street, N.W., Suite 3700
Washington, D.C.  20530


_____/s/_____
STEVEN J. McCOOL

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.            ) | Criminal No.  07-041 (RJL) |
| ) | |
| **KENNETH KEITT**        ) | |
| ) | |
| **Defendant.**        ) | |

**ORDER**

Upon consideration of Defendant Keitt's motion to strike surplusage from the Indictment and memorandum of points and authorities, the Government's opposition thereto, and the entire record in this matter, it is this _____ day of November 2007, hereby

**ORDERED**, that Defendant Keitt's motion is granted, and it is hereby

**FURTHER ORDERED**, that the following shall be stricken from the Indictment:

Paragraph 2:  "The value of the contract was projected to be worth approximately $12.9 million over the life of the contract if the DC DOT exercised all four option years."

Paragraph 4:  "Moreover, as Associate Director, Person A was responsible for the provision of millions of dollars of emergency traffic services for the District of Columbia after the terrorist attacks of September 11, 2001."

Paragraph 5:  "including" and "after September 11, 2001."

---------------------------------------------------
THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT COURT JUDGE