**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Criminal No.  07-041 (RJL)** |
| | ) | |
| | ) | |
| **KENNETH KEITT** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OFFERING
CONCLUSIONS OR SPECULATION REGARDING THE BELIEFS,
UNDERSTANDINGS, MOTIVATIONS, OR KNOWLEDGE OF OTHERS
AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Kenneth Keitt, by his attorneys, moves for an order under Federal Rules of

Evidence 104(a), 602, 701, 802, and 403 barring any witness testimony offering legal

conclusions or speculation as to the alleged beliefs, understandings, motivations, or knowledge

of others.

**I.  Witnesses Must Not Be Allowed To Speculate.**

During the course of discovery, the government has proffered witness interviews and

other materials replete with conjecture and speculation regarding the motives, knowledge, and

intent of other individuals, especially those of Mr. Keitt.[1]  The defense seeks to preclude this line

of questioning because speculation as to another individual's beliefs, knowledge, motivation, or

intent is beyond the scope of the personal knowledge of the witness and invades the province of

the jury.  Fed. R. Evid. 602 (limiting a witness' testimony to matters for which the witness has

---

[1] The witness reports themselves (FD 302's) constitute inadmissible hearsay as mere
agent statements about what the witness said.  However, this motion seeks to exclude a similar
approach to questioning in the government's case-in-chief.  In addition, if the government
attempts to use a FD 302 for impeachment purposes, any questions relating to speculation
testimony in the 302 should also be barred.

personal knowledge).  In addition, while the Rules permit a lay person from offering opinion testimony, the admission of such is strictly limited to testimony that is "rationally based on the perception of the witness."  Fed. R. Evid. 701.  Admission of speculative testimony regarding the state of mind of another person is unfairly prejudicial and must be barred pursuant to Rule 403. Fed. R. Evid. 403 (excluding evidence if the probative value is substantially outweighed by, *inter alia*, danger of unfair prejudice, misleading the jury, or needless presentation of cumulative evidence).  Accordingly, Mr. Keitt requests that this Court preclude testimony which is not based upon the witness's personal knowledge or observation, but are purely speculative responses to leading questions from government interrogators.

## II.  <u>Witnesses Must Not Be Allowed To Offer Legal Conclusions.</u>

The Court must also preclude witness testimony that amounts to a legal conclusion. *Christiansen v. Nat'l Sav. & Trust Co.*, 683 F.2d 520, 529 (D.C. Cir. 1982) ("The duty to issue [legal] conclusions devolve on the courts and lay legal conclusions are inadmissible in evidence.")(citation omitted).  The division of responsibility in a court is well-established:  the judge instructs and decides questions of law, and the jury, if necessary, applies this law to the facts.  *See Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997) ("Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards.")(citation omitted).  The records and notes of interviews produced by the government in this matter suggest that it intends to elicit legal conclusions from lay witnesses that would co-opt these responsibilities.

Consequently, Mr. Keitt respectfully moves this Court to preclude witnesses from offering legal conclusions in their testimony, given that "legal principles are outside the witness' area of expertise under Federal Rule of Evidence 702."  *Weston v. Washington Metro. Area*

*Transit Auth.*, 78 F.3d 682, 684 n.4 (D.C. Cir. 1996)(citation omitted).

An example of such inappropriate questioning would include whether it would be appropriate, ethical or legal for contractor to authorize payment or provide payment to a government official. 18 U.S.C. § 201(c)(1)(A) prohibits giving "anything of value" to a public official "for or because of any official act performed or to be performed by such public official." It is up to the jury to decide: (1) whether anything of value was given, (2) if so, whether the recipient was a public official, and (3) whether any payments were given for or because of an official act. It would be highly improper to allow the government to elicit legal conclusions from witness at the trial on these matters.

WHEREFORE, for the reasons set forth above, Defendant respectfully requests an order excluding speculative testimony regarding legal conclusions or alleged beliefs, understanding, motivation, or knowledge of others.

Respectfully submitted,


_____/s/_____
STEVEN J. McCOOL
D.C. Bar No. 429369
MALLON & McCOOL, LLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
(202) 393-7088

Counsel for Kenneth Keitt

3

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 2nd day of November 2007, the foregoing Defendant's Motion to Exclude Testimony Offering Conclusions or Speculation Regarding the Beliefs, Understandings, Motivations, or Knowledge of Others, and Incorporated Memorandum of Points and Authorities and the attached Proposed Order were served by electronic filing upon:

John Terzaken
Mark Pletcher
U.S. Department of Justice
Antitrust Division
1401 H Street, N.W., Suite 3700
Washington, D.C.  20530


_____/s/_____
STEVEN J. McCOOL

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No.  07-041 (RJL)** |
| | ) | |
| **KENNETH KEITT** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Upon consideration of Defendant's Motion to Exclude Testimony Offering Legal Conclusions or Speculation Regarding the Beliefs, Understandings, Motivations, or Knowledge of Others, and Incorporated Memorandum of Points and Authorities, the government's opposition thereto, and the entire record in this matter, it is this _____ day of November 2007, hereby

**ORDERED**, that Defendant Keitt's motion is granted.

_____
THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT COURT JUDGE