**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No.  07-041 (RJL) |
| | ) | |
| | ) | |
| **KENNETH KEITT** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT KENNETH KEITT'S MOTION FOR
DISCLOSURE OF *BRADY/GIGLIO* INFORMATION AND
MOTION FOR EARLY PRODUCTION OF *JENCKS* MATERIAL AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPPORT THEREOF**

Defendant Kenneth Keitt, by and through undersigned counsel, respectfully moves this Honorable Court for <u>timely</u> disclosure of *Brady/Giglio* Information.  Mr. Keitt also moves this Honorable Court for the entry of an Order requiring <u>early</u> disclosure of *Jencks* material, which ordinarily would not be produced until after a witness has testified at trial.  For the reasons set forth below, Mr. Keitt respectfully requests that all *Jencks* material be disclosed 60 days before the suppression hearings and all *Brady/Giglio* material be disclosed immediately.

**I.     Mr. Keitt's Specific Requests for Exculpatory Evidence.**

Mr. Keitt requests the following exculpatory evidence and asks that the information requested be produced immediately to the defense.

1.  Any evidence in the possession of the government, the existence of which is known, or by the exercise of due diligence may become known to the government, tending to show that any individuals who may be called as government witnesses have given conflicting or contradictory statements regarding their involvement in this case, the involvement of Mr. Keitt, and/or the involvement of any alleged associate or accomplice.

2. Any evidence in the possession of the government, the existence of which is known, or by the exercise of due diligence may become known to the government, tending to show that any non-prospective witnesses have given conflicting or contradictory statements regarding their involvement in this case, the involvement of Mr. Keitt, and/or the involvement of any alleged associate or accomplice.

3. The full record of any arrests, pending cases, and criminal convictions of any witness whom the government intends to call at trial.

4. Any evidence or records of any suspected wrongdoing or ongoing investigations in this or any other jurisdiction (state or federal) of any witness whom the government intends to or contemplates calling at trial.

5. A full and complete statement of all promises, considerations, rewards, or inducements made by the government, its prosecutors, agents or agencies to induce or encourage any individual's testimony, cooperation or provision of information, wherein the government has agreed, either with the individual, their counsel, agent or representative, to any of the following:

   a) not to prosecute said person for any crime or crimes;
   b) not to prosecute a third party for any crime or crimes where the reason for not prosecuting the third party is a consideration to the person;
   c) to provide a formal grant of statutory immunity, or to provide an informal assurance that the person will not be prosecuted in connection with any testimony, cooperation, or information given;
   d) to recommend leniency or a particular sentence for any crime or crimes for which the person stands convicted or is expected to be convicted;
   e) to comply with any prior agreements although said witness may have previously violated a part of their agreement;
   f) to recommend or not oppose a reduction of the offense level of the person under the United States Sentencing Guidelines for acceptance of responsibility;
   g) to recommend to the sentencing authority under the United States Sentencing Guidelines a downward departure from the guidelines if that person provides substantial assistance to authorities;
   h) to recommend or not oppose any downward departures or offense level

       reductions for the person under the United States Sentencing Guidelines;
- i) to seal any plea or plea agreement of that person;
- j) to provide favorable treatment or consideration, including but not limited to, money, expenses, subsistence, a job, a new location, a new start, etc. to the person or to friends or relatives of the person in return for that person's testimony, cooperation, or provision of information;
- k) to make any beneficial recommendation, regarding the person to any state or federal agency;
- l) to cooperate with any state law enforcement agency and that agency's agreement not to prosecute said person for any crime or crimes prohibited by state law; or
- m) to make any other recommendation of benefit, or give any other consideration to the person or friends or relatives of said person;
- n) to provide a statement to, or speak with, any law enforcement agency, prosecution official or court (state or federal) concerning the witness' assistance or cooperation.

6. Notice, including date, amount and method (cash or check) and purpose of any monies paid to any witness or non-prospective witness in return for information, their services or as a reward and/or for the purported payment of expenses and/or for any purported obligation of any such witness or informant.

7. Any writings, canceled checks, receipts, vouchers or other documents generated as a result of any promises, statements, agreements, understandings or arrangements by which any of the matters listed in paragraph 6 were provided to the person, or by which records were kept of such by the government.

8. Any evidence in the possession of the government that would tend to prove or reveal a bias or motive of any witness that the government intends or contemplates calling at trial.

9. Any and all threats of prosecution or any statements regarding the magnitude of penal liability made to any witness that the government intends or contemplates calling at trial, or any witness called before a federal grand jury, by any agent or employee of the federal government

or by an state law enforcement or prosecutorial agency working or cooperating with the government.

10. A list of all persons (and their counsel) who were asked by the government or its representatives whether they or their clients would and/or could implicate the defendant in any criminal wrongdoing.

11. Any evidence of past or present drug or alcoholic ingestion or dependency by any witness whom the government intends or contemplates calling at trial. If any medical, hospital, or law enforcement records exist, which disclose such ingestion or dependency or the treatment thereof, it is requested that the source and location of such records be provided and/or disclosed. If no such records exist, but others have witnessed such ingestion or dependency, it is requested that the names and addresses of such persons be disclosed.

12. Any evidence of psychiatric hospitalization, psychiatric treatment or mental disease or defect or physical disorder of any witness whom the government intends or contemplates calling at trial. If any medical or hospital records exist, it is requested that the source and locations of such records be provided and/or disclosed. If no such records exist, but others have observed such disease, defect or disorder, it is requested that the names and addresses of such persons be disclosed.

13. Any evidence of polygraph or "lie-detector" tests administered to any witness whom the witness or non-prospective witness, and the results of any such tests, including any evidence regarding the refusal of such persons to take any requested polygraph or "lie-detector" tests.

14. Any evidence that may be used to impeach a witness at the trial in this case, particularly but not exclusively, inconsistent statements of a witness or between witnesses.

## II. The Disclosure Standard Under the Brady Doctrine.

In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the Supreme Court held that due process forbids a prosecutor from suppressing "evidence favorable to an accused upon request where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *See also Giglio v. United States*, 405 U.S. 150 (1972); *United States v. McCrane*, 527 F.2d 906 (3d Cir. 1975), *aff'd after remand*, 547 F.2d 204 (1976). The Supreme Court has also emphasized that impeachment evidence, as well as exculpatory evidence, falls within the *Brady* rule. *United States v. Bagley*, 473 U.S. 669, 678 (1985). Such evidence, if disclosed and used effectively, may make the difference between conviction and acquittal. *See Napue v. Illinois*, 360 U.S. 264 (1959)("The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend."). In acknowledging that the prosecution has a duty to disclose any favorable evidence that could be used at trial, it is frequently overlooked that the prosecution also has a duty to disclose any favorable evidence that could be used "in obtaining further evidence." *Giles v. Maryland*, 386 U.S. 66, 74 (1967). Additionally, favorable evidence need not be competent evidence or evidence admissible at trial. *United States v. Gleason*, 265 F. Supp. 880, 886 (S.D.N.Y. 1967); *Sellers v. Estelle*, 651 F.2d 1074, 1077 n.6 (5th Cir. 1981)(evidence suppressed was material to the preparation of petitioner's defense, regardless whether it was intended to be admitted into evidence).

The Supreme Court has never precisely pinpointed the time at which the disclosure under *Brady* must be made. It is abundantly clear, however, that disclosure by the government,

> must be made at such a time as to allow the defense to use favorable material effectively in the *preparation* and presentation of its case, even if satisfaction of these criteria requires pre-trial disclosure.

*United States v. Pollock*, 534 F.2d 964, 973 (D.C. 1976); *accord United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988); *see United States v. Starusko*, 729 F.2d 256, 261 (3d Cir. 1984) (Noting that *Brady* information which will require defense investigation or more extensive defense preparation should be disclosed at an early stage of the case.); *see, e.g. United States v. Recognition Equipment, Inc.*, 711 F. Supp. 1, 14 (D.D.C. 1989)(Ordering immediate disclosure of evidence regarding criminal records and other impeachment information for government witnesses, statements to the effect that any of the defendants were not members of the charged conspiracy, evidence supporting the defendants' defenses), *overruled on other grounds*, *United States v. Williams,* 504 U.S. 36, 50-54 (1992). Manifestly a more lenient disclosure burden on the government would drain *Brady* of all vitality. *United States v. Elmore*, 423 F.2d 775, 779 (5th Cir. 1970). Because *Brady* requires the prosecution to anticipate the effect of non-disclosure of evidence before trial, the Supreme Court has cautioned: "[A] prosecutor anxious about tacking too close to the wind will disclose a favorable piece of evidence." *Kyles v. Whitley*, 514 U.S. 419 U.S. 434, 439 (1985)(citing *United States v. Augurs,* 427 U.S. 97, 108 (1976)("[T]he prudent prosecutor will resolve doubtful questions in favor of disclosure.").

The disclosures requested herein should be made immediately so that appropriate defense preparation can be made. To make effective use of the information requested herein, it is essential to test the reliability of this information through thoughtful consideration and thorough investigation. This cannot be accomplished if disclosure is delayed.

Accordingly, in order to afford the defendant a meaningful opportunity to contest the charges against him by confronting his accusers with the effective assistance of counsel in a fashion which will not jeopardize his standing before the jury, Mr. Keitt requests that the government be ordered to disclose all *Brady/Giglio* material to defendant's counsel immediately.

### III.     Mr. Keitt's Request for Early Disclosure of *Jencks* Material.

The government has commendably discharged its duties with respect to discovery. Notwithstanding, Mr. Keitt requests that any *Jencks* material that has not yet been produced, should be provided to the defense so as to furnish Mr. Keitt with sufficient time to examine and utilize this material in a meaningful manner before and during trial. *United States v. Holmes*, 722 F.2d 37, 40 (4th Cir. 1983). What that means in terms of timing depends on the specific facts and circumstances of the case. It is clear, however, that the Court, pursuant to the Fifth and Sixth Amendments to the United States Constitution, Rule 2 of the Federal Rules of Criminal Procedure and its inherent supervisory powers, has the authority to override the timing provisions set forth in the *Jencks Act* and in Rule 26.2. Indeed, Rule 26.2, unlike its predecessor the *Jencks Act*, contains no language explicitly precluding the disclosure of witness statements prior to trial. *Compare* Fed. R. Crim. P. 26.2 with 18 U.S.C. § 3500(a).

The Rule also provides that the Court may make an accommodation, upon request by defendant's counsel, so that counsel is provided adequate time to make use of *Jencks* material. Fed. R. Crim. P. 26.2(d). That section states:

> Upon delivery of the statement to the moving party, the court, upon application of that party, may recess proceedings in the trial from the examination of such statement and for preparation for its use in the trial.

The prosecution should disclose *Jencks* material to defense counsel within 60 days of the hearing because it will not only assist the defendant in achieving a fair trial but also serve the public interest in expediting the fair resolution of criminal cases. *See ABA Standards for Criminal Justice*, § 11-2.2; *see, e.g. United States v. Tarantino*, 846 F.2d 1384, 1415 n.12 (D.C. Cir.), *cert. denied*, 488 U.S. 840 (1988); *United States v. Hinton*, 631 F.2d 769, 782 (D.C. Cir. 1980); *United States v. Poindexter*, 727 F.Supp. 1470, 1484-85 (D.D.C. 1989).

WHEREFORE, Mr. Keitt respectfully requests this Court to grant his request for the disclosure of information set forth above, sufficiently in advance of trial to permit defendant to prepare to investigate, meet or use such information and evidence.

Respectfully submitted,

_____/s/_____
STEVEN J. McCOOL
D.C. Bar No. 429369
MALLON & McCOOL, LLC
1776 K Street, N.W.
Suite 200
Washington, D.C. 20006
(202) 393-7088

Counsel for Kenneth Keitt

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 2, 2007, the foregoing Motion for Disclosure of *Brady* and *Jencks* Material, incorporated Memorandum of Points and Authorities and the attached Proposed Order were served by electronic filing upon:

John Terzaken
Mark Pletcher
U.S. Department of Justice
Antitrust Division
1401 H Street, N.W., Suite 3700
Washington, D.C. 20530


                                              _____/s/_____
                                              STEVEN J. McCOOL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v.   ) | Criminal No.  07-041 (RJL) |
| ) | |
| ) | |
| KENNETH KEITT   ) | |
| ) | |
| **Defendant.**   ) | |

## ORDER

Upon consideration of Defendant Keitt's Motion For Disclosure of *Brady/Giglio* Information and Motion for Early Production of *Jencks* Material and the memorandum of points and authorities in support thereof, the government's response thereto, and the entire record in this matter, it is this ___ day of November 2007, hereby

**ORDERED**, that Defendant Keitt's motion is granted; and it is further

**ORDERED**, all *Brady/Giglio* material shall be disclosed immediately, and it is further

**ORDERED**, that the government is required to provide <u>early</u> disclosure of *Jencks* material 60 days before the suppression hearings.

_____
THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT COURT JUDGE