**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 07-041 (RJL)** |
| | ) | |
| | ) | |
| **KENNETH KEITT** | ) | |
| | ) | |
| **Defendant.** | ) | |

**KENNETH KEITT'S MOTION FOR NOTICE BY THE GOVERNMENT OF ITS INTENTION TO RELY UPON OTHER CRIMES, WRONGS, ACTS AND MISCONDUCT EVIDENCE WITH INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Kenneth Keitt, by and through undersigned counsel, respectfully moves this Court for entry of an Order directing the government to give pre-trial notice of its intention to rely upon other crimes, wrongs, acts and misconduct evidence and sets forth as follows.

Upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any evidence of other crimes, wrongs, or acts it intends to introduce at trial. *See* Fed. R. Evid. 404(b). The right of the accused to be advised of Rule 404(b) evidence prior to trial arises from basic rights under the Fifth and Sixth Amendments. These include the right to notice of the nature and cause of the accusation, the right to prepare a defense, the right to confrontation of witnesses, the right to effective assistance of counsel, and the right to due process of law. These guarantees are frustrated if a defendant does not receive notice of Rule 404(b) evidence until it is offered against him at trial. *United States v. Baum*, 482 F.2d 1325 (2nd Cir. 1973).

"[R]ule 404(b) does not empower a district judge to excuse the government from

providing *any* notice that it intends to use bad acts as evidence." *United States v. Spinner*, 152 F.3d 950, 961 (1998). Indeed, "courts must not treat lightly the 'surprise' introduction of evidence that leaves a criminal defendant without opportunity to prepare an effective response." *United States v. Watson*, 409 F.3d 458, 465 (D.C. Cir. 2005). *See also United States v. Kelly*, 420 F.2d 26, 29 (2nd Cir. 1969)(notice of Rule 404(b) material is required so that a defendant is not subjected to a "trial by ambush"); *Riggs v. United States*, 280 F.2d 750, 753 (5th Cir. 1960)(nondisclosure of a transaction not included in the indictment but "saved to be used as a surprise knockout blow").

The government cannot fulfill its notice obligation by merely providing documents that contain potential Rule 404(b) evidence. In *Spinner*, the government emphasized on appeal that it provided the document containing the Rule 404(b) evidence in discovery. 152 F.3d at 961. The court of appeals summarily rejected this argument, stating that "providing such evidence to the defense in discovery is not enough to satisfy the notice requirements of Rule 404(b), which requires the government specifically to disclose the 'general nature of any such evidence it intends to introduce at trial.'" *Id.*

This Court, as well as Mr. Keitt, has a stake in pretrial disclosure of the government's intention to interject 404(b) evidence into the trial. Pre-trial notice of Rule 404(b) evidence will help prevent delay in the proceedings if questions of admissibility arise. "The court in its discretion may, under the facts, decide that the particular request or notice was not reasonable, either because of the lack of timeliness or completeness. Because the notice requirement serves as condition precedent to admissibility of 404(b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met." *See* Fed. R. Evid. 404(b), Advisory Committee Note, 1991 Amendment.

Mr. Keitt seeks disclosure sixty (60) days before trial. This proposal, we submit, provides for reasonable notice, and it is consistent with the practice of other district court judges in this jurisdiction. *See United States v. Cooper*, 91 F.Supp.2d 79, 82 (D.D.C. 2000)(Government agreed to provide notice of its intention to use Rule 404(b) evidence 30 days before trial.); *United States v. Watt*, 911 F.Supp. 538 (D.D.C. 1995)(Government ordered to provide Rule 404(b) notice 45 days before trial.); *United States v. Weinberger*, 1992 WL 294877 (D.D.C. 1992)(Government ordered to provide notice of its intent to use Rule 404(b) evidence <u>more than 60 days</u> before trial.).

WHEREFORE, for the reasons set forth above, Mr. Keitt's Motion for Notice by the Government of its Intention to Rely Upon Other Crimes, Wrongs, Acts and Misconduct Evidence should be granted.

Respectfully submitted,

_________/s/______________
STEVEN J. McCOOL
D.C. Bar No. 429369
MALLON & McCOOL, LLC
1776 K Street, NW Ste 200
Washington, DC 20006

Counsel for Kenneth Keitt

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of November 2007, the foregoing Motion for Notice by the Government of its Intention to Rely Upon Other Crimes, Wrongs, Acts and Misconduct Evidence, Incorporated Memorandum of Points and Authorities and attached proposed Order were served by electronic filing upon:

John Terzaken
Mark Pletcher
U.S. Department of Justice
Antitrust Division
1401 H Street, N.W., Suite 3700
Washington, D.C. 20530

___________/s/_____________
STEVEN J. McCOOL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 07-041 (RJL)** |
| | ) | |
| **KENNETH KEITT** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Upon consideration of Defendant Keitt's Motion for Notice by the Government of its Intention to Rely Upon Other Crimes, Wrongs, Acts and Misconduct Evidence, the memorandum of points and authorities in support thereof, the government's response thereto, and the entire record in this matter, it is this ___ day of November 2007, hereby

ORDERED, that Defendant Keitt's motion is granted; and it is further

ORDERED, that the government shall provide notice of its intent to use evidence of other crimes, wrongs, acts and misconduct 60 days before trial.

______________________________________
THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT JUDGE