**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| v. | ) | **Criminal No. 07-041 (RJL)** |
| | ) | |
| | ) | |
| **KENNETH KEITT** | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT KENNETH KEITT'S MOTION TO PRESERVE NOTES, MEMORANDA AND/OR REPORTS AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendant Kenneth Keitt, by and through undersigned counsel, respectfully moves this Court for an Order compelling all government attorneys, paralegals, law enforcement agents, (federal, state, and local) and all government witnesses involved in this matter to retain and preserve all of their notes and/or memoranda and reports, whether handwritten, typed, or electronically recorded, in connection with their investigation, acts, conduct and/or testimony in the above-captioned cause and specifically including, but not limited to:

 1. Any notes, memoranda, or reports of any interview by a government agent (whether federal, state, or local) with any government witness, potential witness or other individual.

 2. Any notes, memoranda, or reports of any interview by a government attorney, paralegal or employee with any government witness, potential witness or other individual.

 3. Any surveillance notes, memoranda, or reports made by any government agent (whether federal, state, or local).

 4. Notes made during the examination of any physical or documentary evidence, or crime scenes, or review of electronic surveillance tapes or recordings.

The Jencks Act, 18 U.S.C. § 3500, provides that after a government witness has testified on direct examination the defendant is entitled, on motion, to examine and use any "statement" of the witness that relates "to the subject matter of the testimony of the witness. . . ." The statute defines "statement" as "a written statement made by said witness and signed or otherwise adopted or approved by him . . . ." *See* 18 U.S.C. § 3500(e).

The government's duty to produce statements under the Jencks Act "operates as a duty to preserve the statements before the case goes to trial, at least if the statements consist of the officer's rough notes of an interview." *United States v. Thomas,* 97 F.3d 1499, 1501 (D.C. Cir. 1996); *see also Harris v. United States,* 543 F.2d 1247, 1253 (9th Cir. 1976)(holding that government must preserve agents' original notes because they may be discoverable under the Jencks Act or other applicable law). A prosecutor's notes of an interview with a government witness may be subject to production under the Jencks Act. *See Goldberg v. United States,* 425 U.S. 94, 98 (1976).

It is not the function of the trial judge to speculate as to the usefulness of the reports to the defendant, rather it primary function is to inspect these materials to determine if they should be produced to the defendant. *United States v. Bell*, 457 F.2d 1231, 1235 (5th Cir. 1972); *see also United States v. Fowler,* 608 F.2d 2, 5-6 (D.C. Cir. 1979). The Jencks Act specifically provides for such a procedure:

> If the United States claims that any statement ordered to be produced under this section contains matter which does not relate to the subject matter of the testimony of the witness, the court shall order the United States to deliver such statement for the inspection of the court in camera. Upon such delivery the court shall excise the portions of such statement which do not relate to the subject matter of the testimony of the witness. With such material excised, the court shall then direct delivery of such statement to the defendant for his use. If, pursuant to such procedure, any portion of such statement is withheld from the defendant and the defendant objects to such withholding, and the trial is continued to an

adjudication of the guilt of the defendant, the entire text of such statement shall be preserved by the United States and, in the event the defendant appeals, shall be made available to the appellate court for the purpose of determining the correctness of the ruling of the trial judge. Whenever any statement is delivered to a defendant pursuant to this section, the court in its discretion, upon application of said defendant, may recess proceedings in the trial for such time as it may determine to be reasonably required for the examination of such statement by said defendant and his preparation for its use in the trial.

18 U.S.C. § 3500(c).  If the government fails to fulfill its obligations under the Jencks Act, the Court has the discretion to strike the witness' testimony.  18 U.S.C. § 3500(d).

WHEREFORE, for the reasons presented herein, Mr. Keitt moves this Court to require the government to preserve the items identified in this motion and any other materials related to this case.

Respectfully submitted,

_____/s/_____
STEVEN J. McCOOL, Esquire
D.C. Bar No. 429369
MALLON & McCOOL, LLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
(202) 393-7088

Counsel for Kenneth Keitt

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd of November 2007, the foregoing Motion for to Preserve Rough Notes, the incorporated Memorandum of Points and Authorities and attached proposed Order were served by electronic filing upon:

John Terzaken
Mark Pletcher
U.S. Department of Justice
Antitrust Division
1401 H Street, N.W., Suite 3700
Washington, D.C.  20530

_____/s/_____
STEVEN J. McCOOL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| **v.** ) | **Criminal No. 07-041 (RJL)** |
| ) | |
| ) | |
| **KENNETH KEITT** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Upon consideration of Defendant Keitt's Motion to Preserve Notes, Memoranda and Reports, the memorandum in support thereof, the government's response thereto, and the entire record in this matter, it is this _____ day of November 2007, hereby

**ORDERED**, that Defendant Keitt's motion is granted.

_____
THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT JUDGE