## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 07-041 (RJL)** |
| | ) | |
| | ) | |
| **KENNETH KEITT** | ) | |
| | ) | |
| **Defendant.** | ) | |

### DEFENDANT'S MOTION TO DISMISS THE INDICTMENT ON THE BASIS OF SELECTIVE PROSECUTION OR, ALTERNATIVELY, FOR DISCOVERY TO DEMONSTRATE SELECTIVE PROSECUTION WITH INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES

Kenneth Keitt, by and through undersigned counsel, and pursuant to Rules 12(b)(2) and 12(b)(3)(B) of the Federal Rules of Criminal Procedure, respectfully moves this Court to dismiss the Indictment on the basis of selective prosecution or, in the alternative, to allow discovery on the issue of selective prosecution. In support of this motion, Mr. Keitt submits the following.

### I. Background

Following a protracted investigation and prosecution by the government of Wilhelm DerMinassian, a former District of Columbia government employee, Mr. Keitt was charged by a Grand Jury on February 23, 2007 with a single violation of 18 U.S.C. § 201(c)(1)(A). Mr. Keitt, who is African-American, was the only other individual charged as a result of this investigation. The following similarly situated non-African-Americans were not prosecuted.

1. **Walter Dunn**: Walter Dunn's company, Dunn Engineering Associates, PC, sought and received contracts from the District of Columbia. In late September, 2001, Mr. DerMinassian directed Bill McGuirk, Chief of the Traffic Signal System Division for the District of Columbia Traffic Services

Administration ("TSA"), to solicit $4,000 from Mr. Dunn. Mr. Dunn mailed the cash to one of his associates, who then delivered it to Mr. McGuirk. Mr. Dunn has admitted he provided the money to curry favor with TSA. No entity or individual has been prosecuted for this conduct. In October, 2001 Mr. McGuirk solicited Mr. Dunn to buy a meal for District of Columbia employees. Mr. Dunn agreed and directed his employee to pay for this meal, at a cost of approximately $267.00. No entity or individual has been prosecuted for this conduct. Upon information and belief, Walter Dunn is Caucasian.

2. **Bill McGuirk**:   Mr. McGuirk's conduct is described above.   Upon information and belief, Mr. McGuirk is Caucasian.

3. **Robert Reiss**:  In October, 2002, Mr. DerMinassian asked Robert Reiss, Walter Dunn's partner, to pay for a hotel bill, in the amount of approximately $1,350.00. Mr. Reiss admitted he provided this money to curry favor with the District of Columbia. Dunn Engineering Associates, PC, pled guilty to giving an illegal gratuity to Mr. DerMinassian in violation of 18 U.S.C. § 201 (c)(1)(A). For this conduct, however, neither Mr. Reiss, nor any of his partners, associates, employees or counterparts in the District of Columbia Traffic Services Administration ("TSA"), were prosecuted in this case. Upon information and belief, Mr. Reiss is Caucasian.

4. **Mike Houh**:  Mike Houh owns Precision Systems Inc. ("PSI"). PSI has sought and received contracts from the District of Columbia. In October, 2002, Mr. Houh gave Mr. DerMinassian approximately $12,000.00 in cash in

exchange for Mr. DerMinassian's influence in collecting money other contractors owed PSI. Mr. Houh has not been prosecuted for this conduct. Upon information and belief, Mr. Houh is Asian.

5. **Mike Travers**: On October 2, 2001 Mike Travers gave Mr. DerMinassian $2,500.00 in cash. On October 24, 2001 he gave Mr. DerMinassian $4,400.00 in cash. In the spring of 2002, he gave Mr. DerMinassian $300.00 in cash and bought him $100.00 worth of shirts. Mr. Travers' used his personal bank accounts or credit cards on all of these occasions. He was never prosecuted for this conduct. Upon information and belief, Mr. Travers is Caucasian.

## II. <u>Argument</u>

Over 100 years ago, in *Yick Wo v. Hopkins*, 118 U.S. 356 (1886), the Supreme Court held that the discriminatory application of a valid law to similarly situated persons is an unconstitutional denial of equal protection. *See United States v. Johnson*, 577 F.2d 1304, 1308 (5th Cir. 1978). "Selectivity is permitted only to foster needed flexibility, not to disguise unconstitutional arbitrariness." *Teague v. Alexander*, 662 F.2d 79, 85 (D.C. Cir. 1981) (Tamm, J., concurring). Otherwise, "selective prosecution then can become a weapon used to discipline political foe and the dissident" and "[t]he prosecutor's objective is then diverted from the public interest to the punishment of those harboring beliefs with which the administration in power may disagree." *United States v. Berrios*, 501 F.2d 1207, 1209 (1974).

"[A]lthough prosecutorial discretion is broad, it is not 'unfettered.' Selectivity in the enforcement of criminal laws is . . . subject to constitutional constraints." *Wayte v. United States*, 470 U.S. 598, 608 (1985)(quoting *United States v. Batchelder*, 442 U.S. 114, 125 (1979)(internal quotations omitted)). These constitutional constraints forbid a prosecutor from

basing the decision to prosecute on an "unjustifiable standard such as race, religion, or other arbitrary classification, including the exercise of protected statutory and constitutional rights." *Id.* (internal citations and quotations omitted); *see also United States v. Armstrong*, 517 U.S. 456, 464 (1996); *United States v. Marcum*, 16 F.3d 599, 602 (4th Cir. 1994)(citation omitted)("[T]he government may not chose to prosecute a person solely because of his race, religion, or the exercise of his constitutional rights.").

To establish discriminatory prosecution, it is necessary to show "that the . . . system had a discriminatory effect and that it was motivated by a discriminatory purpose." *Wayte*, 470 U.S. at 608. The discriminatory effect in a selective prosecution inquiry is judged by ordinary equal protection standards. *See Wayte*, 470 U.S. at 608. It is not necessary to show that no others who are similarly situated have been prosecuted, but rather that "others are generally not prosecuted for the same conduct." *United States v. Wilson*, 639 F.2d 500, 503 (9th Cir. 1981)(emphasis added). In order to make out a case of "selective prosecution," a defendant must show both that others who have committed the same acts have not been prosecuted and that the defendant's prosecution was predicated on a constitutionally impermissible motive. *See United States v. Gordon*, 817 F 2d 1538 (11th Cir. 1987) *vacated in part on other grounds*, 836 F. 2d 1312 (11th Cir. 1988).

A discriminatory effect which is severe enough can provide sufficient evidence of discriminatory purpose. *See Gomillion v. Lightfoot*, 364 U.S. 339, 341 (1960); *Yick Wo v. Hopkins, supra* at 374 (holding that discriminatory effect of statute's enforcement was so severe that no conclusion could be drawn but a hostility to the race and nationality of the petitioners).

The discriminatory effect in the instant case is clear. Mr. Keitt, an African-American, was the only person besides Mr. DerMinassian prosecuted in this case. Similarly situated non-

4

African-Americans were not prosecuted. Bill McGuirk solicited money at Mr. DerMinassian's request. Walter Dunn, Robert Reiss, Mike Houh, and Mike Travers all acknowledged that they complied with Mr. DerMinassian's requests for cash. In fact, Mr. Houh provided cash in a direct *quid pro quo* for official influence. Despite all this, none of these individuals were prosecuted.

The discriminatory intent in the instant case is present simply because, as discussed above, the discriminatory effect is so severe. Notwithstanding, the Government clearly is concerned about race, given its motion *in limine* to preclude nullification based on Mr. Keitt's "physical characteristics." *See* Motion in Limine to Preclude Evidence and Argument Aimed at Jury Nullification (Docket No. 21). Mr. Keitt has never communicated to the government his concerns about the government's charging decisions. By filing this motion *in limine,* the Government has demonstrated its belief that race is an issue in this case. It is fair, therefore, to infer that the Government believed race was an issue when it chose to prosecute Mr. Keitt. Finally, and again, a discriminatory effect that is severe enough can provide sufficient evidence of discriminatory intent. Mr. Keitt was the only person prosecuted in this case. Targeting the only African-American is alone a severe enough discriminatory effect to show discriminatory intent.

At a minimum, Mr. Keitt is entitled to discovery regarding his selective prosecution. *See United States v. Folkers*, 2007 U.S. Dist. Lexus 14724, 13 – 14(D. Kan. 2007)(discussing that defendant is entitled to discovery if he presents some evidence tending to show the essential elements of his selective prosecution claim).

In this case, the evidence shows that the federal prosecutorial policy had a discriminatory effect and was motivated by a discriminatory purpose. Mr. Keitt is entitled to discovery under these circumstances. If the Indictment is not dismissed, Mr. Keitt requests the following

discovery from the Government:

1)   Identify all cases where the Government chose NOT to move *in limine* to preclude a jury nullification argument based on the defendant's "physical characteristics";

2)   Produce any and all communications related to the decision not to prosecute: Walter Dunn, Robert Reiss, Bill McGuirk, Mike Houh, and/or Mike Travers;

3)   Produce any and all communications related to the decision to prosecute Mr. Keitt; and

4)   Produce any and all communications related to Mr. Keitt's race.

### III. <u>Conclusion</u>

WHEREFORE, Kenneth Keitt, respectfully requests that this case be dismissed due to impermissible selective prosecution, or alternatively, that he be allowed to engage in discovery to gain information to document such impermissible selective prosecution.

Respectfully submitted,


_____/s/_____
STEVEN J. McCOOL
D.C. Bar No. 429369
MALLON & McCOOL, LLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
(202) 393-7088

Counsel for Kenneth Keitt

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 2nd day of November 2007, the foregoing Motion to Dismiss on the Basis of Selective Prosecution or, Alternatively, Motion for Discovery to Demonstrate Selective Prosecution with Incorporated Memorandum of Points and Authorities and the attached Proposed Orders were served by electronic filing upon:

John Terzaken
Mark Pletcher
U.S. Department of Justice
Antitrust Division
1401 H Street, N.W., Suite 3700
Washington, D.C.  20530


_____/s/_____
STEVEN J. McCOOL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.  07-041 (RJL) |
| | ) | |
| KENNETH KEITT | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Upon consideration of Defendant Keitt's Motion to Dismiss the Indictment Motion to Dismiss on the Basis of Selective Prosecution or, Alternatively, Motion for Discovery to Demonstrate Selective Prosecution with Incorporated Memorandum of Points and Authorities the government's opposition thereto, and the entire record in this matter, it is this _____ day of November 2007, hereby

**ORDERED**, that Defendant Keitt's motion is granted, and it is hereby

**FURTHER ORDERED**, that the Indictment in the above-captioned case is hereby dismissed with prejudice.

_____
THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.  07-041 (RJL) |
| | ) | |
| KENNETH KEITT | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Upon consideration of Defendant Keitt's Motion to Dismiss the Indictment Motion to Dismiss on the Basis of Selective Prosecution or, Alternatively, Motion for Discovery to Demonstrate Selective Prosecution with Incorporated Memorandum of Points and Authorities the government's opposition thereto, and the entire record in this matter, it is this _____ day of November 2007, hereby

**ORDERED**, that Defendant Keitt's motion is granted, and it is hereby

**FURTHER ORDERED**, that the Government shall provide responses to the following discovery requests within 30 days of the date of this order:

1)   Identify all cases where the Government chose NOT to move *in limine* to preclude a jury nullification argument based on the defendant's "physical characteristics";

2)   Any and all communications related to the decision not to prosecute: Walter Dunn, Robert Reiss, Bill McGuirk, Mike Houh, and/or Mike Travers;

3)   Any and all communications related to the decision to prosecute Mr. Keitt; and

4)   Any and all communications related to Mr. Keitt's race.

_____
THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT COURT JUDGE