IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **Criminal No. 07-041 (RJL)** |
| **v.** ) | |
| ) | |
| **KENNETH KEITT,** ) | |
| ) | |
| **Defendant.** ) | |

**RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION TO
DISMISS INDICTMENT AS BARRED BY THE STATUTE OF LIMITATIONS**

Over one year ago, the United States and counsel for defendant Kenneth Keitt ("defendant") began discussing the one count gratuity charge currently pending. As counsel for defendant recognized at that time and has since, including in formal documents submitted to the United States and this Court, the pending charge relates to defendant's singular conduct in forgiving a $6900 debt owed by a D.C. public official. To prolong these early discussions with the United States about resolving the pending charge short of defendant's indictment, counsel for defendant proposed that the parties enter into a written agreement to toll the applicable statute of limitations. The parties entered into a such a Tolling Agreement on October 9, 2006.

Now, notwithstanding his agreement otherwise, defendant seeks to dismiss the charge against him as barred by the statute of limitations. *See* Defendant's Motion to Dismiss the Indictment as Barred by the Statue of Limitations (Document No. 24) (dated Nov. 2, 2007) ["SOL Motion"]. Defendant's bad faith effort to breach the Tolling Agreement he sought, drafted and executed should not be rewarded: His SOL Motion

should be denied.

I.   **STATEMENT OF FACTS**

On February 23, 2007, a Grand Jury empaneled in the District of Columbia charged defendant with one count of providing an illegal gratuity to the former Associate Director of the Traffic Services Administration ("TSA") of the District of Columbia Department of Transportation ("DC DOT"), Wilhelm DerMinassian, who is referred to in the Indictment as Person A, in violation of 18 U.S.C. § 201(c)(1).  The Indictment charged that from in October 2001 until in or about December 2001, defendant gave a $6900 gratuity to DerMinassian for or because of official acts performed or to be performed by DerMinassian related to the operational support contract held by defendant's company, DMJM + Harris, Inc.

Long before the Grand Jury's indictment of defendant, the United States met with counsel on numerous occasions to discuss the pending charge, including on October 5, 2006.  At the October 5 meeting, the parties discussed the United States' intention to indict defendant for one count of providing an illegal gratuity to DerMinassian.  Counsel was informed that the one-count gratuity charge would be predicated on defendant's conduct in forgiving a $6900 debt owed by DerMinassian.  Counsel was also informed that the United States intended to indict defendant for the proposed charge before expiration of the statute of limitations, which the government estimated would have, at the earliest, occurred after October 26, 2007.

In order to have additional time to discuss a resolution of the proposed charge short of indictment, including taking advantage of an opportunity to meet with the Deputy Assistant Attorney General for the Antitrust Division, counsel for defendant proposed that the parties enter into a tolling agreement. The United States agreed to defendant's proposal.

On October 9, 2006, the parties entered into a Tolling Agreement, the language of which was drafted by counsel for defendant. That agreement states, in pertinent part,

> As to any federal civil or criminal charge, violation, offense, claim or proceeding for which the statute of limitations would otherwise expire during the period October 9, 2006 through January 30, 2007 (a "Tolled Charge"), the running of the statute of limitations is hereby tolled through and including January 30, 2007. Accordingly, should any Tolled Charge be brought by the Antitrust Division, **Kenneth Keitt hereby waives and shall not assert as to any Tolled Charge in any manner the defense of statute of limitations**, the doctrines of waiver, laches, or estoppel, or any other matter constituting an avoidance of a Tolled Charge that is based on the failure to commence a Tolled Charge during the period October 9, 2006 through January 30, 2007.

SOL Motion at Ex. 2 (attaching Tolling Agreement). The Tolling Agreement was later modified by a letter agreement between the parties to extend the period of the Tolled Charge to up to and including February 28, 2007. *Id.* at Ex. 3 (attaching letter agreement).

As noted above, the Grand Jury returned its indictment of defendant on February 23, 2007, five days before expiration of the period covered by the Tolling Agreement.

Finally, prior to defendant's filing of the present SOL Motion, counsel for

defendant and the United States discussed the prospect of this Motion. At that time, the United States expressed shock and disappointment that defendant would seek to circumvent the good faith agreement the parties negotiated to toll the statute of limitations as to the pending charge. The United States asked defendant's present counsel to inquire with defendant's former counsel, who drafted and negotiated the Tolling Agreement, about the scope of the waiver executed by defendant before burdening the Court and United States with the present Motion. The United States understands that no such inquiry was ever made.

## II.    DISCUSSION

In his SOL Motion, defendant does not challenge the validity or enforceability of his Tolling Agreement with the United States.[1] In that Tolling Agreement, defendant explicitly waived his right to assert "the defense of statute of limitations" as to any criminal charge brought by the United States for which the statute of limitations would otherwise expire during the period October 9, 2006 through February 28, 2007. SOL Motion at Ex. 2 (attaching Tolling Agreement); *Id.* at Ex. 3 (attaching letter agreement extending Tolling Agreement).

Nor does defendant contest that his illegal conduct in forgiving a $6900 debt

---

[1] Defendant cannot challenge the validity or enforceability of the Tolling Agreement, an agreement drafted by his counsel. The D.C. Circuit has long recognized the validity of tolling agreements "where ... the defendant followed the advice of competent counsel and executed an express written waiver prior to the expiration of the statute of limitations." *United States v. Wild*, 551 F.2d 418, 419 (D.C. Cir. 1977); *accord United States v. Wilson*, 26 F.3d 142, 155 (D.C. Cir. 1994).

owed by the former Associate Director of the TSA of the DC DOT, Wilhelm DerMinassian, falls within the period covered by the Tolling Agreement.  Defendant admits that an illegal gratuity offense is consummated when the thing of value is given "to a public official with the requisite intent to influence official action." *Id.* at 3 (citing *Hare v. United States*, 618 F.2d 1085, 1086 (4th Cir. 1980)).  He is also forced to admit that his conduct in forgiving DerMinassian's $6900 debt falls within the period covered by the Tolling Agreement because the record is clear that DerMinassian did not even incur the entire $6900 debt until sometime after October 26, 2001.  *Id.* at 2 (recognizing that "Mr. DerMinassian solicited and accepted a payment of $2,500 on October 2, 2001 and another payment of $4,400 on October 26, 2001.").

Because he cannot directly challenge the Tolling Agreement or that his conduct in forgiving DerMinassian's debt falls within the period covered by that Agreement, defendant seeks to circumvent the Tolling Agreement all together by feigning confusion about the pending charge.  Rather than acknowledging that the pending charge relates to his conduct in <u>forgiving a $6900 debt owed by DerMinassian</u>, defendant instead pleads ignorance and suggests that he is being charged for <u>making the two separate payments to DerMinassian</u> which resulted in the $6900 debt owed by DerMinassian and ultimately forgiven by defendant.  *See* SOL Motion at 4-5.  He relies on this misreading of the pending charge to argue for dismissal on grounds that one of the individual loan payments made to DerMinassion, a $2500 cash payment made on October 2, 2001,

occurred before the period covered by the Tolling Agreement.  *See id.* at 5.  He also accuses the United States of "draft[ing] the Indictment as it did to avoid the statute of limitations bar."  *Id.*

Defendant mischaracterizes the pending charge and falsely accuses the United States of acting in bad faith.[2]  As an initial matter, the Tolling Agreement was expressly executed by the parties to toll the statute of limitations applicable to the pending charge against defendant for forgiving DerMinassian's $6900 debt.  This fact was discussed by the parties at their October 5, 2006 meeting and was taken into account by counsel for defendant in drafting the Tolling Agreement.

Further, defendant has acknowledged in formal documents submitted to the United States and this Court that he understands that the charge against him relates to his conduct in forgiving DerMinassian's $6900 debt.  After numerous meetings with the United States before the return of the Indictment, including the parties' October 5 meeting, defendant prepared substantial "white papers," attempting to persuade the United States to desist in its prosecution of defendant for the present charge.  In these white papers, dated January 2 and February 12, 2007, respectively, defendant lodged legal arguments and marshaled evidence in his defense against a one count gratuity

---

[2] It is worthy of note that, as explained above in the statement of facts, prior to the filing of the SOL Motion, the United States requested that present counsel for defendant inquire with defendant's former counsel about the scope of the Tolling Agreement.  The United States understands that its request was ignored.  The United States submits that had counsel made such an inquiry, the Court would not likely have been burdened with the present Motion.

charge for forgiving the debt owed by DerMinassian.  More recently, defendant was forced to admit in papers filed with this Court that he has long been on notice that the pending charge is about loan forgiveness.  *See* Defendant's Motion to Dismiss or, in the Alternative, for a Bill of Particulars (Document No. 10), at 3 n.3 (dated May 16, 2007) ("[T]he Government advised Mr. Keitt's former attorneys that this is a loan forgiveness case.").

On these facts, there is simply no question that defendant understands that the pending charge relates to his conduct in forgiving the $6900 debt of DerMinassian; that defendant understood the scope of the pending charge when he entered into the Tolling Agreement with the United States; and that defendant expressly waived his right to assert a statute of limitations defense as to the pending charge.  Accordingly, defendant's SOL Motion should be denied.

DATED this 21st day of November, 2007.

Respectfully submitted,

/s/
JOHN F. TERZAKEN III (D.C. Bar # 474025)
MARK W. PLETCHER
EMILY W. ALLEN
Trial Attorneys, Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 3700
Washington, D.C. 20530
Telephone: (202) 307-0719
Facsimile: (202) 514-6525
E-mail: john.terzaken@usdoj.gov /
mark.pletcher@usdoj.gov /
emily.allen@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of November 2007, the foregoing RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION TO DISMISS INDICTMENT AS BARRED BY THE STATUTE OF LIMITATIONS , was filed electronically and to the best of my knowledge, information and belief, counsel for defendant Kenneth Keitt will be notified through the Electronic Case Filing System.

                                              /s/
                                    JOHN F. TERZAKEN III
                                    D.C. Bar # 474015
                                    Trial Attorney, Antitrust Division
                                    U.S. Department of Justice
                                    1401 H Street, N.W., Suite 3700
                                    Washington, D.C.  20530
                                    Telephone:  (202) 307-0719
                                    Facsimile:   (202) 514-6525
                                    E-mail: john.terzaken@usdoj.gov