## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Criminal No. 07-041 (RJL)** |
| **v.** | ) | |
| | ) | |
| **KENNETH KEITT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### RESPONSE OF THE UNITED STATES TO DEFENDANT'S
### MOTION TO DISMISS INDICTMENT AS DUPLICITOUS

The Indictment charges defendant Kenneth Keitt ("defendant") with one crime – giving an illegal gratuity to a D.C. public official by forgiving a $6900 debt owed by that public official.  It does not, as misleadingly suggested by defendant, charge defendant with making the two loans to the public official that resulted in the $6900 debt ultimately forgiven by defendant.  The Indictment, therefore, is not duplicitous and defendant's Motion to Dismiss the Indictment as Duplicitous (Document No. 25) (dated Nov. 2, 2007) ("Duplicitous Motion") should be denied.  Moreover, any perceived confusion from the Indictment, however improbable, is cured by the United States' admission of the scope of the pending charge and can be further remedied by the Court, if necessary, with an appropriate jury instruction.

## I.     STATEMENT OF FACTS

On February 23, 2007, a Grand Jury empaneled in the District of Columbia charged defendant with one count of providing an illegal gratuity to the former Associate Director of the Traffic Services Administration ("TSA") of the District of Columbia

Department of Transportation ("DC DOT"), Wilhelm DerMinassian, who is referred to in the Indictment as Person A, in violation of 18 U.S.C. § 201(c)(1). The Indictment charged that from in October 2001 until in or about December 2001, defendant gave a $6900 gratuity to DerMinassian for or because of official acts performed or to be performed by DerMinassian related to the operational support contract held by defendant's company, DMJM + Harris, Inc.

In advance of the Grand Jury's indictment of defendant, the United States met with counsel for defendant on three different occasions between October 2006 and January 2007 to discuss the government's investigation, the proposed indictment, and the theory of and evidence supporting the proposed charge. Since those meetings, the United States' position in this case, as set forth in the Indictment, has remained unchanged.

On January 2 and February 12, 2007, as part of these pre-Indictment discussions, and in direct response to the theory and evidence highlighted by the United States, counsel for defendant submitted two substantial "white papers" hoping to persuade the United States not to seek an indictment of defendant. In these white papers – totaling twenty one, single-spaced pages – defendant marshaled facts and presented legal arguments against the proposed case.

Unswayed by defendant's arguments, the United States pursued an indictment of defendant. The Grand Jury returned its Indictment of defendant on February 23, 2007,

and defendant was arraigned by the Court on March 13, 2007.

Since then, the United States has had further discussions with counsel for defendant about the theory of the prosecution and evidence supporting the charge. On June 22, 2007, the United States also filed its Response to Defendant's Motion to Dismiss or, in the Alternative, for a Bill of Particulars (Document No. 13) (dated June 22, 2007), in which the United States again affirmed that the present charge relates to defendant's singular conduct in forgiving DerMinassian's $6900 debt.

## II.    DISCUSSION

An indictment is duplicitous when it improperly joins in a single count two or more distinct and separate offenses. *United States v. Shorter*, 809 F.2d 24, 58 n.1 (D.C. Cir. 1987). Duplicity is only a pleading rule and, thus, the operative question is whether the indictment can be read to charge only one violation in each count. C. Wright, 1A Federal Practice and Procedure: Criminal § 142 (3d ed. 1999). Moreover, "as is proper for pleading rules, duplicity ... [is] not fatal to an indictment. . . ." *Id.*; *see United States v. Quinn*, 401 F. Supp. 2d 80, 104 n. 24 (D.D.C. 2005).

The present Indictment charges, in pertinent part, that:

Defendant KEITT gave [DerMinassian] $6900 for or because of official acts performed or to be performed by [DerMinassian] relating to the operational support contract, including his favorable treatment in administering and overseeing the contract, his positive input regarding the annual renewal of the contract, his favorable exercise of discretion not to terminate the contract, and his consideration of DMJM's proposals, suggestions and solicitations for the provision of emergency traffic

services after September 11, 2001.

Indictment, ¶ 5. These allegations can be read to charge only one crime against defendant – providing an illegal gratuity in the amount of $6900 to the former Associate Director of the TSA of the DC DOT, Wilhelm DerMinassian, in violation of 18 U.S.C. § 201(c)(1).

In the face of this plain and concise statement of the pending charge, defendant argues that the Indictment is duplicitous. Relying on facts not pled in the Indictment, defendant claims that he is not being charged with a single act of forgiving a $6900 debt owed by DerMinassian, but instead, with making the two separate loan payments to DerMinassian that resulted in the $6900 debt ultimately owed by DerMinassian and forgiven by defendant. *See* Duplicitous Motion at 1-2. He then argues that the two separate loan payments should have been charged as separate gratuity offenses. *See id.*

Defendant's argument is predicated on a deliberate misreading of the pending charge. As he has acknowledged in documents filed with the United States and this Court, defendant has long been on notice that the charge against him relates to his unitary act of forgiving DerMinassian's $6900 debt, once that entire debt was incurred, and not for making the loans to DerMinassian. Indeed, in substantial "white papers" he submitted to the United States on January 2 and February 12, 2007, respectively, defendant lodged legal arguments and marshaled evidence in his defense against what he understood would be a one-count gratuity charge for forgiving the debt owed by

-4-

DerMinassian.  More recently, defendant was forced to admit in papers filed with the Court that he has long been on notice that the pending charge is about loan forgiveness. *See* Defendant's Motion to Dismiss or, in the Alternative, for a Bill of Particulars (Document No. 10), at 3 n.3 (dated May 16, 2007) ("[T]he Government advised Mr. Keitt's former attorneys that this is a loan forgiveness case.").[1]  As illustrated by these facts, the basis for defendant's Duplicity Motion – his feigned ignorance of the scope of the pending charge – is merely a subterfuge.

Read properly, the Indictment is not duplicitous.  Defendant's act of forgiving DerMinassian's $6900 debt, regardless of how DerMinassian incurred that debt, is, by itself, a separate and distinct offense under the gratuity statute.  *See United States v. Bucheit*, 134 Fed. Appx. 842 (6th Cir. 2005); *cf. United States v. Hare*, 618 F.2d 1085, 1087 (D.D.C. 1980) (discussing loan forebearance as a "thing of value").  As such, it is properly pled in one count.  *See generally* Fed. R. Crim. P. 7 & 8.

Even apart from the fact that the Indictment is properly pled, the potential "parade of horribles" typically associated with duplicitous indictments – including a defendant's inability to prevent against double jeopardy, a court's inability to properly sentence a

---

[1]    To the extent defendant was not already well aware of the scope of the pending charge, the United States again affirmed, in a filing with made with this Court nearly five months ago, that the pending charge related to defendant's conduct in forgiving DerMinassian's $6900 debt.  *See* Response of the United States to Defendant's Motion to Dismiss the Indictment or, in the Alternative, for a Bill of Particulars (Document No. 13) (dated June 22, 2007).

defendant, and the danger that a jury's verdict may not be unanimous[2] – do not exist

here.  First, the United States has confirmed on the record, here and in other pleadings,

that the pending charge relates specifically to defendant's conduct in forgiving the $6900

debt owed by DerMinassian.  Defendant, thus, has no plausible fear of double jeopardy

or that the Court will improperly sentence him, because he can rely upon the

government's admissions in support of a plea of double jeopardy in a future proceeding

or at his future sentencing before the Court.  *See, e.g., United States v. Shorter,* 608 F.

Supp. 871, 880, 880 n. 24 (D.D.C. 1985) (finding the defendant's fears of double

jeopardy unwarranted where government affirmed scope of the charges on the record),

*aff'd*, 809 F.2d 54 (D.C. Cir. 1987).

Further, contrary to the unsupported suggestion defendant includes in a footnote

to his Duplicity Motion, any perceived danger that the jury's verdict may not be

unanimous (a concern the United States submits is unwarranted) could be easily

remedied by the Court with an appropriate jury instruction.  The United States has little

doubt that if the Court believed there was a danger of the jury reaching a less than

unanimous verdict, the Court, in consultation with the parties, would fashion an

appropriate instruction to the jury about what they must agree upon to reach a

unanimous verdict.  Courts routinely fashion such instructions and have done so in cases

---

[2]    *See Shorter*, 809 F.2d at 58 n.1; *accord United States v. Bruce*, 89 F.3d 886, 890
(D.C. Cir. 1996).

involving far more complex facts than are at issue here. *See, e.g., United States v. Schlei*, 122 F.3d 944, 980 (11th Cir. 1997) (finding unanimity instruction to jury could have cured risk that jury improperly convicted defendant without unanimous agreement on which of multiple transactions formed basis for conviction); *Bruce*, 89 F.3d at 890 (holding that "the judge carefully instructed the jury that they must unanimously agree . . . thereby eliminating the possibility of a nonunanimous verdict."); *Shorter*, 809 F.2d at 56-58 (rejecting duplicity argument for dismissal and noting that trial court gave special unanimity instruction).

For all of these reasons, defendant's Duplicity Motion should be denied.

DATED this 21st day of November, 2007.

Respectfully submitted,


_____/s/_____
JOHN F. TERZAKEN III (D.C. Bar # 474025)
MARK W. PLETCHER
EMILY W. ALLEN
Trial Attorneys, Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 3700
Washington, D.C.  20530
Telephone: (202) 307-0719
Facsimile:   (202) 514-6525
E-mail:  john.terzaken@usdoj.gov /
         mark.pletcher@usdoj.gov /
         emily.allen@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of November 2007, the foregoing

RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION TO DISMISS

INDICTMENT AS DUPLICITOUS, was filed electronically and to the best of my

knowledge, information and belief, counsel for defendant Kenneth Keitt will be notified

through the Electronic Case Filing System.

_____/s/_____
JOHN F. TERZAKEN III
D.C. Bar # 474015
Trial Attorney, Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 3700
Washington, D.C.  20530
Telephone:  (202) 307-0719
Facsimile:   (202) 514-6525
E-mail: john.terzaken@usdoj.gov