IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Criminal No. 07-041 (RJL)** |
| v. | ) | |
| | ) | |
| **KENNETH KEITT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**RESPONSE OF THE UNITED STATES TO DEFENDANT'S
MOTION TO STRIKE SURPLUSAGE FROM THE INDICTMENT**

On February 23, 2007, a Grand Jury empaneled in the District of Columbia returned an indictment charging defendant Kenneth Keitt ("defendant") with one count of providing an illegal gratuity to the former Associate Director of the Traffic Services Administration of the District of Columbia Department of Transportation ("DC DOT"), Wilhelm DerMinassian, who is referred to in the Indictment as Person A, in violation of 18 U.S.C. § 201(c)(1). As required by Federal Rule of Criminal Procedure 7(c)(1), the Indictment is a "plain, concise and definite written statement of the essential facts constituting the offense charged." It does not contain allegations which are irrelevant to the charge or those which are inflammatory and prejudicial. Accordingly, the United States, by and through the undersigned attorneys, respectfully requests that the Court deny Defendant's Motion to Strike Surplusage from the Indictment (Document No. 26) (dated Nov. 2, 2007) ("Motion to Strike").[1]

---

[1] Defendant's Motion to Strike also appears on the Court's docket as document number 27. The United States understands from counsel for defendant that he inadvertently filed the Motion to Strike twice.

## DISCUSSION

Federal Rule of Criminal Procedure 7(d) permits a court to strike surplusage from a charging document. However, Rule 7(d) "has been strictly construed against striking surplusage" from indictments. *United States v. Jordan*, 626 F.2d 928, 931 n.1 (D.C. Cir. 1980); *see United States v. Rezaq*, 134 F.3d 1121, 1134 (D.C. Cir. 1998); *United States v. Oakar*, 111 F.3d 146, 157 (D.C. Cir. 1997). "Motions to strike surplusage from an indictment are highly disfavored in this Circuit," and, thus, a defendant "must overcome a most severe burden to move th[e] court to order language from the indictment stricken." *United States v. Watt*, 911 F. Supp. 538, 554 (D.D.C. 1995). Specifically, a court may grant a motion to strike surplusage only "if it is clear that the allegations are not relevant to the charge <u>and</u> are inflammatory and prejudicial." *Rezaq*, 134 F.3d at 1134 (emphasis added).[2] Both conjunctive elements are required, and defendant's Motion to Strike does not meet this exacting standard.

The United States is not precluded from including information in an indictment used "to place the defendant's actions in context and to establish the defendant's state of mind, intent and motives." *United States v. Trie*, 21 F. Supp. 2d 7, 19 (D.D.C. 1998) (quoting *United States v. Weinberger*, 1992 WL 294877, at *7 (D.D.C. Sept. 29,

---

[2] A majority of courts apply the same two-pronged standard. 1 Charles Alan Wright, Federal Practice and Procedure § 127; *see, e.g., United States v. Graves*, 5 F.3d 1546, 1550 (5th Cir. 1993); *United States v. Collins*, 920 F.2d 619, 631 (10th Cir. 1990); *United States v. Terrigno*, 838 F.2d 371, 373 (9th Cir. 1988); *United States v. Fahey*, 769 F.2d 829, 841-42 (1st Cir. 1985).

1992)); *Watt*, 911 F. Supp. at 554.  Thus, the United States may offer the surrounding circumstances that were relevant to the pending charge in developing proof of intent and motive.  *See, e.g., United States v. Hsia*, 24 F. Supp. 2d 14, 26 (D.D.C. 1997) (finding references providing context and motive for charges were relevant and not surplusage); *Trie*, 21 F. Supp. 2d at 10 (denying motion to strike allegations "relat[ing] to the motive for and context of the alleged scheme"); *Weinberger*, 1992 WL 294877, at *7 (permitting allegations establishing the defendant's state of mind, intent and motives); *United States v. Bucey*, 691 F. Supp. 1077, 1082 (N.D. Ill. 1988) (refusing to strike allegations that would help the jury understand the factors surrounding the crime at issue).

Here, defendant seeks to strike from the Indictment as surplusage three substantive statements relating to the contracts defendant sought to influence by giving the charged gratuity to DerMinassian:

> From paragraph 2, the passage "The value of the [operational support] contract was projected to be worth approximately $12.9 million over the life of the contract if the DC DOT exercised all four option years."
>
> From paragraph 4, the passage "[A]s Associate Director, [DerMinassian] was responsible for the provision of millions of dollars worth of emergency traffic services for the District of Columbia after the terrorist attacks of September 11, 2001."
>
> From paragraph 5, the phrase "after September 11, 2001" as it appears in the passage "his consideration of DMJM's proposals, suggestions and solicitations for the provision of emergency traffic services after September 11, 2001."

Motion to Strike at 1-2.  These passages are, however, relevant to the prosecution of the pending charge, as they are essential to understanding defendant's motivations, state of mind, and intent, as well as for providing context for the charge.

To prove its gratuity charge against defendant, the United States must demonstrate that defendant knowingly gave DerMinassian a thing of value for or because of an official act performed or to be performed by DerMinassian in his capacity as a D.C. public official.  18 U.S.C. § 201(c)(1)(A).  The United States intends to make this showing by proving, among other evidence, facts demonstrating that when he gave DerMinassian the illegal gratuity, defendant had two critical pieces of business pending before DerMinassian and the DC DOT – the operational support contract and his solicitations for millions of dollars in emergency support services contracts following September 11.

These facts are relevant and admissible for at least two purposes.  Most importantly, the potential value and timing of these transactions – the aspects of the identified passages specifically targeted by defendant – are facts which are highly probative of defendant's motive and intent in committing the charged offense.  For example, at the time of the illegal gratuity, the operational support contract was only <u>potentially</u> worth up to approximately $12.9 million to defendant's company, provided the DC DOT did not terminate the contract, exercised discretion to spend the maximum under the contract, and decided to exercise all of the remaining option years.  Also, at

the same time he provided the illegal gratuity to DerMinassian, defendant was lobbying DerMinassian to award to his company as a sole source add-on to the existing operational support contract, millions of dollars worth of emergency support services work relating to upgrading the District of Columbia's ability to facilitate an evacuation of the city in the event of another terrorist attack or other catastrophic event, which was under consideration immediately following September 11. Unquestionably, these facts are relevant evidence as to the intent and motivation of defendant in giving the illegal gratuity to DerMinassian.

In addition to demonstrating defendant's motive and intent, these facts also provide context for the "official acts" defendant sought to influence by giving DerMinassian the illegal gratuity. Specifically, they help illustrate both the scope and significance of the "official acts."

That the potential value of the operational support contract and the timing of the post-September 11 solicitations are relevant to and admissible in the pending prosecution, ends the inquiry under Rule 7(d) and dooms defendant's argument to strike these facts. *Rezaq*, 134 F.3d at 1134. Indeed, "[i]f the evidence of a challenged allegation is admissible and relevant to a charge in the indictment, the wording should not be stricken even if it may be prejudicial." *Weinberger*, 1992 WL 294877, at *7; *accord Trie*, 21 F. Supp. 2d at 20; *see United States v. Thomas*, 875 F.2d 559, 562 n.2 (6th Cir. 1989) (holding that if "the language in the indictment is information which the

government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be").[3]

In direct contradiction to the present case, the courts in both cases relied upon by defendant found that the subject allegations were merely gratuitous and had no objective relevance to the underlying charges. *See United States v. Quinn*, 401 F. Supp. 2d 80, 98 (D.D.C. 2005) (striking gratuitous statements relating to Iran's support for terrorism because they were irrelevant to charged offenses); *United States v. Schwening*, 2006 WL 1559668, at *5 (D. Neb. June 5, 2006) (striking references to contract which was no longer in place at the time of the offense charged). Defendant's reliance on *Schwening* is further misplaced because that court applied a different and less stringent standard than applies here. In *Schwening*, rather than requiring that the allegations at issue be both relevant <u>and</u> prejudicial (as required in this Circuit, *see Rezaq*, 134 F.3d at 1134), the court only required the defendant to demonstrate that the allegations were either irrelevant <u>or</u> prejudicial. 2006 WL 1559668, at *5.

Along with the three targeted passages, defendant also seeks to strike from paragraph 5 of the Indictment the word "including," claiming that "it invites the jury to convict on matters outside the four corners of the indictment." Motion to Strike at 5.

---

[3] Where allegations are shown to be even remotely relevant to the charged offense, the proper course is to deny a motion to strike or reserve ruling on the motion until after the government has presented its proof at trial. *See, e.g., Weinberger*, 1992 WL 294877, at *7 (reserving ruling on portion of motion to strike to have an opportunity to see the evidence that the government would present at trial).

Defendant's argument is nonsensical. A plain reading of paragraph 5 illustrates that the term "including" is used in paragraph 5 merely as a word of clarification:

> . . . Defendant KEITT gave [DerMinassian] $6900 for or because of official acts performed or to be performed by [DerMinassian] relating to the operational support contract, including his favorable treatment in administering and overseeing the contract, his positive input regarding the annual renewal of the contract, his favorable exercise of discretion not to terminate the contract, and his consideration of DMJM's proposals, suggestions and solicitations for the provision of emergency traffic services after September 11, 2001.

As used, the word "including" identifies particular "official acts performed or to be performed by [DerMinassian] relating to the operational support contract," which defendant hoped to reward DerMinassian for or to influence by giving the DerMinassian the illegal gratuity.

In this regard, the cases cited by defendant as support for his argument to strike the word "including" are easily distinguishable, as they all involve courts striking phrases like "including but not limited to;" phrases which, on their face, express an enlargement of corresponding text. *See, e.g., United States v. Espy*, 989 F. Supp. 17, 35 (D.D.C.), *rev'd on other grounds*, 330 F.2d 299 (D.C. Cir. 1998) (striking "included, but were not limited to," "and others," "including but not limited to," and "in substance and among other things") (emphasis added); *United States v. Williams-Davis*, 1992 WL 46826, at *2 (D.D.C. 1992) (striking "including but not limited to") (emphasis added); *United States v. Whitehorn*, 710 F. Supp. 803, 819 (D.D.C.) (striking "among others," "but not limited to" and "in part") (emphasis added), *rev'd on other grounds*, United

*States v. Rosenberg*, 888 F.2d 1406 (D.C. Cir. 1989); *United States v. Hubbard*, 474 F. Supp. 64, 82 (D.D.C. 1979) (striking words "various," "including <u>but not limited to</u> the following," "among other things," "and related matters," "on a number of occasions," "at least," "other illegal and improper activities," "and elsewhere," and "besides the defendants") (emphasis added).  In fact, in one of the cases cited by defendant, *Whitehorn*, the court struck from the indictment the expansive phrase "but not limited to" in favor of leaving in its place the lone word "including," 710 F. Supp. at 819, just as charged here.

As established above, the Indictment does not contain language which is irrelevant and prejudicial and, therefore, defendant's Motion to Strike should be denied.

DATED this 21st day of November, 2007.

Respectfully submitted,

      /s/
JOHN F. TERZAKEN III (D.C. Bar # 474025)
MARK W. PLETCHER
EMILY W. ALLEN
Trial Attorneys, Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 3700
Washington, D.C.  20530
Telephone: (202) 307-0719
Facsimile:   (202) 514-6525
E-mail:  john.terzaken@usdoj.gov /
        mark.pletcher@usdoj.gov /
        emily.allen@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of November 2007, the foregoing RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION TO STRIKE SURPLUSAGE FROM THE INDICTMENT, was filed electronically and to the best of my knowledge, information and belief, counsel for defendant Kenneth Keitt will be notified through the Electronic Case Filing System.

                                               /s/
                                    JOHN F. TERZAKEN III
                                    D.C. Bar # 474015
                                    Trial Attorney, Antitrust Division
                                    U.S. Department of Justice
                                    1401 H Street, N.W., Suite 3700
                                    Washington, D.C.  20530
                                    Telephone:  (202) 307-0719
                                    Facsimile:   (202) 514-6525
                                    E-mail: john.terzaken@usdoj.gov