IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 07-041 (RJL) |
| v. ) | |
| ) | |
| KENNETH KEITT, ) | |
| ) | |
| Defendant. ) | |

RESPONSE OF THE UNITED STATES TO DEFENDANT'S
MOTION TO EXCLUDE TESTIMONY OFFERING
CONCLUSIONS OR SPECULATION REGARDING THE BELIEFS,
UNDERSTANDINGS, MOTIVATIONS, OR KNOWLEDGE OF OTHERS

In his Motion to Exclude Testimony Offering Conclusions or Speculation Regarding the Beliefs, Understandings, Motivations, or Knowledge of Others (Document No. 28) (dated Nov. 2, 2007) ("Motion to Exclude"), defendant Kenneth Keitt ("defendant") seeks to bar witness testimony about the motives and intent of others. In making this argument, however, defendant fails to identify which witnesses might testify in an objectionable way or cite specific testimony he fears will be impermissibly elicited. Moreover, defendant seeks to exclude admissible evidence and misapplies the law and Federal Rules of Evidence to the single hypothetical scenario he proffers to the Court. Accordingly, the United States respectfully submits that defendant's Motion to Exclude should be denied.

## DISCUSSION

Defendant's Motion to Exclude does not specify what particular testimony he seeks to exclude, and instead argues that all the "witness interviews and other materials"

provided by the United States in discovery suggest that the United States intends to offer objectionable testimony.  Motion to Exclude at 1.  This lack of specificity violates the requirements of Federal Rule of Evidence 103(a) and, on that basis alone, defendant's Motion to Exclude should be denied.  *See Evans v. Williams*, 238 F.R.D. 1, 2 (D.D.C. 2006) (refusing to exclude Reports that allegedly contained opinion testimony where the defendant "does not identify what portions of the Reports offend the[] rules").  "Rule 103(a)(1) of the Federal Rules of Evidence requires [a defendant] to state the specific ground of its objection . . . ."  *Id.*  But, as the D.C. courts have held, a defendant's objection on the ground that "some unspecified portion" of certain evidence "offends one of the Rules on opinion testimony hardly meets this requirement."  *Id.*  Defendant seeks to exclude testimony without offering any specific ground, rendering impossible an examined response by the United States and an informed decision by this Court.  *Cf. United States v. Thompson*, 279 F.3d 1043, 1048 (D.C. Cir. 2002) ("Because [the defendant] did not proffer his intended response or otherwise inform the court of the nature of the evidence sought to be adduced or, at a minimum, the purpose for which the evidence was being offered, we are substantially hindered in reaching the conclusion that the district court erred.").

   Even apart from his ability to state his objections with the proper specificity, defendant's arguments for precluding witness testimony about the motives and intent of others contravene established precedent and the Federal Rules of Evidence.  First, lay

witnesses are unassailably permitted to testify to their opinions and inferences, subject to certain explicit limitations. Fed. R. Evid. 701. A lay witness may testify about opinions or inferences that are "(a) rationally based on the perception of the witness" and "(b) helpful to . . . the determination of a fact in issue." The D.C. Circuit has held that "under Federal Rule of Evidence 701, an eyewitness may express an informed opinion that would help resolve a fact in issue, here, [the defendant]'s intent." *United States v. Valdez-Torres*, 108 F.3d 385, 388 (D.C. Cir. 1997) (citing *Virgin Islands v. Knight*, 989 F.2d 619, 629-30 (3d Cir. 1993) (holding that lay witness to shooting with "firsthand knowledge of the factual predicates that form the basis for the opinion" may express opinion whether shooting was intentional or accidental) and *United States v. Juvenile Male*, 864 F.2d 641, 647 (9th Cir.1988) (holding that victim may offer his opinion of assailant's intent)). In *Valdez-Torres*, a government witness testified, in a prosecution for assault, that the defendant hit him with his car. *Id.* at 386. Based on the witness's first-hand account of the incident, he concluded that the defendant intended to hit him and, consequently, to do him bodily harm. *Id.* at 388. The defendant challenged this testimony, but on appeal the court upheld its admission – noting that the witness's opinion helped to resolve the factual question of the defendant's intent. *Id.*; *see also Williams Enterprises, Inc. v. Sherman R. Smoot Co.*, 938 F.2d 230, 234 (D.C. Cir. 1991) (allowing lay witness's opinion regarding the cause of damages).

    Accordingly, here, defendant simply misunderstands the law by suggesting that a

witness could not testify, based on his or her own personal knowledge and perceptions, about Keitt's motive or intent in giving the illegal gratuity.[1]

Further, a lay witness may offer conclusions and opinions even when they "embrace[] an ultimate issue to be decided by the trier of fact." Fed. R. Ev. 704; *see also Williams*, 938 F.2d at 234 ("As long as [a witness] had personal knowledge of the facts, he was entitled to draw conclusions and inferences from those facts."). A witness's conclusion may go to the heart of a legal issue, as in *United States v. Miller*, where a witness testified that the defendant's actions "constituted bank fraud." 70 F.3d 1353, 1356 (D.C. Cir. 1995). In *Miller*, the court found the witness's testimony was permissible because it was offered to explain his motives and state of mind, and "was not given as [the witness]'s legal opinion." *Id.* at 1357.

Thus, even the sole hypothetical scenario defendant identifies in his Motion to Exclude – "whether it would be appropriate, ethical or legal for contractor [sic] to authorize payment or provide payment to a government official," *Id.* at 3 – would likely elicit permissible evidence important for the jury's analysis. If, for example, a government official were asked to testify to his state of mind in accepting payment from a contractor, his response that he knew that transaction was inappropriate, unethical, or

---

[1] Defendant argues that witness testimony regarding the motives and intent of others would violate Federal Rule of Evidence 602. Rule 602, which forbids a witness from testifying to matters outside of his personal knowledge, is inapplicable, as there has been no suggestion that any witness will so testify. As discussed above, it is well-settled that opinions regarding motives and intent of others are within a witness's personal knowledge, provided that the witness bases those opinions on his own perceptions. *See Valdez-Torres*, 108 F.3d at 388; Fed. R. Evid. 701.

illegal would help the jury determine his intent to commit a crime. In *Burkhart v. Washington Metro. Area Transit Auth.*, the D.C. Circuit approved of the framework created by the Sixth Circuit to distinguish between "inadmissible legal conclusions and admissible assistance to the trier of fact," a line which, the court pointed out, "is not always bright." 112 F.3d 1207, 1212 (D.C. Cir. 1997) (citing *Torres v. County of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985)). Impermissible testimony tracks the language of the statute and uses terms with specialized legal meaning more precise than lay understanding. *Id.* Thus, an expert witness may not testify that a plaintiff was "discriminated against because of her national origin," but may state that "national origin 'motivated' the hiring decision." *Torres* at 151. Defendant's example does not track the statutory language nor employ specialized legal terms, and, accordingly, testimony elicited by such questioning would be admissible: conclusions as to the appropriateness of payments to government officials will "'address the factual issue of . . . intent without implicating any legal terminology.'" *Burkhart*, 112 F.3d at 1212 (quoting *Torres*, 758 F.2d at 151).

The cases relied upon by defendant do not alter this conclusion. Defendant, for example, cites *Weston v. Washington Metro. Area Transit Auth.* to suggest that "legal principles are outside the witness's area of expertise."[2] 78 F.3d 682, 684 n.4 (D.C. Cir.

---

[2] The court's statement in *Weston* may have stemmed from concern that <u>expert</u> testimony carries undue weight with the jury. 78 F.3d at 684 n.4. In *Burkhart*, the court similarly noted "the danger in allowing experts to testify as to their understanding of the law." *Id.* at 1212.

1996). In *Weston*, an expert witness testified that he believed District of Columbia law required escalator gaps be no more than three-sixteenths of an inch on either side. *Id.* at 684. The court, however, never reached the admissibility of his statement. *Id.* at 684 & n.4. *Weston*, therefore, adds little to the analysis.

 Defendant also cites *Christiansen v. Nat'l Sav. & Trust Co.*, where the question before the court was not the admissibility of testimony at trial, but whether evidence submitted for summary judgment established a valid claim. 683 F.2d 520, 529 (D.C. Cir. 1982). The plaintiffs argued that the defendants owed them a fiduciary duty; they sought to prove that obligation by introducing a Board resolution declaring that the defendants "occupy a fiduciary relationship" to the plaintiffs. *Id.* The court noted that "[t]he existence of fiduciary duties in the context of this case is a legal conclusion[;]" it was the ultimate fact to be decided on summary judgment. *Id.* Nonetheless, the court considered the Board resolution in support of the plaintiffs' claim, ultimately deciding that the evidence was insufficient to "create fiduciary duties . . . where otherwise none are found to exist." *Id.* In sum, it appears, the evidence at issue in *Christiansen* was admissible but not dispositive.

 Similarly, in this case, witness testimony relating to the ethical or legal bounds of bribery or gift-giving should be admissible but not dispositive; the jury must be allowed to consider and weigh such testimony.

Finally, defendant cannot generally bar all testimony by witnesses about the motives and intent of others by arguing in the abstract that all such testimony might be unfairly prejudicial. Motion to Exclude at 2. Federal Rule of Evidence 403 requires a fact-specific balancing of competing interests and, thus, defendant's failure to point to a single example of the testimony he seeks to preclude makes any such analysis impossible. Because his arguments lack the requisite specificity and contravene well-established precedent, defendant's Motion to Exclude should be denied.

DATED this 21st day of November, 2007.

Respectfully submitted,

_____/s/_____
EMILY W. ALLEN
MARK W. PLETCHER
JOHN F. TERZAKEN III (D.C. Bar # 474025)
Trial Attorneys, Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 3700
Washington, D.C.  20530
Telephone:  (202) 307-0719
Facsimile:  (202) 514-6525
E-mail:  emily.allen@usdoj.gov
         mark.pletcher@usdoj.gov
         john.terzaken@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of November 2007, the foregoing **RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OFFERING CONCLUSIONS OR SPECULATION REGARDING THE BELIEFS, UNDERSTANDING, MOTIVATIONS, OR KNOWLEDGE OF OTHERS** was filed electronically and to the best of my knowledge, information and belief, counsel for Defendant Kenneth Keitt will be notified through the Electronic Case Filing System.

/s/
JOHN F. TERZAKEN III
D.C. Bar # 474015
Trial Attorney, Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 3700
Washington, D.C.  20530
Telephone:  (202) 307-0719
Facsimile:   (202) 514-6525
E-mail: john.terzaken@usdoj.gov