IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Criminal No. 07-041 (RJL)** |
| v. | ) | |
| | ) | |
| **KENNETH KEITT,** | ) | |
| | ) | |
| **Defendant** | ) | |

### RESPONSE OF THE UNITED STATES TO DEFENDANT KENNETH KEITT'S MOTION TO COMPEL EXCULPATORY INFORMATION

The United States, by and through undersigned counsel, hereby responds to Defendant Kenneth Keitt's ("defendant's") Motion To Compel Exculpatory Information (Document No. 29) (dated Nov. 2, 2007) ("Motion to Compel"). As such claims may only be assessed after conviction, defendant's Motion to Compel is not ripe. The United States, moreover, understands its ongoing obligations under *United States v. Brady*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *Kyles v. Whitley*, 514 U.S. 419, (1995), and their progeny, and in this case timely provided defendant with targeted open file discovery, as well as a letter disclosing possible additional impeachment material in its possession regarding an anticipated trial witness. By doing so, the United States believes it has fully met its obligations, and as required, will remain vigilant for additional information required to be produced to the defendant.

### DISCUSSION

Claims under *Brady*, like the defendant's current demands, may be assessed only on appeal after conviction. *United States v. Stein*, 2007 WL 465216, at *2 (S.D.N.Y.

Feb. 9, 2007). Indeed, the scope of the government's *Brady* and *Giglio* obligations are "ultimately defined retrospectively, by reference to the likely effect that the suppression of particular evidence had on the outcome of a trial." *United States v. Coppa*, 267 F.3d 139, 140 (2d Cir. 2001); *see United States v. Oruche*, 484 F.3d 590, 596 (D.C. Cir. 2007) ("The materiality of the evidence is measured by the effect it would have had on the result of the trial, the focus being on fairness.") Defendant's contrary attempt to compel the order of additional purported *Brady* material is, thus, not ripe for judicial consideration and should be summarily denied.

Notwithstanding that defendant's Motion to Compel is not presently justiciable, the United States has more than fully met its disclosure obligations in this case. Immediately afer Indictment, the United States produced to the defendant targeted open file discovery, and on March 27, 2007, the United States tendered to defendant a letter disclosing additional information potentially impeaching the credibility of Wilhelm DerMinassian, a probable government witness.[1] This letter alerted the defendant that DerMinassian made statements on September 19, 2006, after his conviction, which were potentially inconsistent with previous admissions. The content of these potential

---

[1] The targeted open file discovery in this case was not, as the defendant suggests, akin to forcing the defendant to find evidence in a haystack. At its own expense, the United States copied all grand jury transcripts, exhibits, and interview reports and provided them in separately labeled folders to the defendant, along with the relevant contractual documents. It also made available to the defendant for copying the remaining documents amassed in this investigation, even those without any obvious nexus to the defendant or the charged conduct. To supplement this focused and efficient production, the United States produced a letter disclosing the remaining exculpatory and impeachment material in its possession.

discrepancies, involving vehicle repair, is not exculpatory as to the defendant, and in fact, is irrelevant in substance to the current charges. Likely, this was not even information that if withheld entirely from defendant would have "put the whole case in such a different light as to undermine confidence in a subsequent guilty verdict," such that it was constitutionally required to be produced to the defendant.[2] *Kyles*, 514 U.S. at 435 (establishing standard to evaluate whether evidence was required to be produced to defendants). The United States, interpreting its obligations broadly, as it has with its targeted open file discovery, opted to disclose the statements, thereby resolving any doubt in favor of disclosure. *United States v. Safavian*, 233 F.R.D. 12, 15 (D.D.C. 2005). There is no doubt, however, that the additional information sought by defendant is not required to be produced pursuant to *Brady* or *Giglio*.

Despite defendant's contortions to the contrary, the disclosure of the substance of DerMinassian's September 2006 statements[3] did not evince any position of the United States. Defendant's demands that the United States explain its past, present, or future beliefs, thought processes, or legal conclusions fundamentally misapprehend the nature

---

[2] As defendant presumably misstates in his own Motion To Compel at 5: "[T]he information requested . . . fails within this or any other objective definition of *Brady* evidence."

[3] The United States properly produced to the defendant the substance of the exculpatory or impeachment information. The raw notes of the September 2006 meeting are not required to be produced under *Brady* or *Giglio* and as set forth in the Motion in Limine of the United States to Limit Impeachment of Witnesses Using Investigative Reports (Document No. 23) (dated Nov. 2, 2007), these notes are not statements of DerMinassian required under The Jencks Act.

of impeachment information and why the Constitution requires it be produced to a criminal defendant.  In this case, a potential witness may have said two different things at two different times, and the United States disclosed this potential discrepancy as it believed it was required to do.  That complete disclosure satisfied, and likely exceeded, the United States's obligation in that regard.

For the foregoing reasons, defendant's Motion to Compel should be denied.

DATED this 21st day of November, 2007.

Respectfully submitted,

_____/s/_____
MARK W. PLETCHER
JOHN F. TERZAKEN III (D.C. Bar # 474025)
EMILY W. ALLEN
Trial Attorneys, Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 3700
Washington, D.C.  20530
Telephone:  (202) 307-0719
Facsimile:   (202) 514-6525
E-mail:  mark.pletcher@usdoj.gov /
         john.terzaken@usdoj.gov /
         emily.allen@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of November 2007, the foregoing UNITED STATES RESPONSE TO DEFENDANT KENNETH KEITT'S MOTION TO COMPEL EXCULPATORY INFORMATION was filed electronically and to the best of my knowledge, information and belief, counsel for defendant Kenneth Keitt will be notified through the Electronic Case Filing System.

          /s/
JOHN F. TERZAKEN III
D.C. Bar # 474015
Trial Attorney, Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 3700
Washington, D.C.  20530
Telephone:  (202) 307-0719
Facsimile:   (202) 514-6525
E-mail: john.terzaken@usdoj.gov