IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Criminal No. 07-041 (RJL) |
| v.  ) | |
| ) | |
| **KENNETH KEITT,** ) | |
| ) | |
| **Defendant.**  ) | |

**OMNIBUS RESPONSE OF THE UNITED STATES TO
DEFENDANT'S SIX GENERAL DISCOVERY MOTIONS**

The United States of America, by and through the undersigned Trial Attorneys for the Department of Justice, hereby respectfully submits this Omnibus Response of the United States to Defendant's Six General Discovery Motions. On November 2, 2007, defendant Kenneth Keitt ("defendant"), filed the following six general discovery motions:

- Defendant Kenneth Keitt's Motion for Disclosure of *Brady/Giglio* Information and Motion for Early Production of *Jencks* Material and Memorandum of Points and Authorities in Support Thereof (Document No. 30) (dated Nov. 2, 2007) ["Motion for *Brady* and *Jencks*"];

- Defendant Kenneth Keitt's Motion for Notice by the Government Pursuant to Rule 12 of Its Intention to Use Specific Evidence Arguably Subject to Suppression and Memorandum of Law in Support Thereof (Document No. 31) (dated Nov. 2, 2007) ["Motion for Notice of Evidence"];

- Kenneth Keitt's Motion for Notice by the Government of Its Intention to Rely Upon Other Crimes, Wrongs, Acts and Misconduct Evidence with Incorporated Memorandum of Points and Authorities (Document No. 32) (dated Nov. 2, 2007) ["Motion for Notice of 404(b)"];

- Defendant Keitt's Motion for Notice of Government's Intention to Invoke Residual Hearsay Exception Under Rule 807 and Incorporated Memorandum of Points and Authorities (Document No. 33) (dated Nov. 2, 2007) ["Motion for Notice of Residual Hearsay"];

- Defendant Kenneth Keitt's Motion to Exclude Witnesses Prior To and During the Trial of this Case and To Disclose All Instances Where Witnesses Were Interviewed Jointly and Incorporated Memorandum of Points and Authorities (Document No. 34) (dated Nov. 2, 2007) ["Motion for Sequestration"]; and

- Defendant Kenneth Keitt's Motion to Preserve Notes, Memoranda and/or Reports and Memorandum of Law in Support Thereof (Document No. 35) (dated Nov. 2, 2007) ["Motion for Preservation"].

Defendant filed these general discovery motions without first conferring with the United States as required by Local Rule of Criminal Procedure 16.1. Consequently, defendant has improperly shifted the burden to the Court to address routine issues of discovery, which the United States submits could have easily been resolved between the parties. Indeed, as illustrated below, defendant's motions are unnecessary because they either: (i) seek discovery of information of which he is already in possession; (ii) merely serve to put the United States on notice of the obvious requirements of federal law and the Federal Rules of Evidence and Criminal Procedure; or (iii) request procedural relief to which the United States raises no objection.

**I.    DEFENDANT'S MOTIONS DO NOT COMPLY WITH LOCAL RULES**

Defendant's six general discovery motions are not ripe for consideration because defendant failed to confer with the United States about resolving these discovery disputes in advance of filing the motions. Local Criminal Rule 16.1 of the Rules of the District Court for the District of Columbia states, in pertinent part:

> No discovery motion shall be heard unless it states that defense counsel has previously requested that the information sought from the attorney for

the United States and that such attorney has not complied with the request. No such statement appears in any one of defendant's six discovery motions. Defendant does not make any such statement because he cannot: Defendant never consulted with the United States about any of the present discovery demands and, instead, chose to prematurely burden the Court with these issues. Accordingly, pursuant to LcrR 16.1, defendant's discovery motions are not ripe for consideration and should be summarily denied.

## II.    EVEN APART FROM THEIR FATAL PROCEDURAL FLAW, DEFENDANT'S MOTIONS ARE UNNECESSARY AND UNJUSTIFIED

### A.    Defendant's Motion for *Brady* and *Jencks*[1] Is Moot

The United States understands its *Brady/Giglio* and *Jencks* obligations. Under *Brady*, *Giglio* and their progeny, the United States is obligated to produce to defendant material evidence that is either exculpatory or useful for impeachment. *Giglio v. United States*, 405 U.S. 150, 154 (1972); *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Under *Jencks* and its progeny, the United States is obligated to produce to defendant any "statements" – a term of art defined by Federal Rule of Criminal Procedure 26.2(f) – made by a witness after that witness has testified on direct examination. Fed. R. Crim. P. 26.2; 18 U.S.C. § 3500(e). Importantly, in advance of trial, it is in the judgment of

---

[1] Defendant Kenneth Keitt's Motion for Disclosure of *Brady*/*Giglio* Information and Motion for Early Production of *Jencks* Material and Memorandum of Points and Authorities in Support Thereof (Document No. 30) (dated Nov. 2, 2007) ["Motion for *Brady* and *Jencks*"].

the United States alone as to whether material constitutes *Brady/Giglio* or *Jencks* and thus requires production to defendant. *See* Fed. R. Crim. P. 26.2(a) (placing burden on party who called the witness to examine and produce statements of witness)*; Kyles v. Whitley*, 514 U.S. 419, 437 (1985) (explaining as to *Brady* material, that "the prosecution, which alone can know what it undisclosed, must be assigned the consequent responsibility to guage the likely net effect of all such evidence and make disclosure when the point of 'reasonable probability' is reached.").

    The United States met its *Brady/Giglio* and *Jencks* obligations in this case. Consistent with its obligations, the United States engaged in an exhaustive review of its files for exculpatory and useful impeachment evidence, as well as "statements" of any prospective government witnesses. This material, along with all of the other discovery to which defendant is entitled, was produced to defendant two weeks after defendant's arraignment, on March 27, 2007.

    Perhaps forgetting that he took possession of this material over seven months ago, defendant now files a motion seeking a broad discovery order, which would serve only to remind the United States of its *Brady/Giglio* and *Jencks* obligations and impose an arbitrary date for disclosure of *Jencks* material. Because the United States has already met its *Brady/Giglio* and *Jencks* obligations and understands the continuing nature of those obligations, defendant's Motion for *Brady* and *Jencks* is moot and should be denied.

## B. Defendant's Motion for Notice of Evidence[2] Is Unjustified

Without any advance request from defendant, on March 27, 2007, the United States produced and/or made available to defendant all of the discovery to which he is entitled pursuant to Federal Rules of Criminal Procedure 16 and 26.2, 18 U.S.C. § 3500, and *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Giglio*, 405 U.S. 150 (1972), and their progeny. This included production of copies of all of the grand jury transcripts, grand jury exhibits, interview memoranda, and electronic data, which the United States copied for defendant at its own expense. This also included the United States producing to defendant an "unofficial" index of all of the hard-copy and electronic documents available for review for the express purpose of assisting defendant in expediting his review of the materials. Importantly, in its letter accompanying this production, the United States put defendant on notice, consistent with Federal Rule of Criminal Procedure 12(b)(4), that it reserved the right to use any of the evidence produced and/or made available in its case-in-chief at trial.

Since that time, on September 27, 2007, the Court issued a Scheduling Order requiring the parties to exchange witness and exhibit lists by no later than January 4, 2008 (or forty-five days in advance of trial). *See* Scheduling Order (Document No. 21)

---

[2] Defendant Kenneth Keitt's Motion for Notice by the Government Pursuant to Rule 12 of Its Intention to Use Specific Evidence Arguably Subject to Suppression and Memorandum of Law in Support Thereof (Document No. 31) (dated Nov. 2, 2007) ["Motion for Notice of Evidence"].

(dated Sept. 27, 2007). As understood by the United States, the purpose of this advance exchange is to ensure that both parties identify with sufficient particularity the evidence they intend to rely upon at trial. Further, the United States understands that the Court's intention in having the parties exchange this information forty-five days in advance of trial is so that both parties have adequate time to make any appropriate motions to challenge the admissibility of the particular evidence and witnesses identified by the opposition and to further prepare and focus their respective cases for trial.

Apparently unsatisfied with the efforts by the Court[3] and United States to expedite discovery and provide defendant with adequate time to prepare his defense, defendant, in his Motion for Notice of Evidence, now seeks an additional order from the Court requiring the United States to identify in writing, in advance of trial any material which "the government presently or at any time contemplates or considers using in its evidence at trial." *Id.* at 1. In doing so, however, defendant fails to articulate a single reason why, in light of the United States' March 27 production and this Court's September 27 Scheduling Order, his demand is necessary or justified. He offers no explanation because there is none. Accordingly, defendant's Motion for Notice of Evidence should be denied.

---

[3] Defendant's dissatisfaction with the advanced date proscribed by the Court for exchanging exhibit and witness lists is highly curious given that the Court's Scheduling Order was the result of a joint motion by the parties. *See* Joint Motion for Scheduling Order (Document No. 16) (dated Sept. 13, 2007).

### C. Defendant's Motion for Preservation[4] Is Unnecessary

Contrary (and taking exception) to defendant's suggestion, the United States submits that the Court does not need to issue an order to remind the United States not to destroy notes, memoranda and reports relating to this matter. Accordingly, defendant's Motion for Preservation should be denied.

### D. With Reasonable Modifications to the Relief Requested, the United States Does Not Object to Defendant's Motion for Notice of 404(b)[5], Motion for Notice of Residual Hearsay[6], or Motion for Sequestration.[7]

As defendant would have learned had he properly conferred with the United States in advance of filing his Motion for Notice of 404(b), Motion for Notice of Residual Hearsay and Motion for Sequestration, the United States has no objection to the requested relief so long as such relief is modified to reflect the following modest changes:

---

[4] Defendant Kenneth Keitt's Motion to Preserve Notes, Memoranda and/or Reports and Memorandum of Law in Support Thereof (Document No. 35) (dated Nov. 2, 2007) ["Motion for Preservation"].

[5] Kenneth Keitt's Motion for Notice by the Government of Its Intention to Rely Upon Other Crimes, Wrongs, Acts and Misconduct Evidence with Incorporated Memorandum of Points and Authorities (Document No. 32) (dated Nov. 2, 2007) ["Motion for Notice of 404(b)"].

[6] Defendant Keitt's Motion for Notice of Government's Intention to Invoke Residual Hearsay Exception Under Rule 807 and Incorporated Memorandum of Points and Authorities (Document No. 33) (dated Nov. 2, 2007) ["Motion for Notice of Residual Hearsay"].

[7] Defendant Kenneth Keitt's Motion to Exclude Witnesses Prior To and During the Trial of this Case and To Disclose All Instances Where Witnesses Were Interviewed Jointly and Incorporated Memorandum of Points and Authorities (Document No. 34) (dated Nov. 2, 2007) ["Motion for Sequestration"].

(i)   With respect to defendant's Motion for Notice of 404(b), the United States requests that rather than the arbitrary sixty-day deadline proposed by defendant, the Court require that advance notice be given on January 4, 2008, which is the same date the Court has set for the parties to exchange exhibit and witness lists. *See* Scheduling Order (Document No. 21) (dated Sept. 27, 2007). This change would provide for notice forty-five days before trial. This timing is not only consistent with the existing Scheduling Order, but also, with the cases cited by defendant as demonstrating what, by local practice standards, constitutes "reasonable notice." Motion for Notice of 404(b) at 3 (collecting cases);

(ii)  With respect to defendant's Motion for Notice of Residual Hearsay, the United States requests that the Court apply its order to both parties. As represented by defendant, his request for advance notice of use of the residual hearsay exception is required by rule and law and, thus, he should have no objection to being held to the same standard; and

(iii) The United States requests two changes to the relief requested by defendant in his Motion for Sequestration. First, the United States requests that the Court apply its sequestration order to both parties because, again, defendant should have no objection to adhering to the same rules he seeks to enforce against the United States. Second, because the United States

represents here that it is not in possession of any information regarding instances where "government and/or civilian witnesses were interviewed jointly," *id.* at 1, defendant's request for information about any such instances is unnecessary and should be stricken from the requested relief. For the Court's convenience, the United States attaches hereto an omnibus proposed order addressing the relief requested by defendant in his Motion for Notice of 404(b), Motion for Notice of Residual Hearsay, and Motion for Sequestration, and incorporating the above-requested modifications of the United States.

DATED this 21st day of November, 2007.

Respectfully submitted,

/s/
JOHN F. TERZAKEN III (D.C. Bar # 474025)
MARK W. PLETCHER
EMILY W. ALLEN
Trial Attorneys, Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 3700
Washington, D.C. 20530
Telephone: (202) 307-0719
Facsimile: (202) 514-6525
E-mail: john.terzaken@usdoj.gov /
mark.pletcher@usdoj.gov /
emily.allen@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of November 2007, the foregoing OMNIBUS RESPONSE OF THE UNITED STATES TO DEFENDANT'S SIX GENERAL DISCOVERY MOTIONS, was filed electronically and to the best of my knowledge, information and belief, counsel for defendant Kenneth Keitt will be notified through the Electronic Case Filing System.

                                                /s/
                                    JOHN F. TERZAKEN III
                                    D.C. Bar # 474015
                                    Trial Attorney, Antitrust Division
                                    U.S. Department of Justice
                                    1401 H Street, N.W., Suite 3700
                                    Washington, D.C.  20530
                                    Telephone:  (202) 307-0719
                                    Facsimile:   (202) 514-6525
                                    E-mail: john.terzaken@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>v. )<br>)<br>**KENNETH KEITT,** )<br>)<br>**Defendant.** ) | **Criminal No. 07-041 (RJL)** |

### [PROPOSED] ORDER

Having duly considered defendant Kenneth Keitt's Motion for Notice by the Government of Its Intention to Rely Upon Other Crimes, Wrongs, Acts and Misconduct Evidence with Incorporated Memorandum of Points and Authorities (Document No. 32), Defendant Keitt's Motion for Notice of Government's Intention to Invoke Residual Hearsay Exception Under Rule 807 and Incorporated Memorandum of Points and Authorities (Document No. 33), Defendant Kenneth Keitt's Motion to Exclude Witnesses Prior To and During the Trial of this Case and To Disclose All Instances Where Witnesses Were Interviewed Jointly and Incorporated Memorandum of Points and Authorities (Document No. 34), and the response of the United States, it is hereby ORDERED that:

1. The United States will notify defendant Kenneth Keitt ("defendant") on or before January 4, 2008, of its intention to rely upon evidence of other crimes, wrongs, acts and misconduct evidence under Federal Rule of Evidence 404(b);

2. Both parties will provide reasonable, advance notice to the opponent before

seeking to admit testimony or other evidence under the residual hearsay exception of Federal Rule of Evidence 803; and

3. Pursuant to Federal Rule of Evidence 615, both parties' witnesses will be sequestered from the courtroom during trial.

Dated this ___ day of _____, 2007.

IT IS SO ORDERED

_____
THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT COURT JUDGE