# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **Criminal No. 07-041 (RJL)** |
| **v.** ) | |
| ) | |
| **KENNETH KEITT,** ) | |
| ) | |
| **Defendant.** ) | |

## REPLY IN SUPPORT OF UNITED STATES' MOTION LIMINE TO PRECLUDE EVIDENCE AND ARGUMENT AIMED AT JURY NULLIFICATION

In his Response[1] to the Motion In Limine of the United States to Preclude Evidence and Argument Aimed at Jury Nullification (Document No. 22) (dated November 2, 2007) ("Motion In Limine"), defendant Kenneth Keitt ("defendant") does not contest that he should be precluded from making arguments or offering evidence aimed at jury nullification, including evidence concerning:

1. The punishment that may be provided by law for a violation of 18 U.S.C. § 201(c) and the collateral consequences a conviction may have on defendant;

2. The physical and financial characteristics of defendant; and

3. The government's charging decisions in the investigation that gave rise to the Indictment in the above-captioned matter.

Response at 5-6.

---

[1] Defendant's Response to the Government's Motions *In Limine* to Limit Impeachment of Witnesses Using Investigative Reports and to Preclude Jury Nullification Arguments (Document No. 47) (dated Nov. 23, 2007) ("Response").

Instead, defendant seeks the lone clarification that although he may not use information concerning the government's charging decisions to argue for jury nullification, he may use such information to explore a witness's motivations or bias on cross-examination. *Id.* at 6. Defendant's confusion on this issue is puzzling given that the United States explicitly agreed that this latter use of information concerning its charging decisions was excepted from its Motion In Limine. Motion In Limine at 9 n. 1. To the extent defendant remains confused on this point, the United States affirms again here that its Motion In Limine is designed to preclude the use of information regarding its charging decisions as a basis for arguing for jury nullification – *e.g.*, introducing such evidence in order to compare the relative merits of the present prosecution to potential charges which could have been brought against DMJM or other unindicted DMJM officers or employees[2] – and not to preclude defendant from using such information, where relevant, to cross-examine a witness about motivations or bias.[3]

---

[2]  Defendant does not challenge the self-evident proposition that it would be improper for him to offer evidence of potential charges that could have been brought against an unindicted person for the purpose of criticizing the prosecutor's exercise of his discretion. Motion In Limine at 7-8 (citing *Walker v. Bonenberger*, 438 F.3d 884, 890 (8th Cir. 2006); *United States v. Young*, 20 F.3d 758, 765 (7th Cir. 1994); and *United States v. Mosky*, No. 89 CR 669, 1990 WL 70832, *1 (N.D. Ill. May 7, 1990)).

[3]  The United States reserves its right to object to the relevance of any information concerning charging decisions defendant may attempt to use during cross-examination to explore the bias or motivations of a particular witness, as well as to seek an appropriate jury instruction concerning information pertaining to charging decisions that is admitted solely on the issue of the bias or motivation of a witness.

Because defendant concedes that making arguments or offering evidence aimed at jury nullification would be improper and prejudicial, and his point of clarification regarding the appropriate use of information concerning the government's charging decisions has been addressed, the United States' Motion In Limine should be granted. Precluding evidence and arguments aimed at jury nullification will help ensure the impartiality of the verdict and, thus, this important ground rule should be established pre-trial and strictly enforced by the Court.

DATED this 3rd day of December, 2007.

Respectfully submitted,

_____/s/_____
JOHN F. TERZAKEN III (D.C. Bar # 474015)
MARK W. PLETCHER
EMILY W. ALLEN
Trial Attorneys, Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 3700
Washington, D.C.  20530
Telephone: (202) 307-0719
Facsimile:  (202) 514-6525
E-mail:  john.terzaken@usdoj.gov /
         mark.pletcher@usdoj.gov /
         emily.allen@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of December 2007, the foregoing REPLY IN SUPPORT OF UNITED STATES' MOTION LIMINE TO PRECLUDE EVIDENCE AND ARGUMENT AIMED AT JURY NULLIFICATION, was filed electronically and to the best of my knowledge, information and belief, counsel for defendant Kenneth Keitt will be notified through the Electronic Case Filing System.

                                                /s/
                                    JOHN F. TERZAKEN III
                                    D.C. Bar # 474015
                                    Trial Attorney, Antitrust Division
                                    U.S. Department of Justice
                                    1401 H Street, N.W., Suite 3700
                                    Washington, D.C.  20530
                                    Telephone:  (202) 307-0719
                                    Facsimile:   (202) 514-6525
                                    E-mail: john.terzaken@usdoj.gov