IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Criminal No. 07-041 (RJL)** |
| v. | ) | |
| | ) | |
| **KENNETH KEITT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPLY IN SUPPORT OF THE UNITED STATES'S MOTION TO LIMIT
IMPEACHMENT OF WITNESSES USING INVESTIGATIVE REPORTS**

The United States, by and through its undersigned counsel, submits this Reply in Support of its Motion To Limit Impeachment of Witnesses Using Investigative Reports.

As part of its open-file discovery, the United States has disclosed[1] numerous investigative reports concerning interviews that law enforcement agents conducted of persons the United States expects to call as witnesses in its case-in-chief. These investigative reports are not "statements" of the prosecution's prospective witnesses under Federal Rule of Criminal Procedure 26.2, nor "statements" covered by the Jencks Act, as they do not purport to be substantially verbatim transcripts or recitals of the witnesses' statements and they were not reviewed, adopted, subscribed or sworn to by the respective witnesses.  Fed. R. Crim. P. 26.2; *United States v. Oruche,* 484 F.3d 590,

---

[1] Defendant argues at length that four separate bases require the "prosecution to produce evidence for the defense." Response at 2-3 (emphasis added).  These arguments are misplaced.  The United States has already produced each of the investigative reports in question for background and context and preserved the rough notes as required. That the United States produced the reports, however, does not make them proper fodder for cross-examining witnesses who neither wrote nor ratified the substance of the reports.

598 (D.C. Cir. 2007) (holding notes taken by law enforcement not a witness's statement, unless comprising a "full transcription" thereof).

Apparently conceding the rectitude of the United States's general contention that cross-examining a witness with a prior inconsistent statement is only permissible using a statement uttered by the witness, defendant attacks the premise that these investigative reports are not statements of the witnesses under the Jencks Act. Response at 2. If defendant believes these reports contain a "full transcription" of a witness's statement, he should have submitted a pretrial motion identifying which portions are Jencks Act statements and moved the Court for an appropriate ruling.[2] *Oruche*, 484 F.3d at 598.

Run-of-the-mill investigative reports, including those in this case, are not Jencks Act statements, and defendant cites to no case to the contrary, nor does he attempt to distinguish the interview reports in this case from any of the reports held not to be witness statements in the cases cited by the United States in its Motion To Limit Impeachment. Absent a specific designation of a particular interview report as a "full transcription" of a witness's statement, defendant should be precluded from cross-examining the witness using a report he did not write, has not ratified, and likely has never seen.

---

[2] Defendant buries in footnote 3 of his Response that he believes the Court should make a determination at trial whether any investigative report of particular statement in an investigative report constitutes a "statement" of the witness. To obviate a process so impracticable, dilatory, and inimical to efficient case administration is the exact reason the United States moved in limine for a determination that the investigative reports in this case are not Jencks Act statements and thus cannot be used to impeach the unwitting witnesses.

For the foregoing reasons, the United States Motion To Limit Impeachment of Witnesses Using Investigative Reports should be granted.

DATED this 3rd day of December, 2007.

                                               Respectfully submitted,

                                               _____/s/_____
                                               JOHN F. TERZAKEN III (D.C. Bar # 474015)
                                             MARK W. PLETCHER
                                             EMILY W. ALLEN
                                             Trial Attorneys, Antitrust Division
                                             U.S. Department of Justice
                                             1401 H Street, N.W., Suite 3700
                                             Washington, D.C.  20530
                                             Telephone: (202) 307-0719
                                             Facsimile:   (202) 514-6525
                                             E-mail:  john.terzaken@usdoj.gov /
                                                        mark.pletcher@usdoj.gov /
                                                        emily.allen@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 3rd day of December 2007, the foregoing **REPLY IN SUPPORT OF THE UNITED STATES'S MOTION TO LIMIT IMPEACHMENT OF WITNESSES USING INVESTIGATIVE REPORTS** was filed electronically and to the best of my knowledge, information and belief, counsel for defendant Kenneth Keitt will be notified through the Electronic Case Filing System.

                                                /s/
                                     JOHN F. TERZAKEN III
                                     D.C. Bar # 474015
                                     Trial Attorney, Antitrust Division
                                     U.S. Department of Justice
                                     1401 H Street, N.W., Suite 3700
                                     Washington, D.C.  20530
                                     Telephone:  (202) 307-0719
                                     Facsimile:   (202) 514-6525
                                     E-mail: john.terzaken@usdoj.gov