IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.  07-041 (RJL) |
| | ) | |
| KENNETH KEITT | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO
HIS MOTION TO EXCLUDE TESTIMONY OFFERING CONCLUSIONS
OR SPECULATION REGARDING THE BELIEFS, UNDERSTANDINGS,
MOTIVATIONS OR KNOWLEDGE OF OTHERS**

Defendant Kenneth Keitt, by and through his undersigned counsel, respectfully submits the following reply to the government's response to his motion to exclude testimony offering conclusions or speculation regarding the beliefs, understandings, motivations or knowledge of others.

The government has now admitted its intention to elicit from its lay witnesses their opinions whether it is illegal, unethical or inappropriate for a government official to accept a payment from a contractor.  Document No. 43, at 4-5.  The government expects to use this testimony to show Mr. Keitt's alleged criminal intent.  *Id.* at 5.  The admission of any such testimony would be error.

Such questioning is inappropriate, especially with respect to Wilhelm DerMinassian and any DMJM employees.  Mr. DerMinassian cannot be permitted to speculate what was in Michael Travers' or Ken Keitt's mind when he (DerMinassian) allegedly and solicited and accepted money from Mr. Travers.  Moreover, Mr. DerMinassian's intent is irrelevant and cannot be imputed to Mr. Keitt or anyone else.  Finally, allowing DMJM employees to testify whether it is appropriate for a contractor to give money to a government official is also impermissible.

1

The government cannot seek to invade the province of the jury by having its witnesses speculate and offer its legal opinion about Mr. Keitt's state of mind.  *See* Fed. R. Evid. 701 (limiting a lay witness's opinion testimony to opinions "rationally based on the perception of the witness"); *Coles v. Perry*, 217 F.R.D. 1, 8 (D.D.C. 2003) ("While Love might be able to testify as to what she saw and heard, her divination of why Dutton acted crosses the line from a legitimate opinion based on a perception to a speculation as to a witness's motives.  It is the difference between a witness testifying that a man was drunk and that a man was drunk because he was drowning his sorrows ever since his wife left him."); *United States v. Henke,* 222 F.3d 633, 639 (9th Cir. 2000)(in trial for false statements to SEC, trial court erred in admitting lay opinion that defendants had knowledge of reporting scheme, critical to government's case); *United States v. Ruppel*, 666 F.2d 261, 270 (5th Cir. 1982) ("The admission of opinion testimony about a defendant's state of mind is highly prejudicial and must be avoided."); *Nevada Power Co. v. Monsanto Co.,* 891 F.Supp. 1406, 1415 (D. Nev. 1995)("speculative testimony about how another might have acted without personal knowledge is not admissible as evidence")

The cases relied upon by the government are easily distinguishable.  In *United States v. Valdez-Torres,* 108 F.3d 385, 388 (D.C. Cir. 1997), at a sentencing hearing, the probation officer was permitted to rely on the victim's statement that defendant intended to drive towards the agent, because the victim had "firsthand knowledge" of the events.  Here, the government's witness cannot testify about Mr. Keitt's state of mind, unless they have personal knowledge on this issue.  In *United Sates v. Miller,* 70 F.3d 1353, 1356 (D.C. Cir. 1995), a bank security officer was not permitted to offer a legal opinion.  Rather, the security officer was only permitted to testify that the defendant's actions amounted to bank fraud to explain why the bank conducted an investigation and credited the victim's account.  *Id.*   The *Miller* decision does not stand for the

2

proposition that the government can have a witness offer a legal opinion about a defendant's state of mind or whether his actions amounted to a criminal offense.

18 U.S.C. § 201(c)(1)(A) prohibits giving "anything of value" to a public official "for or because of any official act performed or to be performed by such public official." It is up to the jury to decide: (1) whether anything of value was given, (2) if so, whether the recipient was a public official, and (3) whether any payments were given for or because of an official act. The government cannot convict Mr. Keitt because a witness believes it is inappropriate or against some corporate policy for a contractor to give money to a government official. Therefore, it would be improper to inject this sort of evidence into the trial of this case.

For the reasons given in this reply and those given in the memorandum in support of defendant's motion his motion to exclude testimony offering conclusions or speculation regarding the beliefs, understandings, motivations or knowledge of others, Mr. Keitt respectfully requests that the Court deny the admission of any such testimony.

            Respectfully submitted,

            _____/s/_____
            STEVEN J. McCOOL
            D.C. Bar No. 429369
            MALLON & McCOOL, LLC
            1776 K Street, N.W., Suite 200
            Washington, D.C. 20006
            (202) 393-7088

            Counsel for Kenneth Keitt

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of December 2007, Defendant's Reply to the Government's Response to His Motion to Exclude Testimony Offering Conclusions or Speculation Regarding the Beliefs, Understandings, Motivations or Knowledge of Others was served by electronic filing upon:

John Terzaken
Mark Pletcher
U.S. Department of Justice
Antitrust Division
1401 H Street, N.W., Suite 3700
Washington, D.C.  20530

_____/s/_____
Steven J. McCool