IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.  07-041 (RJL) |
| | ) | |
| KENNETH KEITT | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE
TO HIS MOTION TO STRIKE SURPLUSAGE FROM THE INDICTMENT**

Defendant Kenneth Keitt, by and through his undersigned counsel, respectfully submits the following reply to the Government's Response to his Motion to Strike Surplusage from the Indictment.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides in relevant part that, "the Indictment…must be a plain, concise and definite written statement of the essential facts constituting the offense charged."  The Government correctly notes that a motion to strike surplusage should be granted only if it is clear that the allegations contained therein are "not relevant to the charge and are inflammatory and prejudicial."  *United States v. Rezaq*, 134 F.3d 1121, 1134 (D.C. Cir.), *cert. denied*, 525 U.S. 834 (1998).  The surplusage in the Indictment here clearly falls within that standard and must be stricken.

The Government attempts to save prejudicial and irrelevant information related to the value of the DC DOT contract by asserting that it provides context and an understanding of "defendant's motivations, state of mind, and intent." Document No. 42, at 2-4.  The Government cannot use irrelevant and prejudicial information to provide "context."  It has never alleged that Mr. Keitt secured the DC DOT contract by giving anything of value to a public official.  The value of the contract, therefore, is irrelevant.  Moreover, implying to the jury that the contract

1

was awarded to Mr. Keitt's company as a result of the alleged illegal gratuity, when it clearly was not, is highly prejudicial.

The Government argues that it is proper to include the entire value of the contract because the full value had not yet been received. *Id.* at 4-5. It contends that it is probative of Mr. Keitt's motivation and intent because it shows that he sought to influence Wilhelm DerMinassian in order to obtain future benefits under the contract. *Id.* at 5. This argument fails. Even if it is arguably relevant that there may have been future benefits available under the contract, it does not make the <u>entire</u> value of the contract properly includable in the Indictment. The Government is seeking to improperly suggest to the jury that the <u>entire</u> value of the contract was awarded as a result of the alleged improper gratuities.

If the Government felt that it was necessary to provide context by showing what <u>could</u> have been earned under the contract, it could have easily included the specific sums that were still available under the contract at the time of the alleged gratuity. Instead, it chose language which suggests that the entire contract was awarded as a result of the alleged illegal gratuity. This is improper and that language must be stricken.

The Government also includes references to September 11, 2001 in the Indictment. While it may be the case that references to September 11, 2001 are somehow properly presented to the jury at trial, these references are not properly included in the Indictment. Again, "the Indictment…must be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). It is certainly not an "essential fact" that the alleged gratuity took place near September 11, 2001.

The Government's attempt to distinguish the cases cited in support of striking the word "including" is unsuccessful. It attaches significance to the fact that the cited cases struck not

only the word "including," but also the words "but not limited to," and argues that the words "but not limited to" "express an enlargement of the corresponding text."[1] *Id.* at 7. This distinction is misplaced. The word "including" alone expresses an enlargement of the corresponding text. "Include" is defined as "to take in or comprise as <u>a part of a whole or group</u>." *See Merriam-Webster Online Dictionary,* 2007 (http://www.merriam-webster.com (Dec. 2007))(emphasis added). It is implicit in the very definition of the word "include" that there are other members of the group. If "including" remains in the Indictment, the jury will be free to infer improperly that there were other official acts, not listed in the Indictment, which were performed or to be performed as a result of the alleged gratuity.

For the reasons given in this reply and those given in the memorandum in support of defendant's motion to strike surplusage, Mr. Keitt respectfully requests that the Court strike the offending language from the Indictment.

Respectfully submitted,

_____/s/_____
DANIEL McNAMARA
D.C. Bar No. 494834
STEVEN J. McCOOL
D.C. Bar No. 429369
MALLON & McCOOL, LLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
(202) 393-7088

Counsel for Kenneth Keitt

---

[1] The Government cites *United States v. Whitehorn*, 710 F.Supp. 803, 819 (D.D.C.), *rev'd on other grounds, United Stated v. Rosenberg,* 888 F.2d 1406 (D.C. Cir. 1989) for the notion that the court struck "but not limited to" but kept "including." This has no significance. In that case the defendant never asked the court to strike the word "including."

3

4

**CERTIFICATE OF SERVICE**

     I hereby certify that on the 3rd day of December 2007, Defendant's Reply to the Government's Response to his Motion to Strike Surplusage from the Indictment, was served by electronic filing upon:

John Terzaken
Mark Pletcher
U.S. Department of Justice
Antitrust Division
1401 H Street, N.W., Suite 3700
Washington, D.C. 20530

                                                    _____/s/_____
                                                 STEVEN J. McCOOL