## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Criminal No.  07-041 (RJL)** |
| | ) | |
| **KENNETH KEITT** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

### DEFENDANT KENNETH KEITT'S REPLY TO THE GOVERNMENT'S
### OMNIBUS RESPONSE TO DEFENDANT'S SIX GENERAL DISCOVERY MOTIONS

Defendant Kenneth Keitt, by and through his undersigned counsel, respectfully submits the following reply to the government's omnibus response to his discovery motions.

### A.     *Brady/Giglio* **and Jencks.**

The prosecutors claim to understand its *Brady/Giglio* and Jencks Act obligations. Document No. 45, at 3.  Yet, in the same paragraph, the prosecutors claim that "in advance of trial, it is in the judgment of the United States alone as to whether material constitutes *Brady/Giglio*" evidence.  *Id.* at 3-4.  The Honorable Paul L. Friedman has recently made clear that this is not so; "[t]here simply is a need for the Justice Department to change the mindset of its trial prosecutors to assure that its approach to *Brady* is broad and open, 'consistent with the special role of the American prosecutor in the search for truth in criminal trials.'" *United States v. Safavian,* 233 F.R.D. 205, 207 (D.D.C. 2006)(citations omitted).  "The prosecutor cannot be permitted to look at the case pretrial through the end of the telescope an appellate court would use post-trial." *United States v. Safavian,* 233 F.R.D. 12, 16 (D.D.C. 2006).  Prosecutors must always provide "any potentially exculpatory or other favorable evidence without regard to how

1

the withholding of such evidence might be viewed - with the benefit of hindsight – as affecting the outcome of the trial." *Id.*

Mr. Keitt has consistently pointed out that the Government has disclosed a great deal of discovery in this case; however, it has not complied with its obligations under *Brady*.   It is clear that not all of the information requested in Defendant's Motion Disclosure of *Brady* Information has been produced.  For example, Mr. Keitt requested evidence related to any witness' past or present drug or alcohol abuse.  Document No. 30, at 4.  Wilhelm DerMinassian's memorandum in aid of sentencing references drug use. *See* Exhibit 1 (*Dermanassian Memorandum in Aid of Sentencing*), at 7-8.   The Government has disclosed no information related to Mr. DerMinassian's substance abuse problems.   Therefore, the prosecutors cannot accurately represent that it has "already" met its *Brady* obligations.  Document No. 45, at 4.

**B.    Request for Notice Under Rule 12(b)(4).**

The Government contends that it has already met its obligation under Federal Rule of Criminal Procedure 12(b)(4) through the discovery it has already provided.   Again, the Government has disclosed of a great deal of information.  This does not mean, however, that the relief sought is unwarranted.  While evidence arguably subject to suppression is likely found in the voluminous documents already disclosed, finding it is like searching for a needle in a haystack.  If the Government wishes to wait until exhibit lists are exchanged, Mr. Keitt will, if necessary, seek leave to file a motion to suppress at that time.

**C.    Motion to Preserve Notes, Memoranda and/or Reports.**

The Government recognizes its obligation to preserve this material, so it is unclear why it believes the motion should be denied.

2

**D.     Rule 404(b).**

Mr. Keitt has no objection to the Government's proposal that Rule 404(b) notice be given on January 4, 2008.

**E.     Residual Hearsay.**

Mr. Keitt will notify the Government if he intends to rely on the residual hearsay exception.

**F.     Rule 615.**

Mr. Keitt will comply with Rule 615.  Mr. Keitt accepts the Government's representation that no government and/or civilian witnesses were interviewed jointly, but still requests the relief sought as the disclosure obligation is continuing.

For the reasons given in this reply and those given in the memorandums in support of defendant's discovery motions, Mr. Keitt respectfully requests that the Court grant the relief requested in his discovery motions as modified above.

Respectfully submitted,


_____/s/_____
DANIEL T. McNAMARA
D.C. Bar No. 494834
STEVEN J. McCOOL
D.C. Bar No. 429369
MALLON & McCOOL, LLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
(202) 393-7088

Counsel for Kenneth Keitt

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of December 2007, the foregoing Defendant's Reply to the Government's Omnibus Response to his Discovery Motions was served by electronic filing upon:

John Terzaken
Mark Pletcher
U.S. Department of Justice
Antitrust Division
1401 H Street, N.W., Suite 3700
Washington, D.C.  20530


_____/s/_____
DANIEL T. McNAMARA

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Docket Number 1:05-cr-127** |
| | ) | **Hon. Rosemary M. Collyer** |
| | ? | **Sentencing September 30, 2005** |
| **WILHELM DERMINASSIAN,** | ? | |
| | ? | |
| **Defendant** | ) | |
| | ) | |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

The Defendant, Wilhelm Derminassian ("Derminassian"), by undersigned counsel, and in accordance with Rule 32 of the Federal Rules of Criminal Procedure, respectfully submits this Memorandum in Aid of Sentencing. The purpose of this Memorandum is to bring to the Court's attention a number of factors relevant to the determination of his appropriate sentence under the provisions of Title 18 United States Code § 3553(a) and the United States Sentencing Guidelines ("USSG" or "Guidelines"). This Memorandum sets forth our position on the relevant facts and the law, as well as Mr. Derminassian's cooperation with the United States, in order to aid this Court in determining an appropriate sentence for Mr. Derminassian.

### I.     BACKGROUND

Mr. Derminassian comes before this Court having pled guilty to one count of wire fraud in violation of 18 U.S.C. §§ 1343 and 1346, and one count of receiving an illegal gratuity in violation of 18 U.S.C. § 201(c)(1)(B). Mr. Derminassian's improper conduct occurred while Mr. Derminassian was the Associate Director in charge of the Traffic Services Administration of the District of Columbia Department of Transportation ("DCDOT"). As this Court knows, Mr. Derminassian waived indictment and agreed to cooperate with the United States Government in its ongoing investigation of fraud within DCDOT.

Given the limited scope and duration of Mr. Derminassian's improper conduct, the minimal harm that was caused by his acceptance of the improper monies and the substantial period of incarceration that has been proposed, there is no need for the Court to be concerned about any sentencing disparity.  On the contrary, using the Guidelines calculation determined by the parties, as well as the Guidelines calculation proposed in the PSI. it is clear that Mr. Derminassian's proposed sentence is within the applicable range and is certainly a reasonable sentence.

### D.     THE GUIDELINES CALCULATION

It is respectfully requested that the Court determine Mr. Derrninassian's Guidelines as follows:

| | | |
|---|---|---|
| Base Offense Level | 14 | |
| Abuse of a Position of Trust | +4 | |
| Role in the Offense | +2 | |
| Adjusted Offense Level | 20 | |
| Acceptance of Responsibility | -3 | |
| Total Offense Level | 17 | Criminal History 1[1] |

At a total offense level of twenty (20), Mr. Derminassian's guideline range for incarceration is between twenty-four (24) and thirty (30) months.  This puts the agreed upon thirty (30) month sentence within the recommended guideline range.

### E.     SUBSTANCE ABUSE

As was explained in detail in the PSI, Mr. Derrninassian has been struggling with substance abuses issues for a number of years.  Mr. Derminassian has dealt with problems involving alcohol and prescription pain medications for a number of years without treatment or

support. It was only when the instant offense came to light and Mr. Derminassian sought

psychiatric treatment that he began to receive appropriate substance abuse treatment. Now, after

years of abuse, Mr. Derminassian has started on the road to recovery.

Having become addicted to prescription pain medications a number of years ago, Mr.

Derminassian has used prescription pain medications and alcohol to deal with undiagnosed

depression. Since he began his counseling, and with the help of United States Probation Officer

Theresa Grant, Mr. Derminassian has been involved in substance abuse counseling and treatment

with Dr. Richard Ratner, M.D., as well as a participating in weekly counseling with the

Psychiatric Institute of Washington in their Sunday morning Narcotics Anonymous ("NA")

sessions.[2]

While his substance abuse problems had gone untreated for years, he is now finally

getting the issue under control. Mr. Derininassian is seeing Dr. Ratner, taking medications to

deal with his anxiety disorder and depression, as well as working on dealing with his substance

abuse issues. Coupled with his weekly NA meetings, the treatment is having a tremendous

positive impact on Mr. Derminassian.

It is requested that the Court allow Mr. Der~ninassian to continue with his individual

counseling and group therapy by recommending that he be designated to the Federal Prison

Camp at Cumberland (Maryland) with a recornmendation that he participate in the Residential

Drug Abuse Program ("RDAP").

---

[1] This is Mr. Derminassian's first and only contact with the criminal Justice system.

  Officer Grant met with Mr. Derminassian to prepare his PSI. During that meeting, in the presence of counsel, Officer Grant was able to obtain a significant history of substance abuse from Mr. Derminassian. It was a very important event and it was Officer Grant's intervention and insistence that he do so that compelled Mr. Derminassian to beginning his involvement with NA/AA. Officer Grant's personal attention to Mr. Derminassian was above and beyond her duties and was greatly appreciated by Mr. Derminassian and his family.