**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                      )            Criminal No.  07-041 (RJL)<br>)<br>KENNETH KEITT                              )<br>)<br>    Defendant.                                  ) | |

**DEFENDANT KENNETH KEITT'S MOTION TO COMPEL
*BRADY* EVIDENCE AND INCORPORATED
<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

Defendant Kenneth Keitt, by and through undersigned counsel, respectfully moves this Court for an Order compelling the United States of America to produce a copy of Wilhelm DerMinassian's presentence investigation report. In support of this motion, Mr. Keitt submits the following.

### I.  <u>Background</u>

Wilhelm DerMinassian pled guilty to one count of wire fraud in violation of 18 U.S.C. §§ 1343 and 1346 and one count of receiving an illegal gratuity in violation of 18 U.S.C. §§ 201(c)(1)(B). Mr. DerMinassian's memorandum in aid of sentencing references drug use. *See* Exhibit 1 (*Dermanassian Memorandum in Aid of Sentencing*), at 7-8.  That memorandum also states that Mr. DerMinassian's presentence report writer "was able to obtain a significant history of substance abuse from Mr. DerMinassian" and that the presentence report writer's "intervention and assistance" led to Mr. DerMinassian seeking substance abuse treatment. *Id.* at 8 n. 2.

In light of this, the following discovery request, pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963), was memorialized in a December 17, 2007 letter to the government's attorney, John Terzaken, Esquire. *See* Exhibit 2.

> I am writing to request discovery of the presentence investigation report prepared by the United States Probation Office for Wilhelm DerMinassian in <u>United States v. Wilhelm DerMinassian</u>, Criminal Case No. 05-127 (RMC). Given Mr. DerMinassian's representations to Judge Collyer, through his counsel, this report obviously contains information about Mr. DerMinassian's drug use and, thus, it must be produced pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

The government responded by stating that Mr. Keitt "is not entitled to the production of any presentence investigation report regarding Wilhelm DerMinassian." *See* Exhibit 3.

## II. **Argument**

In *United States v. Safavian,* the Honorable Paul Friedman offered the following definition of *Brady* information.

> It is any information in the possession of the government – broadly defined to include all Executive Branch agencies – that relates to guilt or punishment and that tends to help the defense by either bolstering the defense case **or impeaching potential prosecution witnesses**. It covers both exculpatory and impeachment evidence. The government is obligated to disclose all evidence relating to guilt or punishment which might be reasonably considered favorable to the defendant's case, that is, all favorable evidence that is itself admissible or that is likely to lead to favorable evidence that would be admissible, or that could be used to impeach a prosecution witness. Where doubt exists as to the usefulness of the evidence to the defendant, the government must resolve all such doubts in favor of full disclosure.

233 F.R.D. 12, 15-16 (D.D.C. 2005)(emphasis added). Certainly, the information requested by Mr. Keitt fails within this or any other objective definition of *Brady* evidence.

In *Fletcher v. United States,* 158 F.2d 321, 323 (D.C. Cir. 1947) the Court held that, "a drug addict is inherently a perjurer where his own interests are concerned, it is manifest either

that some corroboration of his testimony should be required, or at least that it should be received with suspicion and acted upon with caution." Any evidence that could be used to impeach a government witness is considered *Brady* evidence. *See United States v. Bagley,* 473 U.S. 667, 675-77 (1985). Evidence of Mr. DerMinassian's substance abuse is clearly relevant for impeachment purposes; as such it is *Brady* evidence and must be disclosed.

    WHEREFORE, for the foregoing reasons, and any others that may appear to the Court, Mr. Keitt requests the Court to grant the instant motion.

    Respectfully submitted,


    _____/s/_____
    DANIEL T. MCNAMARA
    D.C. Bar No. 494834
    MALLON & McCOOL, LLC
    1776 K Street, N.W., Suite 200
    Washington, D.C. 20006
    (202) 393-7088

    Counsel for Kenneth Keitt

**CERTIFICATE OF GOOD FAITH**

Undersigned counsel certifies to this Court that *bona fide* attempts were made to obtain the material described in this motion. Defendant's letter requesting this information and the government's response are attached to this motion. *See* Exhibits 2 and 3.

_____/s/_____
DANIEL T. MCNAMARA

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of February 2008, the foregoing Defendant Kenneth Keitt's Motion to Compel *Brady* Evidence, Incorporated Memorandum of Points and Authorities and the attached proposed Order were served by electronic filing upon:

John Terzaken
Mark Pletcher
U.S. Department of Justice
Antitrust Division
1401 H Street, N.W., Suite 3700
Washington, D.C. 20530

and by First Class Mail postage pre-paid upon:

Mark Schamel, Esq.
Schertler & Onorato, LLP
601 Pennsylvania Avenue NW
North Building - 9th Floor
Washington, D.C. 20004-2601

Counsel for Wilhelm DerMinassian


                                                  _____/s/_____
                                                  DANIEL T. MCNAMARA



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Docket Number 1:05-cr-127 |
| | ) | Hon. Rosemary M. Collyer |
| | ) | Sentencing September 30, 2005 |
| WILHELM DERMINASSIAN, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

The Defendant, Wilhelm Derminassian ("Derminassian"), by undersigned counsel, and in accordance with Rule 32 of the Federal Rules of Criminal Procedure, respectfully submits this Memorandum in Aid of Sentencing. The purpose of this Memorandum is to bring to the Court's attention a number of factors relevant to the determination of his appropriate sentence under the provisions of Title 18 United States Code § 3553(a) and the United States Sentencing Guidelines ("USSG" or "Guidelines"). This Memorandum sets forth our position on the relevant facts and the law, as well as Mr. Derminassian's cooperation with the United States, in order to aid this Court in determining an appropriate sentence for Mr. Derminassian.

I.  **BACKGROUND**

Mr. Derminassian comes before this Court having pled guilty to one count of wire fraud in violation of 18 U.S.C. §§ 1343 and 1346, and one count of receiving an illegal gratuity in violation of 18 U.S.C. § 201(c)(1)(B). Mr. Derminassian's improper conduct occurred while Mr. Derminassian was the Associate Director in charge of the Traffic Services Administration of the District of Columbia Department of Transportation ("DCDOT"). As this Court knows, Mr. Derminassian waived indictment and agreed to cooperate with the United States Government in its ongoing investigation of fraud within DCDOT.



EXHIBIT 1

Given the limited scope and duration of Mr. Derminassian's improper conduct, the minimal harm that was caused by his acceptance of the improper monies and the substantial period of incarceration that has been proposed, there is no need for the Court to be concerned about any sentencing disparity. On the contrary, using the Guidelines calculation determined by the parties, as well as the Guidelines calculation proposed in the PSI, it is clear that Mr. Derminassian's proposed sentence is within the applicable range and is certainly a reasonable sentence.

### D. THE GUIDELINES CALCULATION

It is respectfully requested that the Court determine Mr. Derminassian's Guidelines as follows:

| | |
|---|---|
| Base Offense Level | 14 |
| Abuse of a Position of Trust | +4 |
| Role in the Offense | +2 |
| Adjusted Offense Level | 20 |
| Acceptance of Responsibility | -3 |
| Total Offense Level | 17    Criminal History 1[1] |

At a total offense level of twenty (20), Mr. Derminassian's guideline range for incarceration is between twenty-four (24) and thirty (30) months. This puts the agreed upon thirty (30) month sentence within the recommended guideline range.

### E. SUBSTANCE ABUSE

As was explained in detail in the PSI, Mr. Derminassian has been struggling with substance abuses issues for a number of years. Mr. Derminassian has dealt with problems involving alcohol and prescription pain medications for a number of years without treatment or

7

support. It was only when the instant offense came to light and Mr. Derminassian sought psychiatric treatment that he began to receive appropriate substance abuse treatment. Now, after years of abuse, Mr. Derminassian has started on the road to recovery.

Having become addicted to prescription pain medications a number of years ago, Mr. Derminassian has used prescription pain medications and alcohol to deal with undiagnosed depression. Since he began his counseling, and with the help of United States Probation Officer Theresa Grant, Mr. Derminassian has been involved in substance abuse counseling and treatment with Dr. Richard Ratner, M.D., as well as a participating in weekly counseling with the Psychiatric Institute of Washington in their Sunday morning Narcotics Anonymous ("NA") sessions.[2]

While his substance abuse problems had gone untreated for years, he is now finally getting the issue under control. Mr. Derminassian is seeing Dr. Ratner, taking medications to deal with his anxiety disorder and depression, as well as working on dealing with his substance abuse issues. Coupled with his weekly NA meetings, the treatment is having a tremendous positive impact on Mr. Derminassian.

It is requested that the Court allow Mr. Derminassian to continue with his individual counseling and group therapy by recommending that he be designated to the Federal Prison Camp at Cumberland (Maryland) with a recommendation that he participate in the Residential Drug Abuse Program ("RDAP").

---

[1] This is Mr. Derminassian's first and only contact with the criminal justice system.

[2] Officer Grant met with Mr. Derminassian to prepare his PSI. During that meeting, in the presence of counsel, Officer Grant was able to obtain a significant history of substance abuse from Mr. Derminassian. It was a very important event and it was Officer Grant's intervention and insistence that he do so that compelled Mr. Derminassian to beginning his involvement with NA/AA. Officer Grant's personal attention to Mr. Derminassian was above and beyond her duties and was greatly appreciated by Mr. Derminassian and his family.

8

## MALLON & McCOOL, LLC
1776 K STREET, N.W., SUITE 200
WASHINGTON, D.C. 20006

Tel: 202-393-7088                                                                                                  Fax: 202-293-3499

December 17, 2007

**VIA ELECTRONIC TRANSMISSION ONLY**

John Terzaken, Esquire
United States Department of Justice
Antitrust Division
1401 H Street, N.W., Suite 3700
Washington, D.C. 20530

        Re:    United States v. Kenneth Keitt, Criminal Case No. 07-041

Dear Mr. Terzaken:

        I am writing to request discovery of the presentence investigation report prepared by the United States Probation Office for Wilhelm DerMinassian in United States v. Wilhelm DerMinassian, Criminal Case No. 05-127 (RMC). Given Mr. DerMinassian's representations to Judge Collyer, through his counsel, this report obviously contains information about Mr. DerMinassian's drug use and, thus, it must be produced pursuant to Brady v. Maryland, 373 U.S. 83 (1963). Please contact me if you have any questions or would like to discuss these issues. I can be reached at (202) 393-7088. I look forward to your response.

                            Sincerely,

                              /s/

                            Steven J. McCool

EXHIBIT 2



U.S. Department of Justice

Antitrust Division

*City Center Building*
*1401 H Street, NW, Suite 3700*
*Washington, DC 20530*

December 17, 2007

VIA E-MAIL

Steven J. McCool
Mallon & McCool, LLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
smccool@mallonandmccool.com

    Re:    <u>United States v. Kenneth Keitt</u>, Criminal No. 07-041 (RJL) (D.D.C.)

Dear Mr. McCool:

    I am writing in response to your letter of today, December 17, 2007. Your client is not entitled to the production of any presentence investigation report regarding Wilhelm DerMinassian.

                                  Sincerely,

                                    /s/ John Terzaken

                                  John Terzaken
                                National Criminal Enforcement Section

EXHIBIT 3