IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 07-041 (RJL) |
| v. ) | |
| ) | |
| KENNETH KEITT, ) | |
| ) | |
| Defendant. ) | |

### RESPONSE OF THE UNITED STATES TO DEFENDANT'S
### MOTION TO COMPEL *BRADY* EVIDENCE

Defendant Kenneth Keitt ("defendant") cannot demonstrate a compelling, particularized need for disclosure of the confidential presentence investigation report of Wilhelm DerMinassian because he is already in possession of the alleged *Brady/Giglio* information contained in that report. Accordingly, the Court should deny defendant's Motion to Compel *Brady* Evidence (Document No. 58) (dated February 15, 2008) ("Motion to Compel").

### DISCUSSION

Presentence investigation reports are presumptively confidential. *See United States Dep't of Justice v. Julian*, 486 U.S. 1, 12 (1988); *United States v. Charmer Indus.*, 711 F.2d 1164, 1171 (2d Cir. 1983). The principal reason for this presumption "is the fear that disclosure of the reports will have a chilling effect on the willingness of various individuals to contribute information that will be incorporated into the report." *Julian*, 486 U.S. at 12 (citing *United States v. Martinello*, 556 F.2d 1215, 1216 (5th Cir. 1977)). The other obvious reason for this presumption is the need to protect the privacy

interests of the person whose confidential information is contained in a presentence investigation report, such as detailed information about that person's physical and mental health, family relationships, and financial condition. *Id.*; *see United States v. Corbitt*, 879 F.2d 224, 230 (7th Cir. 1989) ("Sentencing proceedings, and particularly the presentence investigation, often involve a broad-ranging inquiry into a defendant's private life, not limited by traditional rules of evidence.").

Consistent with the recognition that presentence investigation reports are confidential documents, courts have universally held that a third party should not be granted access to the presentence investigation report of another person absent a demonstration of a compelling, particularized need for disclosure. *Julian*, 486 U.S. at 12; *United States v. Huckaby*, 43 F.3d 135, 138 (5th Cir. 1995); *Corbitt*, 879 F.2d at 239; *Charmer Indus.*, 711 F.2d at 1175.[1] A defendant may demonstrate that compelling, particularized need if a presentence investigation report contains *Brady/Giglio* material, *United States v. Ramirez*, 54 F. Suupp.2d 25, 33 (D.D.C. 1999); *see United States v. Burke*, 425 F.3d 400, 414 (7th Cir. 2005); *United States v. Molina*, 356 F.3d 269, 274-75 (2d Cir. 2004); but only if the defendant is not already in possession of the *Brady/Giglio* information contained in the report. *Molina*, 356 F.3d at 275; *Charmer*,

---

[1] It is also well settled that presentence investigation reports do not qualify as "statements" which must be disclosed under the Jencks Act. *See, e.g., United States v. McGee*, 408 F.3d 966, 974 (7th Cir. 2005); *United States v. Jackson*, 978 F.2d 903, 909 (5th Cir. 1993); *United States v. Moore*, 949 F.2d 68, 71 (2d Cir. 1991).

711 F.2d at 1177.  Thus, "key to the showing of a third person seeking disclosure is whether the information in the presentence report is obtainable from other sources" because "[a]ccessing . . . presentence reports should not serve as a substitute for other available means of obtaining the information they contain."  *Molina*, 356 F.3d at 275.[2]

In his Motion to Compel, defendant seeks alleged *Brady/Giglio* information contained in the presentence investigation report of Wilhelm DerMinassian concerning Mr. DerMinassian's "substance abuse."  Motion to Compel at 3.[3]  As reflected in Exhibit 1 to the Motion to Compel, however, defendant is already in possession of an alternative source of detailed information regarding Mr. DerMinassian's substance abuse issues.  *Id.* (attaching as Exhibit 1 DerMinassian's Memorandum in Aid of Sentencing).  Indeed, Exhibit 1, a public document prepared and filed by counsel for Mr. DerMinassian, contains a two-page discussion of the history of Mr. DerMinassian's

---

[2] In some circumstances where a defendant has claimed that a presentence investigation report contained *Brady/Giglio* material, courts have resolved the defendant's claim by requiring *in camera* inspection of the report at issue.  *See, e.g., Molina*, 356 F.3d at 274; *Jackson*, 978 F.2d at 909.  Defendant's Motion to Compel does not seek such relief.  Should the Court be inclined to conduct such a review, however, the government has no objection to producing Mr. DerMinassian's presentence investigation report for *in camera* inspection.

[3] Notably, defendant has improperly burdened the Court and government with the present Motion to Compel as it is merely duplicative of his previously filed Motion for Disclosure of *Brady/Giglio* Information and Motion for Early Production of Jencks Material (Document No. 30) (dated Nov. 2, 2007) ("First Motion to Compel").  The very same alleged *Brady/Giglio* information at issue here served as the basis for defendant's First Motion to Compel.  *See* Defendant Kenneth Keitt's Reply to Government's Omnibus Response to Defendant's Six General Discovery Motions (Document No. 56) (dated Dec. 3, 2007) (arguing that the government was improperly withholding information regarding "Mr. DerMinassian's substance abuse" and also attaching DerMinassian's Memorandum in Aid of Sentencing).

alleged use of prescription pain medications and alcohol to deal with undiagnosed depression, as well as the treatment he sought and received following the intervention of his United States Probation Officer. Ex. 1 at 7-8. With this detailed information already in hand, defendant has no compelling, particularized need for disclosure of Mr. DerMinassian's presentence investigation report and, thus, his Motion to Compel should be denied.

DATED this 26th day of February, 2008.

Respectfully submitted,

/s/
JOHN F. TERZAKEN III (D.C. Bar # 474015)
MARK W. PLETCHER
EMILY W. ALLEN
Trial Attorneys, Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 3700
Washington, D.C. 20530
Telephone: (202) 307-0719
Facsimile:  (202) 514-6525
E-mail: john.terzaken@usdoj.gov /
         mark.pletcher@usdoj.gov /
         emily.allen@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of February 2008, the foregoing RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION TO COMPEL *BRADY* EVIDENCE, was filed electronically and to the best of my knowledge, information and belief, counsel for defendant Kenneth Keitt will be notified through the Electronic Case Filing System.

                              /s/
JOHN F. TERZAKEN III
D.C. Bar # 474015
Trial Attorney, Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 3700
Washington, D.C.  20530
Telephone:  (202) 307-0719
Facsimile:   (202) 514-6525
E-mail: john.terzaken@usdoj.gov

.