IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 07-041 (RJL) |
| | ) | |
| KENNETH KEITT | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO THE GOVERNMENT'S
RESPONSE TO HIS MOTION TO COMPEL *BRADY* EVIDENCE**

Defendant Kenneth Keitt, by and through his undersigned counsel, respectfully submits the following reply to the government's response to his motion to compel *Brady* evidence.

Despite all but acknowledging that Wilhelm DerMinassian's presentence investigation report ("PSR") contains *Brady* material, the government has elected not to disclose it. It justifies this by arguing that, because Mr. Keitt has access to Mr. DerMinassian's Memorandum in Aid of Sentencing, he is "already in possession of an alternative source of detailed information regarding Mr. DerMinassian's substance issues" and thus cannot show a "compelling particularized need" for disclosure. *Response* at 2.

Mr. DerMinassian's Memorandum in Aid of Sentencing does reference drug and alcohol abuse. It does not however, provide detailed information regarding the nature and extent of this drug and alcohol abuse. For example, the memorandum references "prescription pain medication" but does not disclose the specific medication Mr. DerMinassian was abusing or the amount or frequency of his abuse. *See* Exhibit 1 (*DerMinassian Memorandum in Aid of Sentencing*) at 7-8. The memorandum also fails

to disclose the exact period of his abuse. *Id.* It is unclear whether Mr. DerMinassian was under the influence of drugs or alcohol during the timeframe of the alleged gratuities. Mr. Keitt's simply being aware that Mr. DerMinassian had some form of a drug and alcohol problem does not relieve the Government of its obligation to disclose the specific details of that drug and alcohol problem.

In a footnote the Government kindly indicated that it had no objection to submitting the report to the Court for an *in camera* inspection. *Response* at 3 n. 2. Mr. Keitt also has no objection to this relief. In *United States v. Trevino*, 89 F.3d 187, 192-93 (4th Cir. 1996), the Fourth Circuit found that when a defendant can "plainly articulate how the information contained in the PSR will be both material and favorable to his defense" the district court should conduct an *in camera* inspection to determine if the PSR must be disclosed. Mr. Keitt has clearly met that test. Mr. DerMinassian's drug or alcohol abuse can be used to impeach his testimony because it affects his ability to perceive and recall events. This is clearly favorable to Mr. Keitt's defense. If the Court determines that Mr. DerMinassian's PSR should not be disclosed outright then the government should be required to submit it for an *in camera* inspection to determine if it contains information that must be provided to Mr. Keitt.

For the reasons given in this reply and those given in the memorandum in support of defendant's motion, Mr. Keitt respectfully requests that the Court compel the government to disclose Mr. DerMinissian's PSR to Mr. Keitt or, alternatively, directs the government to submit the PSR to an *in camera* inspection to determine if it contains information that must be disclosed.

Respectfully submitted,

_____/s/_____
DANIEL T. MCNAMARA
D.C. Bar No. 494834
MALLON & McCOOL, LLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
(202) 393-7088
Counsel for Kenneth Keitt

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th of March 2008, Defendant's Reply to Government's Response to Defendant's Motion to Compel *Brady* Evidence was served by electronic filing upon:

John Terzaken
Mark Pletcher
U.S. Department of Justice
Antitrust Division
1401 H Street, N.W., Suite 3700
Washington, D.C. 20530


_____/s/_____
DANIEL T. MCNAMARA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Docket Number 1:05-cr-127 |
| ) | Hon. Rosemary M. Collyer |
| ) | Sentencing September 30, 2005 |
| WILHELM DERMINASSIAN, ) | |
| ) | |
| Defendant ) | |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

The Defendant, Wilhelm Derminassian ("Derminassian"), by undersigned counsel, and in accordance with Rule 32 of the Federal Rules of Criminal Procedure, respectfully submits this Memorandum in Aid of Sentencing. The purpose of this Memorandum is to bring to the Court's attention a number of factors relevant to the determination of his appropriate sentence under the provisions of Title 18 United States Code § 3553(a) and the United States Sentencing Guidelines ("USSG" or "Guidelines"). This Memorandum sets forth our position on the relevant facts and the law, as well as Mr. Derminassian's cooperation with the United States, in order to aid this Court in determining an appropriate sentence for Mr. Derminassian.

I.   **BACKGROUND**

Mr. Derminassian comes before this Court having pled guilty to one count of wire fraud in violation of 18 U.S.C. §§ 1343 and 1346, and one count of receiving an illegal gratuity in violation of 18 U.S.C. § 201(c)(1)(B). Mr. Derminassian's improper conduct occurred while Mr. Derminassian was the Associate Director in charge of the Traffic Services Administration of the District of Columbia Department of Transportation ("DCDOT"). As this Court knows, Mr. Derminassian waived indictment and agreed to cooperate with the United States Government in its ongoing investigation of fraud within DCDOT.

EXHIBIT 1

Given the limited scope and duration of Mr. Derminassian's improper conduct, the minimal harm that was caused by his acceptance of the improper monies and the substantial period of incarceration that has been proposed, there is no need for the Court to be concerned about any sentencing disparity. On the contrary, using the Guidelines calculation determined by the parties, as well as the Guidelines calculation proposed in the PSI, it is clear that Mr. Derminassian's proposed sentence is within the applicable range and is certainly a reasonable sentence.

### D.    THE GUIDELINES CALCULATION

It is respectfully requested that the Court determine Mr. Derminassian's Guidelines as follows:

| | | |
|---|---|---|
| Base Offense Level | 14 | |
| Abuse of a Position of Trust | +4 | |
| Role in the Offense | +2 | |
| Adjusted Offense Level | 20 | |
| Acceptance of Responsibility | -3 | |
| Total Offense Level | 17 | Criminal History 1[1] |

At a total offense level of twenty (20), Mr. Derminassian's guideline range for incarceration is between twenty-four (24) and thirty (30) months. This puts the agreed upon thirty (30) month sentence within the recommended guideline range.

### E.    SUBSTANCE ABUSE

As was explained in detail in the PSI, Mr. Derminassian has been struggling with substance abuses issues for a number of years. Mr. Derminassian has dealt with problems involving alcohol and prescription pain medications for a number of years without treatment or

7

support. It was only when the instant offense came to light and Mr. Derminassian sought psychiatric treatment that he began to receive appropriate substance abuse treatment. Now, after years of abuse, Mr. Derminassian has started on the road to recovery.

Having become addicted to prescription pain medications a number of years ago, Mr. Derminassian has used prescription pain medications and alcohol to deal with undiagnosed depression. Since he began his counseling, and with the help of United States Probation Officer Theresa Grant, Mr. Derminassian has been involved in substance abuse counseling and treatment with Dr. Richard Ratner, M.D., as well as a participating in weekly counseling with the Psychiatric Institute of Washington in their Sunday morning Narcotics Anonymous ("NA") sessions.[2]

While his substance abuse problems had gone untreated for years, he is now finally getting the issue under control. Mr. Derminassian is seeing Dr. Ratner, taking medications to deal with his anxiety disorder and depression, as well as working on dealing with his substance abuse issues. Coupled with his weekly NA meetings, the treatment is having a tremendous positive impact on Mr. Derminassian.

It is requested that the Court allow Mr. Derminassian to continue with his individual counseling and group therapy by recommending that he be designated to the Federal Prison Camp at Cumberland (Maryland) with a recommendation that he participate in the Residential Drug Abuse Program ("RDAP").

---

[1] This is Mr. Derminassian's first and only contact with the criminal justice system.
[2] Officer Grant met with Mr. Derminassian to prepare his PSI. During that meeting, in the presence of counsel, Officer Grant was able to obtain a significant history of substance abuse from Mr. Derminassian. It was a very important event and it was Officer Grant's intervention and insistence that he do so that compelled Mr. Derminassian to beginning his involvement with NA/AA. Officer Grant's personal attention to Mr. Derminassian was above and beyond her duties and was greatly appreciated by Mr. Derminassian and his family.