IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 07-041 (RJL) |
| v. ) | |
| ) | |
| KENNETH KEITT, ) | |
| ) | |
| Defendant. ) | |

## PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

The United States, by and through undersigned counsel, respectfully requests that the Court give the standard instructions listed below by name and number to the jury. The United States further requests that the Court give the instructions which are thereafter set forth in full and which pertain to the specific offense charged in the Indictment. Finally, the United States respectfully seeks leave to make any additional requests for specific jury instructions that may become necessary in the event of any presentation of defense evidence or otherwise.

I.   **GENERAL INSTRUCTIONS**

The United States proposes that the Court give the following general instructions from the Bar Association of the District of Columbia's *Criminal Jury Instructions* (4th ed. Revised 2005) (The Red Book) ("D.C. Form Instructions"):

Instructions Before / During Trial

1.02    Notetaking by Jurors

1.03    Preliminary Instruction Before Trial

1.04(A)-(B)   Definitions – Stipulation of Fact / Stipulation of Testimony

1.05   Cautionary Instruction Prior to First Recess

1.07   Question Not Evidence

1.10   Evaluation of Prior Inconsistent Statement of Witness (if applicable)

1.11   Evaluation of Prior Consistent Statement of Witness (if applicable)

Final Instructions

2.01   Function of the Court

2.02   Function of the Jury

2.03   Jury's Recollection Controls

2.04   Evidence in Case – Judicial Notice, Stipulations

2.05   Statements of Counsel

2.06   Indictment Not Evidence

2.07   Inadmissible and Stricken Evidence

2.08   Burden of Proof – Presumption of Innocence

2.09   Reasonable Doubt

2.10   Direct and Circumstantial Evidence

2.11   Credibility of Witnesses (with bracketed portion if applicable)

2.13   Number of Witnesses

2.14   Nature of Charges Not To Be Considered

2.22A   Witness With a Plea Agreement

| | |
|---|---|
| 2.23 | Testimony of Immunized Witness |
| 2.27 | Right of Defendant Not To Testify (if applicable) |
| 2.28 | Defendant as Witness (if applicable) |
| 2.42 | Character and Reputation of Defendant (if applicable) |
| 2.43 | Cross-examination of Character Witnesses (if applicable) |
| 2.70 | Redacted Documents (if applicable) |
| 2.71 | Selection of Foreperson |
| 2.72 | Unanimity (first paragraph) |
| 2.73 | Exhibits During Deliberations (first paragraph) |
| 2.74 | Possible Punishment Not Relevant |
| 2.75 | Communication Between Court and Jury During Deliberations |
| 2.76 | Furnishing the Jury with a Copy of the Instructions |
| 3.02 | Proof of State of Mind |
| 3.07 | "On or About" – Proof of |

**II.  SPECIFIC INSTRUCTIONS**

In addition to the above-referenced general instructions, the United States proposes that the Court give the following particular instructions pertaining to the offense charged in the Indictment:

## **NATURE OF THE OFFENSE**

The Indictment charges that during the period October 2001 until in or about December 2001, the defendant, otherwise than as provided by law for the proper discharge of official duty, gave a thing of value to a public official for or because of an official act performed or to be performed by such public official; that is the defendant gave Wilhelm DerMinassian, who is referred to in the Indictment as Person A, $6900 for or because of official acts performed or to be performed by Mr. DerMinassian relating to the operational support contract, including his favorable treatment in administering and overseeing the contract, his positive input regarding the annual renewal of the contract, his favorable exercise of discretion not to terminate the contract, and his consideration of the defendant's proposals, suggestions and solicitations for the provision of emergency traffic services after September 11, 2001.  In this case, it is alleged that the defendant gave Wihelm DerMinassian $6900 by ultimately forgiving Mr. DerMinassian of any obligation to repay Michael Travers the money Mr. Travers was instructed to give to Mr. DerMinassian by, and on behalf of, the defendant.

Authority

*See Federal Jury Practice and Instructions*, O'Malley-Grenig-Lee, § 27.01.

## **STATUTORY LANGUAGE**

Section 201(c) of Title 18 of the United States Code provides, in part, that:

"Whoever – otherwise than as provided by law for the proper discharge of official duty – directly or indirectly gives . . . anything of value to any public official . . . for or because of any official act performed or to be performed by such public official" shall be guilty of an offense against the United States.

## Authority

*See Federal Jury Practice and Instructions*, O'Malley-Grenig-Lee, § 27.02.

## **ELEMENTS OF THE OFFENSE**

The defendant is charged in the Indictment with giving an illegal gratuity to a public official in violation of 18 U.S.C. § 201(c)(1)(A).

For you to find the defendant guilty of that charge, you must be convinced that the government has proved each of the following four elements beyond a reasonable doubt:

**First**, you must find that Wilhelm DerMinassian was a public official.

A public official is an officer or employee or person acting for or on behalf of the United States, including the District of Columbia, in any official function.

If you find that the government has proven that during the period October 2001 until in or about December 2001, Wilhelm DerMinassian was the Associate Director of the Traffic Services Administration for the District of Columbia's Department of Transportation, then the government has met its burden with respect to this first element.

**Second**, you must find that the defendant directly or indirectly gave something of value to a public official.

Something of value includes things possessing intrinsic value; it does not have to be money.  Something of value can include extending a loan with favorable terms, or forgiving an obligation to repay money previously extended to a public official.

If you find that the government has proven that the defendant gave Wilhelm DerMinassian $6900, inasmuch as he forgave any obligation of Mr. DerMinassian to repay the $6900 given to him by Mike Travers at the defendant's request and on the

defendant's behalf, then the government has proven that the defendant gave something of value to Mr. DerMinassian and has met its burden with respect to this second element.

**Third**, you must find that the defendant gave the thing of value for or because of an official act that had been performed or was to be performed by the public official.

An official act is any decision or action on any matter, which may at any time be pending before the public official.

If you find that the government has proven that there were actions pending or to be pending before Wilhelm DerMinassian related to the operational support contract, those actions are official acts. To find the defendant guilty, you need to find that the thing of value, in this case, the forgiveness of any obligation to repay the $6900, was given for or because of these official acts, whether as a reward for past acts performed related to the operational support contract; as an enticement for future action with respect to the operational support contract; or simply in the hope that when issues surrounding the operational support contract came before Wilhelm DerMinassian for consideration and decision, like the decision about emergency services, that Wilhelm DerMinassian would listen hard to, and hopefully be swayed by, the defendant's proposals, suggestions, and/or concerns.

The thing of value need not have been given only for or because of the official acts, because people rarely act for a single purpose. Rather activity is more typically multi-causal and directed toward achieving several ends, rather than a single one. So, to

find that the thing of value, in this case, the forgiveness of any obligation to repay the $6900, was for or because of the official acts, you must find that the gift was in large part motivated by or substantially associated with the official acts charged in this case. In making this determination, you, the jury, may use specific statements and contemporaneous documentation to determine the defendant's motivation for giving the things of value, but you may also determine the defendant's motivation on the basis of the circumstances surrrounding the defendant's actions.

    The **fourth and final** element you must find is that the defendant's act of giving something of value was not authorized by law for the proper discharge of the public official's duties, such as salary or other lawful compensation paid to the public official.

    If you find that the defendant forgave any obligation of Wilhelm DerMinassian to repay the $6900 which had been given to him by Mike Travers at the defendant's request and on the defendant's behalf, and that that money was not part of Mr. DerMinassian's lawful compensation as Associate Director of the Traffic Services Administration paid by the District of Columbia's Department of Transportation, then the government has met its burden on this fourth and final element.

<u>Authority</u>

    *See Federal Jury Practice and Instructions*, O'Malley-Grenig-Lee, §§ 27.03, 27.07, 27.08, 27.10; *United States v. Sun-Diamond Growers*, 536 U.S. 398 (1999); *United States v. Valdes*, 475 F.3d 1319 (D.C. Cir. 2007); *United States v. Bucheit*, 134 Fed. Appx. 842 (6th Cir. 2005); *United States v. Schaffer*, 183 F.3d 833 (D.C. Cir. 1999) (overruled by presidential pardon).

DATED this 28th day of April, 2008.

                          Respectfully submitted,

                          /s/
                        JOHN F. TERZAKEN III (D.C. Bar # 474015)
                        MARK W. PLETCHER
                        EMILY W. ALLEN
                        Trial Attorneys, Antitrust Division
                        U.S. Department of Justice
                        450 5th Street, N.W., Suite 11300
                        Washington, D.C.  20530
                        Telephone: (202) 307-0719
                        Facsimile:   (202) 514-6525
                        E-mail:  john.terzaken@usdoj.gov /
                                mark.pletcher@usdoj.gov /
                                emily.allen@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of April 2008, the foregoing PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES, was filed electronically and to the best of my knowledge, information and belief, counsel for defendant Kenneth Keitt will be notified through the Electronic Case Filing System.

                  /s/
JOHN F. TERZAKEN III
D.C. Bar # 474015
Trial Attorney, Antitrust Division
U.S. Department of Justice
450 5th Street, N.W., Suite 11300
Washington, D.C. 20530
Telephone: (202) 307-0719
Facsimile: (202) 514-6525
E-mail: john.terzaken@usdoj.gov