## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Criminal No.  07-041 (RJL)** |
| | ) | |
| | ) | |
| **KENNETH KEITT** | ) | |
| | ) | |
| **Defendant.** | ) | |

### DEFENDANT KENNETH KEITT'S PROPOSED JURY INSTRUCTIONS

Kenneth Keitt, by and through undersigned counsel, and pursuant to Rule 30 of the Federal Rules of Criminal Procedure, respectfully submits the following proposed jury instructions.  The instructions are offered with the understanding that the defendant preserves and does not waive any issues raised in any pre-trial motions.  Mr. Keitt reserves the right to modify and/or supplement these instructions to address issues raised by the government's proposed instructions, the Court's rulings, the evidence introduced at trial, or subsequent arguments or proceedings. Mr. Keitt also reserves the right to present any further instructions, including theory of defense instruction, as the trial progresses.

Respectfully submitted,


_____/s/_____
STEVEN J. McCOOL
D.C. Bar No. 429369
MALLON & McCOOL, LLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
(202) 393-7088

Counsel for Kenneth Keitt

## PRELIMINARY INSTRUCTIONS BEFORE TRIAL

## INTRODUCTION

Before we begin the trial, I want to explain some of the legal rules that will be important in this trial. I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions that I will give at the end of the trial just before you start your deliberations. These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.[1]

## NOTETAKING BY JURORS[2]

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you. It is my practice to allow jurors to take notes during the trial if they want to, and to have their notes with them during the jury's deliberations. I want to emphasize that none of you are required to take notes. Indeed, you should not do so if you think that notetaking will distract your attention from the evidence or the testimony of the witnesses. On the other hand, if you think that taking notes might help you remember the testimony of the witnesses and the other evidence in the case, or might make you pay more attention during the trial, you are free to take notes. You should remember that your notes are only an aid to help your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

---

[1]D.C. CRIM § 1.03.   References to D.C. CRIM are to Barbara E. Bergman, *et al.* Criminal Jury Instructions for the District of Columbia, (4th ed. 2004 Revised).  References to FED-JI are to Kevin F. O'Malley, *et al.*, Federal Jury Practice and Instructions: Criminal (6th ed. 2006).

[2]D.C. CRIM § 1.02.

Whenever there is a recess in the trial, you should leave your notebooks and pencils on your seats. No one, including myself, will ever look at any of your notes. At the end of the trial, when you come back to the courtroom to deliver your verdict, your notes will be destroyed. Again, neither I nor anyone else will look at any notes you have taken.

## QUESTIONS BY JURORS[3]

Generally only the lawyers and the court ask witnesses questions. Occasionally, however, a juror feels that an important question has not been asked. I am not encouraging any of you to pose questions to the witnesses in the case. However, if during the course of the trial you feel an important question has not been asked, you may write out that question on a piece of paper and submit it to the court after the lawyers are finished with their examination of the witness but before the witness leaves the witness stand. After consulting with the lawyers, I will determine whether the question relates to a fact or facts about which the witness can properly testify. If it is proper, I will ask the question.

If I do not ask the question, that means I have decided that it is not legally proper that the question be asked. If I do not ask the question, the juror posing it should not guess or speculate about what the answer might have been, and may not consider the question or discuss it with other jurors during deliberations. If I decide the question relates to a legal issue, I may decide to wait until final instructions and answer the question then if it is relevant to your consideration of the case.

Juror questions may not be posed orally at any time during a trial. Also, juror questions are meant only to help jurors understand the testimony, to clarify evidence, or to seek

---

[3]D.C. CRIM § 1.20.

information.  Such questions are not meant to discredit or argue with a witness.  As a juror, you must be an impartial judge of the facts, not an advocate for either side in this proceeding.

Finally, even though you may submit questions to me to ask a witness, you may not discuss the questions with any fellow jurors or anyone else.  You also must understand that once a witness has left the witness stand and been excused, that witness will not be recalled to respond to a juror's question.

## PRELIMINARY INSTRUCTION TO JURY WHERE IDENTITY
## OF ALTERNATES IS NOT DISCLOSED

You have probably noticed that there are fourteen (14) of you sitting in the jury box. Only twelve (12) of you will retire to deliberate in this matter. In some courtrooms, jurors in seats 13 and 14 are automatically the alternates, but that is not how it works in this courtroom. Instead, we randomly select the alternates' seats at the beginning of each trial from among all the jury seats so that any two seats -- 1 and 8, 10 and 5, 2 and 13, or any other combination -- might turn out to be the seats of the alternates.

I will not disclose who the alternate jurors are until the end of my final instructions just before you begin your deliberations. Therefore, it is important that all of you think of yourselves as regular jurors during this trial, and that all of you give this case your fullest and most serious attention. [4]

At the beginning of the jury selection process, you were introduced to some witnesses in person.  Others were identified to you only by name.  If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone referred to in

---

[4]D.C. CRIM § 1.21.  Although alternates are not identified to the jury, they must be identified to counsel, and selected in accord with Fed. R. Crim. P. 24(c).

4

the testimony or evidence, or anyone else connected with this case in any way, you should tell the court immediately. You should not tell any other member of the jury about your discovery. If you realize you are acquainted with someone connected with this case while a witness is testifying, you should raise your hand immediately and ask to speak privately to the marshal or with me at the bench.[5]

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case. This is a criminal case which began when the grand jury returned an indictment. Attorneys from the United States Department of Justice, Antitrust Division, will present the evidence in support of the charges in the indictment.

## [READ THE INDICTMENT]

You should understand clearly that the indictment that I just read is not evidence. The indictment is just a formal way of charging a person with a crime in order to bring him to trial. You must not think of the indictment as any evidence of the guilt of the defendant, or draw any conclusion about the guilt of the defendant just because he has been formally charged.

At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that the defendant committed the offense with which he has been charged. The defendant has been charged with giving an illegal gratuity. To prove giving an illegal gratuity, the government must prove beyond a reasonable doubt each of the following three elements of this offense:

First, that Kenneth Keitt gave a thing of value not authorized by law to Wilhelm Derminassian;

Second, that Mr. Keitt did so for or because of an official act to be performed by Wilhelm

---

[5] D.C. CRIM § 1.22.

Derminassian; and

Third, that at that time, Wilhelm Derminassian was a public official.[6]

The term "public official" includes an officer or employee or person acting for or on behalf of the District of Columbia, in any official function, under or by authority of such department, agency or branch of government.[7]

Not all acts taken by a public official are "official acts." An "official act" is defined as any decision or action on any question, matter, cause, suit, proceeding or controversy, which may at any time, be pending, or which may by law be brought before any public official, in such official's official capacity.[8]  The government cannot meet its burden of proof beyond a reasonable doubt merely by showing that a public official used his public office for his private ends.[9]  In order to satisfy the "official act" element of an illegal gratuity offense, the government must prove beyond a reasonable doubt that the "public official" had the authority to legally bind the government on the matter in question.[10]

The government must also prove beyond a reasonable doubt that Mr. Keitt gave "a thing of value" to a public official "for or because of" an official act to be performed by that public official.

---

[6] Adapted from the Fifth Circuit Pattern Jury Instructions (2001).  *See also*, 18 U.S.C. § 201(c)(1)(A).

[7] 18 U.S.C. § 201(a)(1).

[8] 18 U.S.C. § 201(a)(3).

[9] *United States v. Mustain*, 610 F.2d 964 (D.C. Cir. 1979).

[10] *United States v. Valdes*, 475 F.3d 1319, 1324 (D.C. Cir. 2007)("It would be linguistically odd, at a minimum, to treat an answer to a question as a "decision or action on" a question the government had authority to decide.").

In order to satisfy the "thing of value" element of an illegal gratuity offense, the government must prove beyond a reasonable doubt that the "public official" placed some value on the item the government alleges he received.[11]

In order to satisfy the "for or because of" element of an illegal gratuity offense, the government must prove the following beyond a reasonable doubt.  First, the government must identify and prove beyond a reasonable doubt a specific official act for or because of which a thing of value was given.[12]  It is <u>not</u> sufficient for the government to prove that Mr. Keitt became aware of an inchoate government proposal that could affect his or his employer's interests, and subsequently provided something of value to a relevant official, even if the proposal later appeared in a more concretized form.[13]  Second, the government must prove beyond a reasonable doubt a link or nexus between a thing of value given by Mr. Keitt and a specific official act performed by a public official.[14]  Third, the government must also prove beyond a reasonable doubt a "temporal nexus" between the alleged thing of value given to the public official and the specific official act performed or to be performed in return.[15]  In other words, the government must prove beyond a reasonable doubt that the "thing of value" and the "official act"

---

[11]*United States v. Sun-Diamond Growers of California*, 941 F. Supp. 1262 (D.D.C. 1996), *rev'd on other grounds*, 138 F.3d 961 (D.C. Cir. 1998), *judgment aff'd*, 526 U.S. 398 (1999); *United States v. Gorman*, 807 F.2d 1299 (6th Cir. 1987); *United States v. Williams*, 705 F.2d 603 (2nd Cir. 1983).

[12]*United States v. Sun-Diamond Growers of California*, 526 U.S. 407 (1999); *United States v. Kirkland,* 330 F.Supp.2d 1151, 1174 (D. Or. 2004).

[13]*United States v. Schaffer*, 183 F.3d 833 (D.C. Cir. 2000).

[14]*United States v. Sun-Diamond Growers of California*, 526 U.S. 398, 406, 414 (1999).

[15]*United States v. Schaffer*, 183 F.3d 833 (D.C. Cir. 2000).

were sufficiently close in time.[16]  Finally, the government must prove beyond a reasonable doubt a substantial motivational link between a thing of value conferred upon the public official and a specific official act for or because of which it was given.[17]

It is <u>not</u> a crime to give things of value to a public official merely to get cozy or in the hopes of inducing warm feelings towards the giver or the giver's employer.[18]  The giving of a thing of value by reason of the public official's position or office does not constitute a crime.[19]

If the evidence shows that Mr. Keitt was motivated by the public official's general capacity to decide matters that affected Mr. Keitt's business interests or if Mr. Keitt was seeking merely to build a reservoir of goodwill, then you must acquit Mr. Keitt.[20]

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt. The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, it is your duty to find him guilty. On the other hand, if you find that the government has failed to prove any element of the offense beyond a reasonable doubt, you must

---

[16]*United States v. Schaffer*, 183 F.3d 833 (D.C. Cir. 2000).

[17]*United States v. Sun-Diamond Growers of California*, 526 U.S. 407 (1999); *United States v. Kirkland,* 330 F.Supp.2d 1151, 1174 (D. Or. 2004).

[18]*United States v. Schaffer*, 183 F.3d 833 (D.C. Cir. 2000).

[19]*United States v. Sun-Diamond Growers of California*, 526 U.S. 407 (1999).

[20]*United States v. Sun-Diamond Growers of California*, 526 U.S. 407 (1999); *United*

find the defendant not guilty.

As I explain how the trial will proceed, I will refer to the "government" and to the "defendant." When I mention the "government," I am referring to the persons who are presenting the evidence in support of the charges contained in the indictment. In this case, it is the Department of Justice Attorneys John Terzaken and Mark Pletcher.  When I mention the defendant, I am referring either to the defendant Kenneth Keitt or to his attorneys, Steven McCool and Daniel McNamara.

As the first step in this trial, the government and the defendant will have an opportunity to make opening statements. If the government makes an opening statement, it must do so at the beginning of its case. The defendant may make an opening statement immediately after the government's opening statement, or may wait until the beginning of the defendant's case. The defendant does not have to make any opening statement. The opening statements are only intended to help you understand the evidence that the lawyers expect will be introduced. The opening statements are not evidence.

After the opening statement or statements, the government will introduce evidence to support the charges in the indictment. After the government presents its evidence, the defendant may present evidence, but he is not required to do so. The law does not require a defendant to prove his innocence or to produce any evidence.

At the end of all of the evidence, each side will have an opportunity to make a closing argument in support of its case. Each side's closing arguments, just like their opening statements, are not evidence in this case. They are only intended to help you understand the evidence.

Finally, at the end of the evidence and after both sides have finished closing arguments, I

---

*States v. Kirkland,* 330 F.Supp.2d 1151, 1174 (D. Or. 2004).

will tell you in detail about the rules of law that you must follow when you consider what your verdict shall be. Your verdict must be unanimous; that is, all twelve jurors must agree on the verdict.

I want to briefly describe my responsibilities as the judge and your responsibilities as the jury. My responsibility is to conduct this trial in an orderly, fair and efficient manner, to rule on legal questions that come up in the course of the trial, and to instruct you about the law which applies to this case. It is your sworn duty as jurors to accept and apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case. You -- and only you -- are the judges of the facts. You alone determine the weight, the effect, and the value of the evidence, as well as the credibility or believability of the witnesses. You must consider and weigh the testimony of all witnesses who appear before you. You alone must decide whether to believe any witness, and to what extent to believe any witness.

And remember, you must pay very careful attention to the testimony of all of the witnesses because you will not have any transcripts or summaries of the testimony available to you during your deliberations. You will have to rely entirely on your memory and your notes, if you choose to take any.

During this trial, I may rule on motions and objections by the lawyers, make comments to lawyers, question the witnesses, and instruct you on the law. You should not take any of my statements or actions as any indication of my opinion about how you should decide the facts. If you think that somehow I have expressed or even hinted at any opinion as to the facts in this case, you should disregard it. The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case. That evidence includes the sworn testimony of witnesses and exhibits. If the evidence includes anything other

than testimony and exhibits, I will instruct you about these other types of evidence when they are admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to evidence that you remember differently, you should rely on your memory of the evidence during your deliberations.

The lawyers in the case may object when the other side asks a question, makes an argument, or offers evidence which that lawyer believes is not properly admissible. You must not be prejudiced against the lawyer who makes the objection or the party he represents. Indeed, it is the lawyer's responsibility to object to evidence that he believes is not properly admissible.

If I sustain an objection to a question asked by a lawyer, you should forget the question because the question is not evidence. You must not guess or speculate what the answer to the question would have been. If a question is asked and answered, and I then rule that the answer should be stricken from the record, you must forget both the question and the answer that were stricken. You should follow this same rule if any of the exhibits are stricken.

You must not be influenced by the nature of the charge in arriving at your verdict. Your responsibility is to decide this case solely on the evidence presented in the courtroom. As a result, you must not conduct any independent investigation of your own of the case. Additionally, under no circumstances should any of you use the internet for any purpose related to the case. Do not use it to access any potential media coverage, to research any legal or factual issues, or for any other purpose.

In addition, you should disregard any statements made about the case by anyone outside the courtroom. You must not talk about the case with the lawyers, the defendant, witnesses, or anyone else connected with the case. If you see someone involved in this case outside the

courtroom, other than a fellow juror, you should not speak with that person about anything. If, at any time during the trial, anyone tries to discuss the case with you or if you hear anyone talking about the case, you should refuse to participate in or listen to the discussion. If you speak with someone involved in the case outside the courtroom while the trial is still going on, we may have to stop the trial, pick a new jury and start all over again. You must also completely disregard any press coverage, including newspaper, television, or radio reports that you may read, see, or hear. If you are exposed to any news reports inadvertently, you should immediately disregard them and direct your attention elsewhere.

If you have heard any statements about the case, if anyone has tried to discuss the case with you or if you have been exposed to press coverage about the case, you must tell me about it immediately by informing the marshal or the courtroom clerk. You should not tell any of your fellow jurors or anyone else. You should tell only me, the marshal, or the clerk.

You must not discuss this case with anyone until this case is submitted to you for your decision at the end of my final instructions. Until the case is submitted to you, you must not talk about it with your fellow jurors. You must not talk about the case to your friends or relatives, or even your husband or wife, until it is over and you have completed your deliberations.

After I submit the case to you, you may discuss it only when I instruct you to do so, and only in the jury room and only in the presence of all your fellow jurors. It is important that you keep an open mind and not decide any issue in the case until after I submit the entire case to you with my final instructions.

## INSTRUCTIONS AT THE END OF TRIAL

### INTRODUCTION

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important. This is true even though some of those I gave you at the beginning of, or during the trial, are not repeated here.

The instructions I am about to give you now as well as those I gave you earlier are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, all instructions, whenever given and whether in writing or not, must be followed.[21]

---

[21] Instruction 3.01, Model Criminal Jury Instructions for the Eighth Circuit.

**FUNCTION OF THE COURT/FUNCTION OF THE JURY**

My function is to conduct this trial in an orderly and efficient manner; to rule on questions of law; and to instruct you on the law which applies in this case.

It is your duty to accept the law as I state it to you.  You should consider all the instructions as a whole.  You may not ignore any instructions, or question the wisdom of any rule of law. Your function, as the jury, is to determine what the facts are in this case.  You are the sole judges of the facts. You alone decide what weight to give to the evidence presented during the trial. You decide the value of the evidence and the believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender.  Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any opinion as to the facts, you should ignore it. It is your sole and exclusive duty to decide the verdict in this case.[22]

---

[22]D.C. CRIM §§ 2.10 & 2.02.

## JURY'S RECOLLECTION CONTROLS

If any reference by the court or the attorneys to evidence does not coincide with your own recollection of the evidence, it is your recollection which should control during your deliberations. [23]

---

[23]D.C. CRIM § 2.03; FJP § 12.07.

**EVIDENCE IN THE CASE – JUDICIAL NOTICE, STIPULATIONS, DEPOSITIONS**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case was the sworn testimony of the witnesses, the exhibits which were admitted into evidence, the facts of which I took judicial notice, and the facts and testimony stipulated to by the parties.

[INSTRUCT ON THE FOLLOWING AS APPLICABLE]

The court may take judicial notice of public acts, places, facts and events which the court regards as matters of common knowledge. In this case, I took judicial notice of [INSERT RELEVANT FACT]. You may, if you choose to do so, regard that fact as proven evidence, but you are not required to do so because you are the sole judges of the facts.

During the trial, you were told that the parties had stipulated -- that is, agreed to -- certain facts. Any stipulation of fact is undisputed evidence, and you may consider it undisputed evidence.

During the trial, you were told that the parties had stipulated -- that is, agreed to -- what testimony a particular witness would have given if s/he had testified in this case. You may consider this stipulated testimony as exactly what this witness would have said had s/he testified.

A deposition is testimony given by a witness before trial. The witness is placed under oath to tell the truth, and lawyers for each party may ask questions. The questions and answers are recorded by a court reporter. You may consider deposition testimony in the same way you would consider testimony actually given in court.

When you consider the evidence, you are permitted to draw, from the facts which you find have been proven, such reasonable inferences as you feel are justified in light of your

experience.[24]

_____

[24]D.C. CRIM § 2.04.  Pursuant to F.R.E. 201, the court must advise the jury that they are not required to regard as proven matters as to which judicial notice is taken.  F.R.E. 201.

## STATEMENTS OF COUNSEL

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. [25]

---

[25]D.C. CRIM § 2.05.

## INDICTMENT NOT EVIDENCE

The indictment is merely the formal way of accusing a person of a crime to bring him to trial.  You may only use the indictment to determine whether the government has proven the charge set forth in the indictment beyond a reasonable doubt.  You may <u>not</u> consider it as any evidence of the defendant's guilt or draw any inference of guilt from it. [26]

---

[26]D.C. CRIM § 2.06.

## CONSIDER ONLY THE OFFENSE CHARGED

Mr. Keitt is not on trial for any act or any conduct not specifically charged in the indictment.[27]

---

[27]FED-JI § 12.09.

## EMPLOYMENT CIRCUMSTANCES[28]

Any evidence relating to Mr. Keitt's compliance with corporate policies or guidelines or his departure from DMJM cannot be used as evidence of guilt.  You shall only look to the elements of the offense as I have instructed to determine whether the government has proven each element beyond a reasonable doubt.

---

[28]Defendant objects to the admissibility of this evidence.  *See* F.R.E. 403 & F.R.E. 404(b).

## INADMISSIBLE AND STRICKEN EVIDENCE

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence which the objecting lawyer believed was not proper. You must not be prejudiced against the lawyer who made the objections. It is the lawyers' responsibility to object to evidence which they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should disregard the question and you must not speculate as to what the answer would have been.

If, after a witness answered a lawyer's question, I ruled that the answer should be stricken, you should disregard both the question and the answer in your deliberations.

Likewise, exhibits, as to which I have sustained an objection, or which I ordered stricken, are not evidence and you must not consider them in your deliberations. [29]

---

[29]D.C. CRIM § 2.07.

## ELEMENTS OF AN ILLEGAL GRATUITY OFFENSE

The defendant has been charged with giving an illegal gratuity. To prove giving an illegal gratuity, the government must prove beyond a reasonable doubt each of the following three elements of this offense:

First, that Kenneth Keitt gave a thing of value not authorized by law to Wilhelm Derminassian;

Second, that Mr. Keitt did so for or because of an official act to be performed by Wilhelm Derminassian; and

Third, that at that time, Wilhelm Derminassian was a public official.[30]

The term "public official" includes an officer or employee or person acting for or on behalf of the District of Columbia, in any official function, under or by authority of such department, agency or branch of government.[31]

Not all acts taken by a public official are "official acts." An "official act" is defined as any decision or action on any question, matter, cause, suit, proceeding or controversy, which may at any time, be pending, or which may by law be brought before any public official, in such official's official capacity.[32] The government cannot meet its burden of proof beyond a reasonable doubt merely by showing that a public official used his public office for his private ends.[33] In order to satisfy the "official act" element of an illegal gratuity offense, the

---

[30] Adapted from the Fifth Circuit Pattern Jury Instructions (2001). *See also*, 18 U.S.C. § 201(c)(1)(A).

[31] 18 U.S.C. § 201(a)(1).

[32] 18 U.S.C. § 201(a)(3).

[33] *United States v. Mustain*, 610 F.2d 964 (D.C. Cir. 1979).

government must prove beyond a reasonable doubt that the "public official" had the authority to legally bind the government on the matter in question.[34]

The government must also prove beyond a reasonable doubt that Mr. Keitt gave "a thing of value" to a public official "for or because of" an official act to be performed by that public official.

In order to satisfy the "thing of value" element of an illegal gratuity offense, the government must prove beyond a reasonable doubt that the "public official" placed some value on the item the government alleges he received.[35]

In order to satisfy the "for or because of" element of an illegal gratuity offense, the government must prove the following beyond a reasonable doubt.  First, the government must identify and prove beyond a reasonable doubt a specific official act for or because of which a thing of value was given.[36]  It is <u>not</u> sufficient for the government to prove that Mr. Keitt became aware of an inchoate government proposal that could affect his or his employer's interests, and subsequently provided something of value to a relevant official, even if the proposal later appeared in a more concretized form.[37]  Second, the government must prove beyond a

---

[34]*United States v. Valdes*, 475 F.3d 1319, 1324 (D.C. Cir. 2007)("It would be linguistically odd, at a minimum, to treat an answer to a question as a "decision or action on" a question the government had authority to decide.").

[35]*United States v. Sun-Diamond Growers of California*, 941 F. Supp. 1262 (D.D.C. 1996), *rev'd on other grounds*, 138 F.3d 961 (D.C. Cir. 1998), *judgment aff'd*, 526 U.S. 398 (1999); *United States v. Gorman*, 807 F.2d 1299 (6th Cir. 1987); *United States v. Williams*, 705 F.2d 603 (2nd Cir. 1983).

[36]*United States v. Sun-Diamond Growers of California*, 526 U.S. 407 (1999); *United States v. Kirkland,* 330 F.Supp.2d 1151, 1174 (D. Or. 2004).

[37]*United States v. Schaffer*, 183 F.3d 833 (D.C. Cir. 2000).

reasonable doubt a link or nexus between a thing of value given by Mr. Keitt and a specific official act performed by a public official.[38]   Third, the government must also prove beyond a reasonable doubt a "temporal nexus" between the alleged thing of value given to the public official and the specific official act performed or to be performed in return.[39]   In other words, the government must prove beyond a reasonable doubt that the "thing of value" and the "official act" were sufficiently close in time.[40]   Finally, the government must prove beyond a reasonable doubt a substantial motivational link between a thing of value conferred upon the public official and a specific official act for or because of which it was given.[41]

It is <u>not</u> a crime to give things of value to a public official merely to get cozy or in the hopes of inducing warm feelings towards the giver or the giver's employer.[42]   The giving of a thing of value by reason of the public official's position or office does not constitute a crime.[43] If the evidence shows that Mr. Keitt was motivated by the public official's general capacity to decide matters that affected Mr. Keitt's business interests or if Mr. Keitt was seeking merely to build a reservoir of goodwill, then you <u>must</u> acquit Mr. Keitt.[44]

---

[38]*United States v. Sun-Diamond Growers of California*, 526 U.S. 398, 406, 414 (1999).

[39]*United States v. Schaffer*, 183 F.3d 833 (D.C. Cir. 2000).

[40]*United States v. Schaffer*, 183 F.3d 833 (D.C. Cir. 2000).

[41]*United States v. Sun-Diamond Growers of California*, 526 U.S. 407 (1999); *United States v. Kirkland,* 330 F.Supp.2d 1151, 1174 (D. Or. 2004).

[42]*United States v. Schaffer*, 183 F.3d 833 (D.C. Cir. 2000).

[43]*United States v. Sun-Diamond Growers of California*, 526 U.S. 407 (1999).

[44]*United States v. Sun-Diamond Growers of California*, 526 U.S. 407 (1999); *United States v. Kirkland,* 330 F.Supp.2d 1151, 1174 (D. Or. 2004).

## BURDEN OF PROOF – PRESUMPTION OF INNOCENCE

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt.

The burden is on the government to prove the defendant guilty beyond a reasonable doubt. This burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, it is your duty to find him/her guilty. On the other hand, if you find the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty.[45]

---

[45]D.C. CRIM § 2.08.

## REASONABLE DOUBT

The government has the burden of proving the defendant guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Reasonable doubt, as the name implies, is a doubt based on reason -- a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.[46]

---

[46]D.C. CRIM § 2.09.

## PROOF OF STATE OF MIND[47]

Someone's intent ordinarily cannot be proved directly, because there is no way of directly looking into the workings of the human mind.  But you may infer the defendant's intent from the surrounding circumstances.  When faced with competing explanations for some specific conduct, conduct which could be either innocuous or illicit depending upon the particular motivation involved, the inquiry will rarely be clean or neat.[48]  Unless the government has proven beyond a reasonable doubt that Mr. Keitt was substantially motivated with the requisite intent to influence a specific official act, you must find him not guilty.[49]  A business misjudgment is not sufficient to prove a defendant's guilt beyond a reasonable doubt.[50]  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

---

[47]D.C. CRIM § 3.02 (modified).

[48]*United States v. Schaffer*, 183 F.3d 833 (D.C. Cir. 2000).

[49]*United States v. Schaffer*, 183 F.3d 833 (D.C. Cir. 2000).

[50]*Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005).

## GOOD FAITH

Good faith on the part of the defendant is inconsistent with the intent to influence a government official, an element of the charge in this case. The burden is not on the defendant to prove his good faith. Rather, the government must prove beyond a reasonable doubt that the defendant acted with the requisite intent to influence a public official.[51]

---

[51] Pattern Jury Instructions for the Seventh Circuit, § 6.10 (Committee Comment: "This instruction should be used, where appropriate, only in cases where "intent" is an element. It is not to be used in cases where it is required only that the defendant acted "knowingly.'").

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence from which you may find the facts of a case -- direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness' testimony is direct evidence. A chain of facts and circumstances indicating the guilt or innocence of a defendant is circumstantial evidence.

The law makes no distinction between the weight you should give to either kind of evidence, nor does circumstantial evidence require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should weigh all of the evidence presented, both direct and circumstantial. [52]

---

[52]D.C. CRIM § 2.10.

## CREDIBILITY OF WITNESSES

In determining whether the government has established the charge against the defendant beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who have appeared before you.

You are the sole judge of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the demeanor and the behavior of the witness on the witness stand; the witness' manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent mis-recollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or

31

improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive. [53]

---

[53]D.C. CRIM § 2.11.

**EVALUATION OF PRIOR CONSISTENT STATEMENT OF A WITNESS**

You may have heard evidence that [INSERT NAME] made a statement on an earlier occasion and that this statement may be consistent with his/her testimony here at trial. This earlier statement was brought to your attention both to help you in evaluating the believability of the witness and as evidence in this case. In other words, if you find that the earlier statement is consistent with the witness' present testimony in court, you may consider this consistency both in judging the credibility of the witness here at trial and as proof that what was said in the earlier statement was true. It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact consistent with the witness' in-court testimony here.[54]

---

[54]D.C. CRIM § 1.11.

**NUMBER OF WITNESSES**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side, or you may find to the contrary. [55]

---

[55]D.C. CRIM § 2.13.

### ALLEGED PARTICPANT'S TESTIMONY

You have heard testimony from [INSERT NAMES].  The government has a right to use a witness who testifies that he participated in the offense charged against the defendant, although the testimony of such a witness should be received with caution and scrutinized with care.  You may give his testimony such weight as you think it deserves.  If the testimony of a witness who testifies about his own participation in the offense charged is not supported by other evidence, you may convict a defendant upon that testimony only if you believe that it proves the defendant's guilt beyond a reasonable doubt. [56]

---

[56]D.C. CRIM § 2.22.

## WITNESS WITH A PLEA AGREEMENT

You have heard evidence that [Wilhelm Derminassian] entered into a plea agreement with the government pursuant to which [Wilhelm Derminassian] agreed to testify truthfully in this case and the government agreed to [INSERT PLEA]

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt. A witness who has entered into a plea agreement is under the same obligation to tell the truth as is any other witness, because the plea agreement does not protect him against a prosecution for perjury or false statement, should he lie under oath.

However, you may consider whether a witness who has entered into such an agreement has an interest different from any other witness. A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony may have a motive to lie. The testimony of a witness who has entered into a plea agreement should be received with caution and scrutinized with care. You should give the testimony such weight as in your judgment it is fairly entitled to receive.[57]

---

[57]D.C. CRIM § 2.22A.

**TESTIMONY OF IMMUNIZED WITNESS**

You have heard evidence that [INSERT NAME] has received immunity. What this means is that the testimony of the witness may not be used against him in any criminal case. You should consider whether such testimony may be colored in such a way as to further the witness' own interest, for a witness who realizes that he may obtain his own freedom, receive a benefit, or avoid prosecution by incriminating another may have a motive to lie. However, you may also consider that the witness is under the same obligation to tell the truth as is any other witness, because the grant of immunity does not protect him/her against a prosecution for perjury or false statement, should he lie under oath. The testimony of a witness as to whom immunity has been granted should be received with caution and scrutinized with care. You should give the testimony such weight as in your judgment it is fairly entitled to receive. [58]

---

[58]D.C. CRIM § 2.23.

**TESTIMONY OF LAW ENFORCEMENT OFFICER OR AGENT**

A government agent's testimony should be evaluated by you just as any other evidence in the case.  In evaluating the agent's credibility you should use the same guidelines that you apply to the testimony of any witness.  In no event should you give either greater weight or lesser weight to the testimony of any witness merely because he is a government agent.[59]

---

[59]D.C. CRIM § 2.26.

## RIGHT OF DEFENDANT NOT TO TESTIFY

Every defendant in a criminal case has an absolute right not to testify. Kenneth Keitt has chosen to exercise his right to remain silent. You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision, and I, therefore, instruct you not to do so. Most importantly, you must not draw any inference of guilt from the defendant's decision not to testify.[60]

---

[60]D.C. CRIM § 2.27.

**DEFENDANT AS WITNESS**

The defendant has a right to become a witness in his own behalf. His testimony should not be disbelieved merely because he is the defendant. In weighing his testimony, however, you may consider the fact that the defendant has an interest in the outcome of this trial. As with the testimony of any other witness, you should give the defendant's testimony such weight as in your judgment it is fairly entitled to receive. [61]

---

[61]D.C. CRIM § 2.28.

**IMPERMISSIBLE TO INFER GUILT FROM ASSOCIATION**

You may not infer that the defendant was guilty of criminal conduct from the mere fact that he was associated with other people who may have been guilty of wrongdoing.[62]

---

[62]L. SAND, *et al.*, MODERN FEDERAL JURY INSTRUCTIONS at 6-4 (2003) (modified).

## STATUTE OF LIMITATIONS

A statute of limitations is a time bar that prevents prosecutions for crimes that were committed before a certain date.  In this case, an illegal gratuity charge is subject to a five-year statute of limitations.[63]  Therefore, an indictment must be filed within five years of the date of the alleged crime is alleged to have been committed.[64]

The indictment in this case was handed up by the Grand Jury on February 23, 2007.  The indictment alleges in part that "[d]uring the period October 2001 until in or about December 2001 … Defendant Keitt … gave [Wilhelm Derminassian] $6,900 for or because of official acts performed or to be performed by [Wilhelm Derminassian]."  Mr. Keitt and the government agreed to toll the statute of limitations in this matter from October 9, 2006 through January 30, 2007.  Mr. Keitt and the government later agreed to toll the statute of limitations from October 9, 2006 through February 28, 2007.  Thus, the statute of limitations expired on October 9, 2006 and conduct alleged to have occurred <u>prior</u> to October 9, 2001 is barred by the statute of limitations.

You are instructed that the government must prove beyond a reasonable doubt that the defendant has committed the offense charged within five years or less of the indictment.[65]  If you find that the government has alleged conduct that occurred prior to October 9, 2001, then you must find Mr. Keitt <u>not</u> guilty, because the illegal gratuity charge is barred by the statute of limitations.

---

[63]18 U.S.C. § 3282.

[64]18 U.S.C. § 3282.

[65]18 U.S.C. § 3282.

You are instructed that statutes of limitations are to be liberally in favor of repose.[66] When doubt exists about the statute of limitations in a criminal case, the limitations period should be construed in favor of the defendant. [67]

---

[66]*United States v. Habig,* 390 U.S. 222, 226-27 (1968).

[67]*United States v. Habig,* 390 U.S. 222, 226-27 (1968).

**THE THEORY OF THE DEFENSE--EXPLAINED**[68]

---

[68] Defendant respectfully requests the opportunity to provide instructions concerning the theory of the defense after the presentation of the government's case-in-chief pursuant to FED-JI § 19.06.

## CLOSING REMARKS

### SELECTION OF FOREPERSON

When you return to the jury room, you should select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission -- to reach a fair and just verdict based on the evidence. Consider whether you wish to select a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence. [69]

---

[69]D.C. CRIM § 2.71.

**UNANIMITY**

The verdict must represent the considered judgment of each juror. In order to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.[70]

Unless the government has identified and proven the performance of a specific official act for or because of which a thing of value was given to each of you, beyond a reasonable doubt, you must acquit the defendant.[71]

---

[70]D.C. CRIM § 2.28.

[71] FED-JI § 40.15.

## EXHIBITS DURING DELIBERATIONS

I am sending into the jury room with you the exhibits that have been received in evidence. You may examine any or all of them as you consider your verdict.

OR

I am not sending the exhibits that have been received in evidence with you as you start your deliberations. However, you are entitled to see any or all of these exhibits as you deliberate. I suggest that you begin your deliberations and then, if it would be helpful to you, you may ask for any or all of the exhibits that have been received in evidence simply by sending me a note from your foreperson through one of the marshals. [72]

---

[72]D.C. CRIM § 2.73.

## POSSIBLE PUNISHMENT NOT RELEVANT

The question of possible punishment of the defendant in the event of conviction is no concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all. [73]

---

[73]D.C. CRIM § 2.74.

**COMMUNICATIONS BETWEEN COURT AND JURY DURING DELIBERATIONS**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me by any means other than a signed note and I will never communicate with any member of the jury on any matter touching the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person -- not the clerk, the marshal or me -- how jurors are voting until you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter. This means, for example, that you should never tell me that the jury is divided 6 to 6, for example, or 7 to 5, or 11 to 1, whether the vote is for conviction or acquittal or any other issue in the case. [74]

---

[74]D.C. CRIM § 2.75.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 28th day of April 2008, the foregoing Defendant's Proposed

Jury Instructions was served by electronic filing upon:

John Terzaken
Mark Pletcher
U.S. Department of Justice
Antitrust Division
1401 H Street, N.W., Suite 3700
Washington, D.C.  20530


_____/s/_____
STEVEN J. McCOOL