IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 07-041 (RJL) |
| | ) | |
| KENNETH KEITT | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT KENNETH KEITT'S SUPPLEMENTAL MOTION TO CONTINUE
THE MAY 14, 2008 TRIAL DATE AND INCORPORATED MEMORANDUM**

Kenneth Keitt, by and through undersigned counsel and for good cause, hereby supplements his oral motion for a short continuance of the trial of the above-captioned case, which is currently scheduled for May 14, 2008. In support of this motion, Mr. Keitt submits the following.

1. Trial in this matter is currently scheduled to begin on May 14, 2008.

2. On or about March 27, 2008, Ira Levy filed a motion to quash a government subpoena seeking his testimony in this matter. In that motion, Mr. Levy represented that he would be unavailable to testify at trial because of a planned family trip to China. *Levy Motion to Quash*, at 2.

3. Mr. Levy also represented that his counsel had alerted the government of his unavailability on January 11, 2008, the day after the May 14, 2008 trial date was set in this matter. *Id.*

4. On April 29, 2008, this Court found Mr. Levy to be unavailable to testify. It cannot be disputed, however, that Mr. Levy is available to testify after May 25, 2008.

5. Despite the fact that it failed to notify the Court and Mr. Keitt of Mr. Levy's travel commitment, the government, in its response to Mr. Levy's motion to quash, asked that it

1

be permitted to take a deposition pursuant to Rule 15 of the Federal Rules of Criminal Procedure. The government cannot benefit from its lack of diligence. "There can be no question that both the moving party's diligence and timing of prospective depositions are relevant considerations to be weighed under Rule 15." *See United States v. Drogoul*, 1 F.3d 1546, 1556 (11th Cir. 1993).

6.  Mr. Keitt opposed the government's request for a Rule 15 deposition and sought a short continuance of the trial date. The Court stated its inclination to grant the government's motion to take Mr. Levy's deposition, and it held Mr. Keitt's motion for a continuance in abeyance.

7.  Mr. Keitt now supplements his oral motion for a continuance and, for the reasons stated herein and in open court, respectfully asks the Court to grant his motion at this time.

8.  Depositions are disfavored in criminal cases. *See United States v. Wilson*, 601 F.2d 95, 97 (3rd Cir. 1979)(attendance of witnesses at trial is the favored method of presenting testimony; depositions are not favored in criminal cases). There is a "strong preference for live testimony." *United States v. Ismaili*, 828 F.2d 161, 163 (3d Cir. 1987).

9.  The party seeking a deposition bears the burden of demonstrating that "exceptional circumstances" necessitate the preservation of testimony through a deposition. *United States v. O'Keefe*, 509 F.Supp.2d 33, 35 (D.D.C. 2007). The government has not met this burden. Mr. Levy will be available after May 25, 2008. The government knew this on January 11, 2008. The Court was not apprised of this issue until Mr. Levy filed a motion to quash on March 27, 2008. Now, the government benefits from its delay in notifying the Court and Mr. Keitt that Mr. Levy had a non-refundable trip planned to China.

10.  Rule 15 depositions are granted only when the witness is truly unavailable to testify. *See United States v. Rivera*, 859 F.2d 1204, 1207 (4th Cir. 1988)(upholding admission of

Rule 15 deposition of non-citizen witnesses who voluntarily departed the country before trial under threat of deportation); *United States v. Acevedo-Ramos*, 842 F.2d 5, 7-8 (1st Cir. 1988)(upholding use of Rule 15 deposition at federal trial in Puerto Rico when Massachusetts would not release witness to testify).  Again, Mr. Levy will be available after May 25, 2008.

11. This Court may grant a motion for a continuance if it finds that "the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(8)(A).  Mr. Keitt will waive his right to a speedy trial in order to secure a continuance of the trial in this case.

12. Mr. Keitt will suffer "actual prejudice" if a continuance is not granted.  *United States v. Aviles,* 623 F.2d 1192, 1197 (7th Cir. 1980).  Allowing the government to examine Mr. Levy through a videotaped deposition will clearly prejudice defense counsel's ability to conduct an effective cross-examination.  Mr. Levy will be cross-examined outside the context of the trial and without the benefit of opening statements.  Defense counsel will be locked into the videotaped cross-examination and will have no ability to ask questions based upon the government's opening statement or the testimony of other government witnesses.  The jury will not be able to observe Mr. Levy's demeanor while responding to questions at a trial.  The government will unfairly discover Mr. Keitt's trial strategy during the deposition of Mr. Levy.  *See Simon v. United States,* 644 F.2d 490, 498 n. 12 (5th Cir. 1981)(The "only authorized purpose [of a Rule 15 deposition] is to preserve evidence, not to afford discovery.").  The government will then further benefit from its delay in alerting the Court and Mr. Keitt of Mr. Levy's travel commitment because it will be able to tailor its own trial strategy and witness examinations, having had the benefit of absorbing Mr. Levy's cross examination.

13. The government will suffer no prejudice if a continuance is granted. The government has investigated this case for several years. In fact, Mr. Keitt has consistently maintained that this prosecution is barred by the statute of limitations. His motion to dismiss on statute of limitations grounds is pending before the Court. The Court set the May 14, 2008 trial date after the government learned that it had failed to produce a large volume of discovery to the Mr. Keitt. Mr. Keitt has not sought any relief based on his lack of diligence in this matter. The government has announced its intention to call five witnesses to testify in its case-in-chief. Those witnesses are represented by three lawyers. Therefore, a convenient trial date can be found in short order. Mr. Keitt has stated that he does not intend to call a large number of witnesses. Mr. Keitt has stated that he will work diligently with the Court and the government to find a trial date convenient for all concerned.

14. The public will not be prejudiced and, in fact, it will benefit from a continuance, because the trial will proceed in the preferred manner. The Confrontation Clause's "central concern … is to ensure the reliability of evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact." *Maryland v. Craig,* 497 U.S. 836, 845 (1990). The Confrontation Clause addresses that concern principally by affording a criminal defendant the right to confront appearing witnesses fact-to-face and the right to conduct rigorous cross-examination of those witnesses. *See Coy v. Iowa,* 487 U.S. 1012, 1017 (1988); *Pennsylvania v. Ritchie*, 480 U.S. 39, 51 (1987); *see also Ohio v. Roberts,* 448 U.S. 56, 63 (1980)(The Confrontation Clause "envisions a personal examination and cross examination of the witness, in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face

<u>with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he give his testimony, whether he is worthy of belief."</u>)(emphasis added).

15. Mr. Keitt did absolutely nothing to contribute to Mr. Levy's temporary unavailability for trial. Compelling him to shoulder the burden of that unavailability and providing a distinct tactical advantage to the government is fundamentally unfair.

16. The ends of justice are best served by a brief continuance to allow Mr. Keitt to confront the witnesses against him in the manner most favored by our courts.

Wherefore, for all of the aforementioned reasons and those stated in open court, Mr. Keitt respectfully requests that the Court continue the trial of this case.[1]

Respectfully submitted,

_____/s/_____
STEVEN J. McCOOL
D.C. Bar No. 429369
MALLON & McCOOL, LLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
(202) 393-7088

Counsel for Kenneth Keitt

---

[1] On April 30, 2008, John Terzaken advised undersigned counsel that the government objects to the relief sought herein.

5

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of April 2008, the foregoing Defendant's Motion to Continue the May 14, 2008 Trial Date, Incorporated Memorandum and the attached Proposed Order were served by electronic filing upon:

John Terzaken  
Mark Pletcher  
U.S. Department of Justice  
Antitrust Division  
1401 H Street, N.W., Suite 3700  
Washington, D.C.  20530

_____/s/_____  
STEVEN J. MCCOOL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Criminal No. 07-041 (RJL) |
| ) | |
| **KENNETH KEITT** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

Upon consideration of Defendant Kenneth Keitt's Motion to Continue the May 14, 2008 Trial Date, his Incorporated Memorandum, the government's response thereto, and the entire record in this matter, it is this _____ day of May 2008, hereby

**ORDERED**, that Defendant Keitt's motion is granted; and it is further

**ORDERED**, that the trial in the above-captioned case shall begin on: _____.

_____
THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT COURT JUDGE