## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Criminal No. 07-041 (RJL)** |
| **v.** | ) | |
| | ) | |
| **KENNETH KEITT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## UNITED STATES'S OPPOSITION TO DEFENDANT'S SUPPLEMENTAL MOTION TO CONTINUE THE MAY 14, 2008 TRIAL DATE

On April 28, 2008, the Court heard oral argument from the parties on a Motion to Quash filed by government witness Ira Levy, *see* Third Party Ira Levy's Motion to Quash or Modify Trial Subpoena, Misc. No. 08-173 (dated March 27, 2008), including argument on the government's alternative motion for permission to take Mr. Levy's testimony by Rule 15 deposition, *see* United States's Opposition to Ira Levy's Motion to Quash or, in the Alternative, Motion for Permission to Take Mr. Levy's Testimony Via Video Deposition (Document No. 3) (dated April 7, 2008). During that proceeding, the Court heard extensive argument from defendant Kenneth Keitt relating to his opposition to a Rule 15 deposition of Mr. Levy, *see* Opposition to the United States's Motion for Permission to Take Ira Levy's Testimony Via Video Deposition (Document No. 5) (dated April 9, 2008). Although the Court chose to hold its final ruling on the motions in abeyance until the parties May 1 pretrial conference, defendant, like the rest of those in attendance, left the April 28 hearing with the distinct impression that the Court will quash Mr. Levy's subpoena and, alternatively, grant the government's motion to take his

testimony by Rule 15 deposition.

Notwithstanding having already had his opportunity to be heard on the issue, defendant now repackages the same arguments opposing a Rule 15 deposition he presented to the Court in writing and orally at the April 28 hearing, in the form of the present Supplemental Motion to Continue the May 14, 2008 Trial Date (Document No. 69) (filed April 30, 2008) ("Motion to Continue"). The passage of time – the mere twenty-four hours between the hearing and the filing of his Motion to Continue – has done nothing to resuscitate defendant's infirm arguments opposing a Rule 15 deposition of Mr. Levy.

As the Court explained to defendant at the April 28 hearing, there is no case law to support defendant's argument that he will suffer "actual prejudice" were the Court to permit the government to conduct a Rule 15 deposition of Mr. Levy rather than delay the trial. There are no such cases because Rule 15 depositions are specifically structured to permit a defendant to exercise his right to confront and cross-examine the subject witness during the deposition just as he would at trial. *United States v. Nippon Paper Indus.*, 17 F. Supp. 2d 38, 43 (D. Mass. 1998) (outlining procedures used in videotaped testimony and explaining that Rule 15 allows the right of confrontation to be exercised in such a manner in specific circumstances). Moreover, a finding by the Court that a Rule 15 deposition would prejudice the Confrontation Clause rights of defendant in this case would be tantamount to concluding that it would be unconstitutional for the government

to ever conduct a Rule 15 deposition in a criminal case. Such a finding would misconstrue the Confrontation Clause; be contrary to the explicit language of Rule 15 and prevailing case law; and altogether contravene the public's interest in the efficient functioning of our criminal justice system.

Further, as also clearly articulated by the Court, and acknowledged by defendant, at the April 28 hearing, the public has as much a right as defendant to the speedy trial of the present criminal case. *Zedner v. United States*, 547 U.S. 489, 500-01 (2006). The present criminal case has been pending before the Court for nearly one and half years. There are numerous witness who have already been subpoenaed by the government and defendant – numbering over seventy if you rely on the witness list submitted by defendant – who have complicated family and professional schedules and who have already put their lives on hold to appear during the scheduled trial. The parties have also already expended significant effort and resources in preparing to try the case as scheduled, as is demonstrated by the fact that the parties have filed with the Court their proposed voir dire questions, jury instructions, and witness and exhibit lists. In short, there is simply no good reason to delay this trial any longer: The public has an interest in finally seeing this case resolved, the parties are prepared for trial, and further delay will only risk additional scheduling conflicts with material witnesses.

For these reasons and those presented to, and articulated by, the Court at the April 28 hearing, the Court should deny defendant's Supplemental Motion to Continue.

DATED this 1st day of May, 2008.

Respectfully submitted,


_____/s/_____
JOHN F. TERZAKEN III (D.C. Bar # 474015)
MARK W. PLETCHER
EMILY W. ALLEN
Trial Attorneys, Antitrust Division
U.S. Department of Justice
450 5th Street, N.W., Suite 11300
Washington, D.C.  20530
Telephone: (202) 307-0719
Facsimile:   (202) 514-6525
E-mail:  john.terzaken@usdoj.gov /
             mark.pletcher@usdoj.gov /
             emily.allen@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of May 2008, the foregoing OPPOSITION TO

DEFENDANT'S SUPPLEMENTAL MOTION TO CONTINUE THE MAY 14, 2008

TRIAL DATE, was filed electronically and to the best of my knowledge, information

and belief, counsel for defendant Kenneth Keitt will be notified through the Electronic

Case Filing System.


_____/s/_____
JOHN F. TERZAKEN III
D.C. Bar # 474015
Trial Attorney, Antitrust Division
U.S. Department of Justice
450 5th Street, N.W., Suite 11300
Washington, D.C.  20530
Telephone:  (202) 307-0719
Facsimile:   (202) 514-6525
E-mail: john.terzaken@usdoj.gov