IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.  07-041 (RJL) |
| | ) | |
| KENNETH KEITT | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT KEITT'S MOTION *IN LIMINE*
TO ADMIT STATEMENTS OF A PARTY OPPONENT INTO EVIDENCE
WITH INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant, Kenneth Keitt, through undersigned counsel, hereby moves this Court, *in limine*, to admit certain statements made by the United States Department of Justice attorneys into evidence.[1]  As grounds for this motion, Mr. Keitt relies upon the following points and authorities and such other points and authorities as may be cited in reply to the Government's response and at any hearing concerning this motion.

The Government has repeatedly stated, in motions and in open court, that this is a loan forgiveness case.  The Government's counsel stood up at the motions hearing in this case and said "[Mr. Keitt] gave the money in the form of loan forgiveness…That will be explained to the jury.  It is on the record.  [Defense counsel] can admit those documents, the Government's admissions of what the theory of the case…." *See* Exhibit 1 at 38 (Transcript of Motion Hearing April 1, 2008).

Earlier, in its response to Mr. Keitt's Motion to Dismiss the Indictment as Duplicitous, the Government made the following admission: "The charge against [Mr. Keitt] relates to his unitary act of forgiving DerMinassian's $6,900 debt, once the entire debt was incurred, and not for making the loans to DerMinassian." *See* Response of the United States to Defendant's

---

[1] Mr. Keitt preserves and does not waive any issues raised in any pre-trial motions.

1

Motion to Dismiss Indictment as Duplicitous at 4 (Document 41) (emphasis added).

In its response to Mr. Keitt's Motion to Dismiss the Indictment as Barred by the Statute of Limitations, the Government made the following admission: "The pending charge relates to defendant's <u>singular</u> conduct in forgiving a $6900 debt owed by a D.C. public official." *See* Response of the United States to Defendant's Motion to Dismiss Indictment as Barred by the Statute of Limitations at 1. (Document 40)(emphasis added).

These statements constitute the admissions of a party opponent and as such should be admitted into evidence. The admission of a party opponent is not hearsay. F.R.E. 801(d)(2). It is well-settled law that, for the purposes of a criminal prosecution, the parties are the government and the defendant. *United States v. Morgan*, 581 F.2d 933, 937 (D.C. Cir. 1978) (noting that the "Federal Rules clearly contemplate that the federal government is a party-opponent of the defendant in criminal cases"); *United States v. Kattar*, 840 F.2d 118, 130 (1st Cir. 1987); *United States v. American Telephone & Telegraph Company*, 498 F. Supp. 353, 358 (D.D.C. 1980). The Government is thus bound by its admissions that this is a loan forgiveness case.

Wherefore, for all of the aforementioned reasons, Mr. Keitt respectfully requests that the Court admit the above statements into evidence as the admission of a party-opponent.

                                            Respectfully submitted,

                                            _____/s/_____
                                            DANIEL T. MCNAMARA
                                            D.C. Bar No. 494834
                                            MALLON & McCOOL, LLC
                                            1776 K Street, N.W.
                                            Suite 200
                                            Washington, D.C. 20006
                                            (202) 393-7088

                                            Counsel for Kenneth Keitt

CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of May 2008, the foregoing Motion *In Limine* to Admit Statements of a Party Opponent into Evidence with Incorporated Memorandum of Points and Authorities and attached proposed Order were served by electronic filing upon:

John Terzaken
Mark Pletcher
U.S. Department of Justice
Antitrust Division
1401 H Street, N.W., Suite 3700
Washington, D.C. 20530


_____/s/_____
DANIEL T. MCNAMARA

Page 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Docket No. CR07-41 (RJL) |
| | : | |
| Plaintiff, | : | April 1, 2008 |
| | : | |
| | : | 2:00 p.m. |
| v. | : | |
| | : | |
| KENNETH KEITT, | : | |
| | : | |
| Defendant. | : | |

. . . . . . . . . . . . . . . . .

TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:     JOHN TERZAKEN, III, ESQ.
                       EMILY W. ALLEN, ESQ.
                       MARK PLETCHER, ESQ.
                       U.S. Department of Justice
                       1401 H Street, NW
                       Suite 3700
                       Washington, DC 20530

For the Defendant:     STEVEN J. McCOOL, ESQ.
                       DANIEL McNAMARA, ESQ.
                       Mallon & McCool, LLC
                       1776 K Street, NW
                       Suite 200
                       Washington, DC 20006

EXHIBIT 1

1    MR. TERZAKEN: Your Honor, if I might just briefly
2    address that since we are not far afield from where we started.
3    You raised two questions. The first is if this case is about
4    loan forgiveness and the way it is pled in the indictment and I
5    think maybe the Defendant conceded so, if this is a case about
6    loan forgiveness, it certainly falls within the statute.

7    The second part that you have asked about is the gave
8    language. The Government will have no problem proving that Mr.
9    Keitt gave $6,900 to DerMinassian. He gave that money in the
10   form of loan forgiveness. When you forgive a loan, you give it
11   to the person free and clear. That will be explained to the
12   jury. It is on the record. Mr. McCool can admit those
13   documents, the Government's admissions of what the theory of the
14   case is because I will tell you when I stand up there in opening
15   statements, that's exactly what I am going to tell them.

16   If there is any confusion on that point, what we are
17   really talking about here is the instruction that the Court is
18   going to give to the jury and I think instructive there are the
19   cases that come out of the duplicity response that the
20   Government filed in response to the duplicity argument.

21   And that is what you are really concerned about here is
22   prejudice to the jury -- to the Defendant in a number of
23   possible ways -- possible double jeopardy, the fact the Court
24   will improperly sentence him, or somehow there won't be a
25   unanimous verdict.