IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | Criminal No. 07-041 (RJL) |
| ) | |
| KENNETH KEITT    ) | |
| ) | |
| Defendant.    ) | |

**DEFENDANT KEITT'S MOTION *IN LIMINE* TO
EXCLUDE KENNETH KEITT'S RESIGNATION LETTER FROM EVIDENCE
WITH INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant, Kenneth Keitt, through undersigned counsel, hereby moves this Court, *in limine*, to exclude his resignation letter from evidence.[1] The reasons supporting this motion are set forth below.

On April 28, 2008, the Government provided its exhibit list. It identified Mr. Keitt's resignation letter as Government Exhibit 32. *See* Government Exhibit List (Document 64). This resignation letter is irrelevant.

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Mr. Keitt is being prosecuted for allegedly forgiving a $6900 loan to Wilhelm DerMinassian for or because of an official act. The resignation letter states that Mr. Keitt resigned from DMJM Harris. *See* Exhibit 1 (Separation Agreement). There is no indication that Mr. Keitt was terminated for any alleged wrongdoing. *Id.* The resignation letter is of no consequence to the determination of whether or not Mr. Keitt forgave a $6900 loan to Mr. DerMinassian for or because of an official act.

Even if the resignation letter was somehow relevant, its probative value is far outweighed

---

[1] Mr. Keitt preserves and does not waive any issues raised in any pre-trial motions.

1

by the danger of unfair prejudice, confusion of the issues, and misleading the jury and thus, must be precluded under Rule 403.  *See* Fed. R. Evid. 403 (excluding evidence if the probative value is substantially outweighed by, *inter alia*, danger of unfair prejudice, confusion of the issues, and misleading the jury).

WHEREFORE, for the reasons set forth above, Mr. Keitt respectfully requests an order excluding his resignation letter from evidence.

Respectfully submitted,

_____/s/_____
DANIEL T. MCNAMARA
D.C. Bar No. 494834
MALLON & McCOOL, LLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
(202) 393-7088

Counsel for Kenneth Keitt

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of May 2008, the foregoing Defendant's Motion *In Limine* to exclude Kenneth Keitt's resignation letter from evidence with Incorporated Memorandum of Points and Authorities and the attached Proposed Order was served electronically upon:

John Terzaken
Mark Pletcher
Emily Allen
U.S. Department of Justice
Antitrust Division
1401 H Street, N.W., Suite 3700
Washington, D.C.  20530


_____/s/_____
DANIEL T. MCNAMARA

# DMJM**HARRIS

DMJM+HARRIS, Inc.
605 Third Avenue
New York, New York 10158

Tel: (212) 973-2900
Fax: (212) 953-0399

January 29, 2004

Mr. Kenneth Keitt
1827 Randolph Street NW
Washington, DC 20011

Dear Ken:

This letter agreement and release ("Agreement") sets forth the terms and conditions regarding your separation of employment from DMJM+HARRIS, Inc. (the "Company").

1. We will accept your resignation, effective February 20, 2004 (the "Termination Date"). Your last day of employment with the Company shall be February 20, 2004, and you will be paid your regular salary through your Termination Date. You hereby agree that you will return to the Company all property, files, and other Company material in your possession, no later than February 27, 2004. Effective upon the Termination Date, you will not be entitled to any payments by the Company, with respect to salary, or other compensation or benefits matters, arising from your employment with the Company, or any other matters whatsoever arising prior to or as of the date of this agreement; provided, you will be paid for your unused accrued Paid Time Off ("PTO"). On the next regularly scheduled paydate after your Termination Date, the Company will pay you all accrued salary earned through the Termination Date, subject to standard payroll deductions and withholdings. You are entitled to these payments regardless of whether or not you sign this Agreement.

2. You will be entitled to exercise, at your cost, any COBRA extension rights to which you may be entitled under law with respect to group health coverage. All other benefits provided by the Company to you shall terminate on your last day of employment.

3. Under the Company's severance policy you are not entitled to any severance. Although under no obligation to do so, the Company is prepared to pay you ten (10) weeks of severance pay, subject to standard payroll deductions and withholdings, in exchange for execution of this Agreement ("Severance Pay"). You agree that you would not otherwise be due this Severance Pay and it is what you are receiving for signing this Agreement.

4. The Company will not contest your filing for unemployment benefits.

5. In consideration of the Severance Pay provided for herein, you voluntarily, knowingly and willingly release and forever discharge the Company, its past and present directors, managers, officers, employees, servants, subsidiaries, divisions, parent corporations, members, shareholders, affiliates, and their successors (all collectively referred to hereinafter as the "Company"), in accordance with applicable law, from any and all claims, complaints, liens, demands, causes of action, obligations, damages and liabilities (including legal expenses) (all hereinafter referred to as "Claims"), known or unknown, that you ever had, now have or may hereafter claim to have against the Company as of the date of this Agreement, arising directly or indirectly out of, or in any way connected with, based upon, or related to, your employment (and its termination) with the Company, including any Claims under local, state, or federal law based on:

AN AECOM COMPANY

**EXHIBIT 1**

Produced Pursuant to 6(e)

DHDOJ0016670

# DMJM**:**HARRIS

Kenneth Keitt
January 29, 2004
Page 2 of 4

    (i)    any Claims arising under the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. Section 621 et seq.;

    (ii)    any Claims (excepting vested rights under any pension or retirement benefit plan maintained by the Company) arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. Section 1000 et seq.;

    (iii)    any Claims arising under the Title VII of the Civil Rights Act of 1964, as amended, Section 42 U.S.C. 2000e et seq. (including, without limitation, the Civil Rights Act of 1991, 105 Stat. 1071);

    (iv)    any Claims arising under the Americans with Disabilities Act of 1990, 42 U.S.C. Section12101 et seq.;

    (v)    any Claims arising under the New York State Human Rights Law, Executive Law Section 296 et seq., and the New York City Human Rights Law, N.Y.C. Charter & Admin. Code Section 8-101 et seq.;

    (vi)    any Claims arising under the Virginia Human Rights Act, Va. Code Section 2.2-3900 et seq., and the Virginians with Disabilities Act, Va. Code Section 51.5-1 et seq.

    (vi)    infliction of any tort; and

    (vii)    breach of contract, whether actual or implied, written or oral; except this paragraph shall not preclude any legal action, claim or demand to enforce this Agreement; and

    (viii)    any Claims ( to the extent not already referenced) arising under any federal, state, or local civil rights, human rights, anti-discrimination, labor, employment, contract or tort law, rule, regulation, order or decision, and the statutory, administrative and common law of the United States, New York, Virginia, District of Columbia, California and or any other jurisdiction, as each of these and the above laws have been amended.

AN AECOM COMPANY

Produced Pursuant to 6(e)

DHDOJ0016671

# DMJM**HARRIS

Kenneth Keitt
January 29, 2004
Page 3 of 4

    b.    You further represent that you have not, at any time up to and including the date on which you sign this agreement, commenced, and will not in the future commence, to the full extent permitted by law, any action or proceeding, or file any charge or complaint, of any nature arising out of the matters released by paragraph 5(a), and you waive to the full extent permitted by law, any right to any monetary or equitable relief in any proceeding that may relate to the matters released by paragraph 5(a). You covenant that you are aware of no other legal proceedings pending between you and the Company.

6.    You agree to keep the existence and terms of this Agreement completely confidential, except that you may disclose it under confidential conditions to members of your immediate family, legal counsel and tax advisor(s). You further agree not to take any action detrimental to the interests of the Company, including, without limitation, negatively comment on, disparage or call into question the business operations or conduct of the Company or its past or present directors, executives, officers or agents.

7.    You confirm that as a material condition of this Agreement that you have been honest, truthful and forthcoming in connection with all company investigations and inquiries regarding your work performance and Company work performed under your supervision.

8.    With the exception of the agreement between you and the Company concerning indemnification of certain legal fees, the terms described in this Agreement constitute the entire agreement between you and the Company and may not be altered or modified other than in writing signed by you and the Company. No promise, inducement or agreement not expressed herein has been made to you in connection with this Agreement, and this Agreement supersedes all prior arrangements, communications, commitments or obligations between yourself and the Company.

9.    All reference inquiries will be handled by Jeff Previtt, or his successor on behalf of the Company. If contracted for a reference, the Company will provide confirmation of your salary, position and your dates of employment with the Company.

10.    You have reviewed the terms of this Agreement and have had an opportunity to confer with legal counsel and other advisors of your own choosing with respect to the terms of this Agreement. You acknowledge that you have entered into this Agreement freely and voluntarily.

11.    You acknowledge that you were advised that you could take up to twenty-one (21) days from the date this Agreement was given to you to review this Agreement and decide whether you would enter into this Agreement. To the extent that you have elected to enter into this Agreement prior to such time, you have done so voluntarily, and have knowingly waived such twenty-one (21) day review period.

12.    You may revoke this Agreement for a period of seven (7) days after its execution (the "Revocation Period"), by delivery of a notarized written notice of revocation (the "Revocation Notice") prior to 5:00 p.m. on the last day comprising the Revocation Period to Elise Greenspan, Vice President and

AN AECOM COMPANY

Produced Pursuant to 6(e)

DHDOJ0016672

# DMJM⚫HARRIS

Kenneth Keitt
January 29, 2004
Page 4 of 4

General Counsel, DMJM+HARRIS, Inc., 605 Third Avenue, 31st floor, New York, New York, 10158. This Agreement shall become irrevocable automatically upon the expiration of the Revocation Period if you do not revoke it in the aforesaid manner. In the event that you revoke the Agreement, or if for any other reason it is held to be unenforceable, all checks, instruments, funds, or other such payments received by you pursuant to the terms of this Agreement shall immediately be returned to the Company.

13. This Agreement shall not become effective, and no payments shall be due you hereunder, until such time as it is received by the Company signed by you and the Revocation Period has expired without any revocation by you of this Agreement.

14. This Agreement shall be construed and enforced pursuant to the laws of the Virginia, applicable to contracts to be performed wholly within the state. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, such provision shall become null and void, leaving the remainder of this Agreement in full force and effect.

15. You agree and understand that nothing in this Agreement is an admission by the Company of any liability or unlawful conduct whatsoever.

If the above sets forth our agreement as you understand it and consent to it, please so signify by executing the enclosed copy of this Agreement and returning it to me.

Very truly yours,

DMJM+HARRIS, Inc.

*[signature]*

Frederick W. Werner
President and COO

Agreed to and accepted:

*[signature]*

Kenneth Keitt

Date executed _____/ 9_____, 2004

AN AECOM COMPANY

Produced Pursuant to 6(e)

DHDOJ0016673

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| v. | ) | **Criminal No. 07-041 (RJL)** |
| | ) | |
| | ) | |
| **KENNETH KEITT** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Upon consideration of Defendant Kenneth Keitt's Motion *In Limine* to Preclude Kenneth Keitt's Resignation Letter from Evidence with Incorporated Memorandum of Points and Authorities, the Government's response thereto, and the entire record in this case, it is this ____ day of May 2008, hereby

ORDERED, that the Government is precluded from offering Kenneth Keitt's resignation letter into evidence.

_____
THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT COURT JUDGE