## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Criminal No. 07-041 (RJL)** |
| **v.** | ) | |
| | ) | |
| **KENNETH KEITT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### RESPONSE OF THE UNITED STATES TO DEFENDANT'S
### MOTION TO EXCLUDE EVIDENCE RELATED TO THE
### PROPRIETY OF MAKING A LOAN TO A GOVERNMENT OFFICIAL

The United States, by and through undersigned counsel, respectfully opposes

defendant's motion to exclude evidence related to the propriety of making a loan to a

government official.  *See* Defendant's Motion To Exclude Evidence Related to the

Propriety of Making a Loan to a Government Official (dated May 5, 2008) (filed under

seal).  Such evidence is highly relevant to the development of the facts in this case as

well as directly probative of defendant's state of mind in committing this crime.

Defendant's motion should, therefore, be denied.[1]

---

[1] Defendant has also moved to admit statements of a party opponent by the United States describing the criminal conduct charged in this case.  *See* Defendant's Motion To Admit Statements of a Party Opponent (Document No. 75) (dated May 5, 2008).  The United States, which intends to repeat these representations as the theory of its prosecution in opening statements, during the direct and cross-examination of witnesses, in closing argument and rebuttal, and has already proposed such instructions to the jury, opposes, as needlessly cumulative, the introduction of the snippets culled by defendant from various hearings.  As an alternative, if the Court is so inclined to introduce these statements, the United States has no objection, so long as it is permitted to introduce contemporaneously the statements, not as snippets and sound bites, but in their fair context, as required by Federal Rule of Evidence 106.

## A.      Witness Testimony About Extending a Loan to a Public Official

The United States is prosecuting defendant for the single, unitary act of forgiving any obligation Wilhelm Derminassian may have had to repay $6900 extended to him by defendant. That this is the theory of criminal liability does not foreclose that defendant's acts and state of mind in extending the money to Mr. Derminassian in the first place are integral to the story. Indeed, that he was directly told twice by his superiors that giving things of value, including cash, cash equivalents, and loans, were impermissible and against DMJM corporate policy bears directly on defendant's state of mind when he extended money to Mr. Derminassian and when he thereafter forgave any obligation Mr. Derminassian had to repay it, either to DMJM, defendant, or Mr. Travers.

Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. All relevant evidence is admissible, Fed. R. Evid 402, unless its probative value is "outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403.

The United States expects the Mr. Robert Edelstein and Mr. Ira Levy will both testify about independent conversations they had with defendant, wherein defendant

asked whether he could give cash or cash loans to a public official.[2]  Both Mr. Edelstein

and Mr. Levy told defendant that he could not give cash or cash loans to a public

official.  This testimony is directly relevant to defendant's act of extending money to

Mr. Derminassian and later forgiving him of any obligation to repay it.  Unquestionably

this evidence makes more probable that defendant knew what he was doing was wrong

and contrary to corporate policy.  It also makes less probable defendant's proffered

defenses that Mr. Derminassian tricked him into extending this money or that he believed

the money was for a legitimate business purpose.

Defendant's claim that a conversation about giving a loan is irrelevant to a

criminal case about forgiving a loan is farcical on its face.  Indeed, if defendant

discussed with his superiors that he was forbidden from giving a loan to a public official,

certainly the jury should be permitted to extrapolate that defendant could figure out that

allowing the public official to keep free and clear money previously given would be

similarly verboten.

While undoubtedly relevant for many reasons, this evidence is not unduly

prejudicial or misleading, as envisioned by Federal Rule of Evidence 403.  Although the

evidence is damaging to defendant, essentially undermining one anticipated defense, it is

not prejudicial in that it has no tendency to inflame the jury to disregard the facts.  Nor

---

[2]  While the conversation with Mr. Edelstein referenced Mr. Derminassian specifically, the
conversation with Mr. Levy was apparently couched relative to a hypothetical public official.

is this evidence misleading. The jury will be clearly instructed about the crime charged and the elements necessary for a conviction. That extending a loan is a necessary antecedent for forgiving a loan is just commonsense, easily grasped by every juror as relevant and necessary to understanding this case. That defendant was told not to do it by his superiors, every juror will likewise understand as directly relevant to defendant's state of mind in committing this crime.

**B.    Witness Testimony Does Not Ask for a Legal Conclusion**

Contrary to defendant's assertions, the proffered witness testimony of Mr. Edelstein and Mr. Levy will not be legal conclusions by a lay witnesses. This testimony does not require either witness to opine about the law; instead, it will touch upon the witnesses's understanding of DMJM corporate policy as applied to defendant's questions about whether he could give cash or cash loans to a public official. Indeed, what irony that defendant now seeks to exclude this testimony, for it was defendant who first asked these witnesses for these same conclusions, because of their intuition, wisdom, and experience within DMJM.

In addition, such testimony is offered only for its effect on defendant's state of mind, not for the rectitude of the advice received. The testimony will demonstrate defendant's boss and his boss's boss emphatically put him on notice that his contemplated conduct of extending cash or making loans to a public official was impermissible. This evidence goes directly to defendant's state of mind when he first

gave Mr. Derminassian money and later forgave him of any obligation to repay it, without so much as a note to the official file or a notification to the corporate office of an unpaid debt.  For these reasons, defendant's motion to exclude testimony about extending a loan to a public official should be denied.

### C.    DMJM Corporate Code of Conduct

Like the contested witness testimony, evidence of DMJM's Corporate Code of Conduct is directly relevant to multiple issues in this case.  In a section entitled "Giving," DMJM's corporate policy expressly forbade defendant from giving "cash or cash equivalent, (such as gift certificates, loans, stock, stock options)" to a public official.  *See* Gov't Exh. 14.  The Code of Conduct directly underpins Mr. Edelestein's and Mr. Levy's advice to defendant not to give cash or cash loans to a public official.  It also bears prominently upon defendant's state of mind in disregarding the advice of his superiors by extending money to Mr. Derminassian and subsequently forgiving his obligation to repay it, all the while concealing his activities from DMJM's corporate officers and the hierarchy of the DC DOT.

In *United States v. Morlang*, the Fourth Circuit described when such codes of conduct were admissible in the related bribery context.  531 F.2d 183, 191-92 (4th Cir. 1975).  The court held that the jury should have been instructed only as to those standards which "reasonably related to the discharge of specific duties . . . related to the issues in this case."  *Id.*  "[T]hese standards must prescribe duties and modes of

conduct as opposed to broad ethical and moral precepts." *Id.*

In this case, the portion of DMJM's Code of Conduct in question does just that. It expressly forbids the very modes of conduct at issue in this case – giving "cash or cash equivalent (such as . . . loans . . .)" to a public official. Extending a loan and subsequently forgiving any obligation to repay it is akin to giving cash or cash equivalent, and the DMJM Code of Conduct expressly forbids this mode of conduct.

Nevertheless, defendant, trying to tiptoe along *Morlang*'s topographical contours, argues that the Code of Conduct "does not prescribe duties and modes of conduct relating to loan forgiveness." Def. Mot. at 3. The Fourth Circuit, however, does not so rigidly require a Code of Conduct to list exhaustively every proscribed mode of conduct. While in *Morlang*, the court thought irrelevant the general proscriptions of "imped[ing] government efficiency" and "affect[ing] adversely the confidence of the public," 531 F.2d at 193, here, by contrast, the DMJM Code of Conduct expressly forbids the discrete mode of conduct of giving "cash and cash equivalents (such as . . . loans . . .)" to public officials. Defendant's blatant disregard of this specific proscription not to give cash or cash equivalent to a public official, despite his superiors' guidance to the contrary, is directly relevant to the core issues of this case, and should therefore be admitted over defendant's objections to the contrary.

**Conclusion**

For the foregoing reasons, defendant's Motion To Exclude Evidence Related to the Propriety of Making a Loan to a Government Official should be denied.

DATED this 12th day of May, 2008.

Respectfully submitted,

_____/s/_____
JOHN F. TERZAKEN III (D.C. Bar # 474015)
MARK W. PLETCHER
EMILY W. ALLEN
Trial Attorneys, Antitrust Division
U.S. Department of Justice
450 5th Street, N.W., 11th Floor
Washington, D.C.  20530
Telephone: (202) 307-0719
Facsimile:   (202) 514-6525
E-mail:  john.terzaken@usdoj.gov
              mark.pletcher@usdoj.gov
              emily.allen@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of May 2008, the foregoing RESPONSE OF

THE UNITED STATES TO DEFENDANT'S MOTION TO EXCLUDE EVIDENCE

RELATED TO THE PROPRIETY OF MAKING A LOAN TO A GOVERNMENT

OFFICIAL, was filed electronically and to the best of my knowledge, information and

belief, counsel for defendant Kenneth Keitt will be notified through the Electronic Case

Filing System.


                              _____/s/_____
                              JOHN F. TERZAKEN III (D.C. Bar # 474015)
                              Trial Attorney, Antitrust Division
                              U.S. Department of Justice
                              450 5th Street, N.W., 11th Floor
                              Washington, D.C.  20530
                              Telephone:  (202) 307-0719
                              Facsimile:   (202) 514-6525
                              E-mail: john.terzaken@usdoj.gov