IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **Criminal No. 07-041 (RJL)** |
| **v.** ) | |
| ) | |
| **KENNETH KEITT,** ) | |
| ) | |
| **Defendant.** ) | |

**RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE GOVERNMENT FROM ASKING CHARACTER WITNESSES GUILT-ASSUMING HYPOTHETICAL QUESTIONS**

The United States, by and through undersigned counsel, respectfully opposes defendant Kenneth Keitt's motion to preclude hypothetical questions on cross-examination of defendant's character witnesses that ask the witness to assume that defendant has committed the acts charged. *See* Defendant Keitt's Motion in Limine to Preclude the Government from Asking Character Witnesses Any Guilt-Assuming Hypothetical Questions at 4-5 (Document No. 76) (filed May 5, 2008) ("Motion To Preclude Cross-Examination"). Because such testimony comports with the Federal Rules of Evidence and has been explicitly found admissible by the District of Columbia Circuit, *United States v. White*, 877 F.2d 267, 274-75 (D.C. Cir. 1989), defendant's motion, which asks this Court to contravene controlling D.C. Circuit case law, should be denied.

Federal Rule of Evidence 404(a)(1) provides for an exception to the general prohibition on evidence of a defendant's character. The Rule allows a defendant to

admit evidence of "a pertinent trait of character." As the D.C. Circuit has noted, "while a criminal defendant can put character in issue, the evidence can concern only a 'pertinent trait of character,' and even then may be excluded if 'its probative value is substantially out-weighed by the danger of unfair prejudice.'" *United States v. Harris*, 491 F.3d 440, 447 (D.C. Cir. 2007) (citations omitted). The method of introducing or rebutting this evidence is provided at Federal Rule of Evidence 405: If the evidence satisfies the pertinence requirement, then "proof may be made by testimony as to reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a).

A defendant's introduction of character witnesses, of course, opens the door for cross-examination by the United States—where, the Rule provides, "inquiry is allowable into relevant specific instances of conduct."[1] *Id.* In *United States v. White*, the D.C. Circuit helped define the boundaries of specific instances of conduct to which the government may inquire. 877 F.2d at 274-75. The court found no error in Judge Greene's decision to permit cross-examination of a character witness with "hypotheticals that assumed [the defendant] was guilty of the crimes for which he was on trial." *Id.* at 274. The court found that this form of cross-examination is permissible when the

---

[1] Should defendant choose to introduce character evidence, the United States must also be permitted to rebut those claims with affirmative evidence of its own. *See* Fed. R. Evid. 404(a)(1). "After all, '[t]he price a defendant must pay for attempting to prove his good name is to throw open the entire subject which the law has kept closed for his benefit and to make himself vulnerable where the law otherwise shields him.'" *United States v. James*, 555 F.2d 992, 997 (D.C. Cir. 1977) (quoting *Michelson v. United States*, 335 U.S. 469, 479 (1948)).

witness has testified to his opinion of the defendant's character. *Id.* at 274-75.

The D.C. Circuit's decision was founded on sound evidentiary principles. These hypothetical questions will help the jury determine the bias or motivation of character witnesses called upon to testify about their own opinions, and provide clarity on the extent of the witness's confidence in a defendant's good character. *See* Fed. R. Evid. 701(b). Moreover, a character witness's opinion of a defendant in light of specific hypothetical scenarios is based on the witness's own perception. *Id.* at 701(a).

Defendant's argument that *White* is inconsistent with decisions in other circuits misunderstands the clear distinction between opinion and community reputation testimony. *See* Motion To Preclude Cross-Examination at 4-5. In *White*, the Court suggested that "[c]ross-examination of witnesses who testify only to the defendant's *community reputation* with hypotheticals assuming guilt may be improper." 887 F.2d at 274 (emphasis added). Thus, the permissible bounds of cross-examination depend on which form of testimony the witness provides under Rule 405—testimony as to reputation in the community or testimony in the form of a personal opinion.

This distinction has been drawn and adopted by at least two other circuits. The Second Circuit, in *United States v. Morgan*, equated opinion character testimony to expert testimony, which has "traditionally been given in response to hypothetical

questions based on the evidence in the case."[2]  554 F.2d 31, 33 (2d Cir. 1977).  Distinguishing the facts before it from other cases where witnesses have testified to the defendant's reputation in the community, the Court had no trouble concluding that opinion evidence "may be permitted in the exercise of the trial judge's discretion."  *Id.*

In *United States v. Polsinelli*, the Tenth Circuit reversed the defendant's conviction because the prosecutor cross-examined a character witness who testified to the defendant's community reputation with hypothetical questions that assumed the defendant had committed the acts charged.  649 F.2d 793, 799 (10th Cir. 1981).  The court explained that its decision was consistent with *Morgan* by focusing on the distinction between community reputation and opinion testimony.[3]  *Id.*

The D.C. Circuit has likewise chosen its side in the "reputation-opinion debate,"

---

[2]  Throughout the discussion in *Morgan*, the Court refers to opinion testimony as "expert" character testimony, suggesting that *any* witness testifying pursuant to Federal Rule of Evidence 405(a) about his or her own opinion of a defendant's character is an "expert" witness from whom "some latitude in cross-examination must be allowed."  554 F.2d at 33.  The discussion of "non-expert" character witnesses, in which the Court opined "that the probative value of a hypothetical question such as the one at issue herein is negligible and that it should not be asked," appears to refer only to testimony of a defendant's reputation in the community.  *Id.*  The D.C. Circuit presumably agreed with this interpretation in *White*, citing *Morgan* as support for its distinction.  887 F.2d at 275.

[3]  In *Polsinelli*, however, the Tenth Circuit also pointed out the limits of its holding:  "[W]e do not intend to imply that such cross-examination would have been proper had the character witnesses expressed their personal opinion of Polsinelli's character.  Resolution of that particular matter must await a different fact situation."  649 F.2d at 799.

*United States v. Wilson*, 983 F.2d 221, 224 (11th Cir. 1993) (declining to enter that debate), ruling squarely in favor of allowing hypothetical questions that assume the guilt of a defendant when the witness being cross-examined has testified to his personal opinions about the defendant. *White*, 887F.2d at 274-75; *see also United States v. Edwards*, 76 Fed.Appx. 335, 336 (D.C. Cir. 2003) (unpublished) (noting that "guilt-assuming hypoothetical questions are not error in this circuit"). In so holding, the D.C. Circuit has rejected the argument, repeated by defendant in his Motion to Preclude Cross-Examination, that the introduction of such testimony offends due process or the Federal Rules of Evidence. Defendant cannot ask this Court to contravene that precedent and hold otherwise.

Accordingly, the United States respectfully submits that defendant's motion to preclude hypothetical questions that assume the guilt of defendant should be denied.

DATED this 12th day of May, 2008.

>Respectfully submitted,
>
>   /s/
> _____
> EMILY W. ALLEN
> MARK W. PLETCHER
> JOHN F. TERZAKEN III (D.C. Bar # 474025)
> Trial Attorneys, Antitrust Division
> U.S. Department of Justice
> 1401 H Street, N.W., Suite 3700
> Washington, D.C.  20530
> Telephone:  (202) 307-0946
> Facsimile:   (202) 514-6525
> E-mail: emily.allen@usdoj.gov
>         mark.pletcher@usdoj.gov
>         john.terzaken@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May, 2008, the foregoing RESPONSE OF THE UNITED STATES TO DEFENDANT KEITT'S MOTION IN LIMINE TO PRECLUDE THE GOVERNMENT FROM ASKING CHARACTER WITNESSES GUILT-ASSUMING HYPOTHETICAL QUESTIONS was filed electronically and to the best of my knowledge, information and belief, counsel for Defendant Kenneth Keitt will be notified through the Electronic Case Filing System.

/s/
EMILY W. ALLEN
Trial Attorney, Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 3700
Washington, D.C.  20530
Telephone:  (202) 307-0946
Facsimile:   (202) 514-6525
E-mail: emily.allen@usdoj.gov