IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No.  07-041 (RJL) |
| | ) | |
| | ) | |
| KENNETH KEITT | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT KENNETH KEITT'S OPPOSITION
TO THE GOVERNMENT'S PROPOSED REVISED JURY INSTRUCTION
ON THE ELEMENTS OF AN ILLEGAL GRATUITY AND INCORPORATED
MEMORANDUM OF POINTS AND AUTHORITIES

Kenneth Keitt, by and through undersigned counsel, respectfully submits the following in opposition to the government's proposed revised jury instruction on the elements of an illegal gratuity offense.[1]

I. BACKGROUND

On April 28, 2008, Mr. Keitt submitted proposed jury instructions in the above-captioned case. Mr. Keitt's submission included a proposed instruction on the elements of an illegal gratuity offense. This proposed instruction is set forth below.

ELEMENTS OF AN ILLEGAL GRATUITY OFFENSE

The defendant has been charged with giving an illegal gratuity. To prove giving an

---

[1] The government has also submitted a proposed jury instruction on the "Statute of Limitations." *See* Document No. 78, at 6. Mr. Keitt too has submitted a "Statute of Limitations" instruction for the Court's consideration. *See* Keitt's Proposed Jury Instructions, at 42-43. Mr. Keitt specifically objects to the following language in the government's submission: "in this case, forgiving any obligation to repay the $6,900." It is the jury's function to determine whether the government has proved "a thing of value" beyond a reasonable doubt. If the jurors can make that finding unanimously, it is their role to determine whether "the thing of value" was provided within the applicable limitations period. Mr. Keitt requests that the statute of limitations instruction he proposed be given be the Court.

illegal gratuity, the government must prove beyond a reasonable doubt each of the following three elements of this offense:

First, that Kenneth Keitt gave a thing of value not authorized by law to Wilhelm Derminassian;

Second, that Mr. Keitt did so for or because of an official act to be performed by Wilhelm Derminassian; and

Third, that at that time, Wilhelm Derminassian was a public official.[2]

The term "public official" includes an officer or employee or person acting for or on behalf of the District of Columbia, in any official function, under or by authority of such department, agency or branch of government.[3]

Not all acts taken by a public official are "official acts." An "official act" is defined as any decision or action on any question, matter, cause, suit, proceeding or controversy, which may at any time, be pending, or which may by law be brought before any public official, in such official's official capacity.[4] The government cannot meet its burden of proof beyond a reasonable doubt merely by showing that a public official used his public office for his private ends.[5] In order to satisfy the "official act" element of an illegal gratuity offense, the government must prove beyond a reasonable doubt that the "public official" had the authority to legally bind

---

[2]Adapted from the Fifth Circuit Pattern Jury Instructions (2001). *See also*, 18 U.S.C. § 201(c)(1)(A).

[3]18 U.S.C. § 201(a)(1).

[4]18 U.S.C. § 201(a)(3).

[5]*United States v. Mustain*, 610 F.2d 964 (D.C. Cir. 1979).

the government on the matter in question.[6]

The government must also prove beyond a reasonable doubt that Mr. Keitt gave "a thing of value" to a public official "for or because of" an official act to be performed by that public official.

In order to satisfy the "thing of value" element of an illegal gratuity offense, the government must prove beyond a reasonable doubt that the "public official" placed some value on the item the government alleges he received.[7]

In order to satisfy the "for or because of" element of an illegal gratuity offense, the government must prove the following beyond a reasonable doubt. First, the government must identify and prove beyond a reasonable doubt a specific official act for or because of which a thing of value was given.[8] It is not sufficient for the government to prove that Mr. Keitt became aware of an inchoate government proposal that could affect his or his employer's interests, and subsequently provided something of value to a relevant official, even if the proposal later appeared in a more concretized form.[9] Second, the government must prove beyond a reasonable doubt a link or nexus between a thing of value given by Mr. Keitt and a specific official act

---

[6]*United States v. Valdes*, 475 F.3d 1319, 1324 (D.C. Cir. 2007)("It would be linguistically odd, at a minimum, to treat an answer to a question as a "decision or action on" a question the government had authority to decide.").

[7]*United States v. Sun-Diamond Growers of California*, 941 F. Supp. 1262 (D.D.C. 1996), *rev'd on other grounds*, 138 F.3d 961 (D.C. Cir. 1998), *judgment aff'd*, 526 U.S. 398 (1999); *United States v. Gorman*, 807 F.2d 1299 (6th Cir. 1987); *United States v. Williams*, 705 F.2d 603 (2nd Cir. 1983).

[8]*United States v. Sun-Diamond Growers of California*, 526 U.S. 407 (1999); *United States v. Kirkland,* 330 F.Supp.2d 1151, 1174 (D. Or. 2004).

[9]*United States v. Schaffer*, 183 F.3d 833 (D.C. Cir. 2000).

3

performed by a public official.[10]  Third, the government must also prove beyond a reasonable doubt a "temporal nexus" between the alleged thing of value given to the public official and the specific official act performed or to be performed in return.[11]  In other words, the government must prove beyond a reasonable doubt that the "thing of value" and the "official act" were sufficiently close in time.[12]  Finally, the government must prove beyond a reasonable doubt a substantial motivational link between a thing of value conferred upon the public official and a specific official act for or because of which it was given.[13]

It is <u>not</u> a crime to give things of value to a public official merely to get cozy or in the hopes of inducing warm feelings towards the giver or the giver's employer.[14]  The giving of a thing of value by reason of the public official's position or office does not constitute a crime.[15]  If the evidence shows that Mr. Keitt was motivated by the public official's general capacity to decide matters that affected Mr. Keitt's business interests or if Mr. Keitt was seeking merely to build a reservoir of goodwill, then you <u>must</u> acquit Mr. Keitt.[16]

---

[10]*United States v. Sun-Diamond Growers of California*, 526 U.S. 398, 406, 414 (1999).

[11]*United States v. Schaffer*, 183 F.3d 833 (D.C. Cir. 2000).

[12]*United States v. Schaffer*, 183 F.3d 833 (D.C. Cir. 2000).

[13]*United States v. Sun-Diamond Growers of California*, 526 U.S. 407 (1999); *United States v. Kirkland,* 330 F.Supp.2d 1151, 1174 (D. Or. 2004).

[14]*United States v. Schaffer*, 183 F.3d 833 (D.C. Cir. 2000).

[15]*United States v. Sun-Diamond Growers of California*, 526 U.S. 407 (1999).

[16]*United States v. Sun-Diamond Growers of California*, 526 U.S. 407 (1999); *United States v. Kirkland,* 330 F.Supp.2d 1151, 1174 (D. Or. 2004).

II. DISCUSSION

On May 9, 2008, the government submitted a revised proposed instruction on the elements of an illegal gratuity offense. This revised proposed instruction is inconsistent with the legal authority interpreting 18 U.S.C. § 201(c)(1)(A) and, therefore, it must be rejected. Mr. Keitt's proposed in instruction is fully supported by the applicable caselaw and, therefore, it should be approved by this Court.[17]

The government asks the Court to include the following language to define a thing of value:

> Something of value includes things possessing intrinsic value; it does not have to be money. Something of value can include extending a loan with favorable terms, or forgiving an obligation to repay money previously extended.

*See* Document No. 78, at 3. The government asks the Court to invade the province of the jury by instructing them on the government's theory of liability. This is simply not appropriate.

---

[17] The government proposes the following language with respect to the intent requirement for an illegal gratuity offense:

> The thing of value need not have been given only for or because of the official acts, because people rarely act for a single purpose. Rather, activity is more typically multi-causal and directed toward achieving several ends, rather than a single one. So, to find a thing of value was given for or because of the official acts, you must find that the gift <u>was in large part motivated by or substantially associated with the official acts charged in this case.</u> In making this determination, you, the jury, may use specific statements and contemporaneous documentation to determine the defendant's motivation for giving the things of value, but you may also determine the defendant's motivation on the basis of the circumstances surrounding the defendant's actions.

Document No. 78. In *Schaffer*, this Circuit wrote that a defendant's state of mind in the context of an illegal gratuity focuses on "whether the acts in question were substantially, or in large part motivated by the requisite intent to influence the Secretary." *Schaffer,* 183 F.3d at 843. The court of appeals did not use the word "associated," as offered by the government. Mr. Keitt has proposed an instruction on "Proof of State of Mind." *See* Keitt's Proposed Jury Instructions, at 28. Mr. Keitt's proposal is fully consistent with the applicable law, and we request that the Court give this instruction to the jury.

Moreover, the government misstates the law in this area. Mr. Keitt, in his proposed instruction, correctly states: In order to satisfy the "thing of value" element of an illegal gratuity offense, the government must prove beyond a reasonable doubt that the "public official" placed some value on the item the government alleges he received. *United States v. Sun-Diamond Growers of California*, 941 F. Supp. 1262 (D.D.C. 1996), *rev'd on other grounds*, 138 F.3d 961 (D.C. Cir. 1998), *judgment aff'd*, 526 U.S. 398 (1999); *United States v. Gorman*, 807 F.2d 1299 (6th Cir. 1987); *United States v. Williams*, 705 F.2d 603 (2nd Cir. 1983).

The government goes on to misstate the law regarding the "for or because of an official act" element of an illegal gratuity offense. *See* Document No. 78, at 4. In its revised instruction, the government proposes the following language.

> The officials acts charged in this case are those decisions pending or to be pending related to the operational support contract.
>
> You must find that the thing of value was given for or because of <u>those official acts</u>. Something given "for or because of" could be a reward for past acts performed related to a contract; an enticement for future action with respect to a contract; or could simply be given in the hope that when issues surrounding a contract came before a government agency for consideration and decision, that the responsible public official would listen hard to, and hopefully be swayed by, the defendant's proposals, suggestions, and/or concerns.

Document No. 78, at 4. The government cannot meet its burden of proof beyond a reasonable doubt merely by showing that a public official used his public office for his private ends. *See United States v. Mustain*, 610 F.2d 964 (D.C. Cir. 1979). In order to satisfy the "official act" element of an illegal gratuity offense, the government must prove beyond a reasonable doubt that the "public official" had the authority to legally bind the government on the matter in question. *See United States v. Valdes*, 475 F.3d 1319, 1324 (D.C. Cir. 2007)("It would be linguistically odd, at a minimum, to treat an answer to a question as a "decision or action on" a question the government had authority to decide.").

6

In order to satisfy the "for or because of" element of an illegal gratuity offense, the government must identify and prove beyond a reasonable doubt a <u>specific official act</u> for or because of which a thing of value was given. *See United States v. Sun-Diamond Growers of California*, 526 U.S. 407 (1999)(The statutory terms are <u>"pregnant with the requirement that some particular official act be identified and proved."</u>)(emphasis added); *United States v. Kirkland,* 330 F.Supp.2d 1151, 1174 (D. Or. 2004). Moreover, it is <u>not</u> sufficient for the government to prove that Mr. Keitt became aware of an inchoate government proposal that could affect his or his employer's interests, and subsequently provided something of value to a relevant official, even if the proposal later appeared in a more concretized form. *See United States v. Schaffer*, 183 F.3d 833 (D.C. Cir. 2000). Furthermore, the government must prove beyond a reasonable doubt a link or nexus between a thing of value given by Mr. Keitt and a specific official act performed by a public official. *See United States v. Sun-Diamond Growers of California*, 526 U.S. 398, 406, 414 (1999). In addition, the government must also prove beyond a reasonable doubt a "temporal nexus" between the alleged thing of value given to the public official and the specific official act performed or to be performed in return. *See United States v. Sun-Diamond Growers of California*, 526 U.S. 398, 406, 414 (1999). In other words, the government must prove beyond a reasonable doubt that the "thing of value" and the "official act" were sufficiently close in time. *See United States v. Schaffer*, 183 F.3d 833 (D.C. Cir. 2000). Finally, the government must prove beyond a reasonable doubt a substantial motivational link between a thing of value conferred upon the public official and a specific official act for or because of which it was given. *See United States v. Sun-Diamond Growers of California*, 526 U.S. 407 (1999); *United States v. Kirkland,* 330 F.Supp.2d 1151, 1174 (D. Or. 2004). All of this is missing from the government's proposed instruction.

To reach it conclusion that anything relating to the Operational Support Contract is deemed one "official act" under 18 U.S.C. § 201, the government lifts *dicta* to equate the statutory term "matter" with a wide-range of actions pending before a government official. There is no support for this conclusion. In *United States v. Sun-Diamond Growers of California*, 526 U.S. 407 (1999), the Supreme Court held that "in order to establish a violation of 18 U.S.C. 201(c)(1)(A), the Government must prove a link between a thing of value conferred upon a public official and a specific "official act" for or because of which it was given." Thus, the government's theory has been soundly rejected by the *Sun-Diamond* Court.

Moreover, if the government's theory is adopted by the Court, it is likely that a conviction would be produced by a non-unanimous verdict. Under the government's proposed instruction, Mr. Keitt may be convicted because two jurors think the official act is "DC DOT's decision to exercise option years on the operational support contract" (Document No. 78, at 9-10), four jurors may think the official act relates to "task orders" (Document No. 78, at 10) and six jurors may think the official act is "the ultimate authority to terminate the operational support contract" (Document No. 78, at 10).

The government cites *Schaffer* and *United States v. Ahn,* 231 F.3d 26, 33 (D.C. Cir. 2000), for the proposition that an illegal gratuity can be (1) a reward for past action; (2) an enticement to maintain a position already taken; or (3) an inducement to take or refrain from future official action. *Schaffer,* 183 F.3d at 841-42. *See* Document No. 78, at 12-13.[18] While

---

[18]In *Ahn,* the Circuit acknowledged that the government's factual proffer in support of Ahn's guilty plea did not state a link between the payments and an official act…." *Ahn,* 231 F.2d 26, at 398. The court of appeals went on to state that the proffer provided sufficient evidence from which a jury "could" conclude that Ahn was guilty. *Id.* The *Ahn* Court did not hold that it would be appropriate to instruct a jury on all three forms of an illegal gratuity offense and allow them to decide whether the government has met its burden with respect to any of them.

an illegal gratuity offense can take of these forms, the government misses the mark and again ignores the holding in *Sun-Diamond*. The Supreme Court made it plain in *Sun-Diamond* that "in order to establish a violation of 18 U.S.C. 201(c)(1)(A), the Government must prove <u>a link between a thing of value conferred</u> upon a public official and a <u>specific "official act"</u> for or because of which it was given." Indeed, in *Schaffer*, this Circuit emphasized that "[t]he breadth of the Supreme Court's *Sun-Diamond* opinion with respect to identifying a <u>particular</u> official act must of necessity spill over here, creating the need for a more definitive link than the prosecution provided [in that case]." *Schaffer,* 183 F.3d at 844(emphasis in the original). The government is asking this Court to return to a "status-based" reading of 18 U.S.C. § 201(c)(1)(A). *Schaffer,* 183 F.3d at 844-45. The Supreme Court and this Circuit have foreclosed this option.

If the government's theory is adopted by the Court, the same problem described above – the danger of a non-unanimous verdict – will again arise. Under the government's theory, Mr. Keitt may be convicted because two jurors think a thing of value was linked and substantially motivated by "DC DOT's decision to exercise option years on the operational support contract" (Document No. 78, at 9-10), four jurors may think a thing of value was linked and substantially motivated by "task order<u>s</u>" (Document No. 78, at 10) and six jurors may think a thing of value was linked and substantially motivated by "the ultimate authority to terminate the operational support contract" (Document No. 78, at 10).[19]

---

[19]The government cites *United States v. Campbell*, 684 F.2d 141 (D.C. Cir. 1982) in its submission.  Document No. 78, at 9.  This case was decided before *Sun-Diamond.* Notwithstanding, *Campbell* offers no support for the government's position.  Campbell did not object to the jury charge on an illegal gratuity offense in the district court.  As a result, his claim on appeal was considered under a "plainly erroneous" standard. *Campbell,* 684 F.2d at 148.

### III. CONCLUSION

For the reasons set forth herein, and those discussed in our earlier submissions, Mr. Keitt requests that the Court adopt the jury instructions proposed by the defendant.

Respectfully submitted,

_____/s/_____
STEVEN J. McCOOL
D.C. Bar No. 429369
MALLON & McCOOL, LLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
(202) 393-7088

Counsel for Kenneth Keitt

CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of May 2008, the foregoing Defendant's Opposition to the Government's Revised Proposed Jury Instructions was served by electronic filing upon:

John Terzaken
Mark Pletcher
Emily Allen
U.S. Department of Justice
Antitrust Division
1401 H Street, N.W., Suite 3700
Washington, D.C. 20530

_____/s/_____
STEVEN J. McCOOL