IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Criminal No. 07-041 (RJL)** |
| **v.** | ) | |
| | ) | |
| **KENNETH KEITT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPPOSITION OF THE UNITED STATES TO DEFENDANT'S
THIRD MOTION TO CONTINUE THE MAY 20, 2008 TRIAL DATE**

Where defendant has not demonstrated that his proposed character witness, the Honorable John F. Dean, is unavailable or essential to his defense, the Court should not prejudice the public's right to the speedy trial of this pending criminal case by continuing the May 20 trial date or interjecting unnecessary delay into the trial calendar. Defendant's Third Motion To Continue the May 20, 2008 Trial Date (Document No. 85) (dated May 14, 2008) and Supplemental Motion (Document No. 90) (dated May 16, 2008) in support thereof (collectively "Motion To Continue") should be denied.[1]

**STATEMENT OF FACTS**

On April 29, 2008, the Court informed the parties of its proposed solution to the then problem of an unavailable government witness, Ira Levy. Third Party Ira Levy's Motion To Quash or Modify Trial Subpoena, Misc. No. 08-173 (dated March 27, 2008). At that hearing, the Court proposed the following solution: (1) if the Court could move

---

[1] For all the reasons stated herein, the United States similarly opposes interjecting a delay between the government's case-in-chief and any defense case to allow Judge Dean to testify later in the trial calendar – relief which has not been requested by defendant.

another criminal case on its docket, the start of the trial would be moved from May 14 to May 20 to allow Mr. Levy to testify live; alternatively, (2) if the Court could not move the other criminal case, the parties would take a Rule 15 deposition of Mr. Levy on May 6 and the trial would start on May 14 as previously scheduled.  Importantly, to ensure that its plan would resolve all pending scheduling issues, the Court asked the parties to confirm by May 6 that an order moving the trial to May 20 would not cause further witness conflicts.  On May 6, having received no such objections from the parties and learning that its other criminal matter could be moved, the Court issued an Order rescheduling the trial to begin May 20.  Order (May 6, 2008).

   Now, one and a half weeks after the deadline imposed by the Court, five days before the start of the trial, and after all of the subpoenaed witnesses in this case – which number over thirty – rearranged their schedules to be available for trial, defendant moves to continue the trial date on grounds that the trial calendar is inconvenient for one available, and otherwise immaterial, character witness who was validly served with a subpoena to testify at trial as scheduled.  Motion To Continue (Document No. 85), ¶¶ 1-5. Defendant proposes delaying the trial another two months, until August.  *Id.,* ¶ 6.

## **ARGUMENT**

   The public has as much a right as defendant to the speedy trial of the pending criminal case and to the opportunity to have a jury consider its case without unnecessary delay or interruption.  *Zedner v. United States*, 547 U.S. 489, 500-01 (2006).  That right

cannot be disrupted because of a witness conflict absent a clear showing that the witness is both unavailable and essential. 18 U.S.C. § 3161(h)(3)(A) (stating that among the reasons for excludable time under the Speedy Trial Act is allowance for "[a]ny period of delay resulting from the ... unavailability of ... an essential witness."). Defendant has not and cannot meet this burden with respect to his proposed character witness, the Honorable John F. Dean, and, therefore, his Motion To Continue should be denied.

A witness is only unavailable if "his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." 18 U.S.C. § 3161(h)(3)(B); *see* Fed. R. Evid. 804(a)(5) (same). Where a witness is validly served with a subpoena, that witness is presumptively available: A properly subpoenaed witness must appear unless he can meet the heavy burden of demonstrating that complying with his subpoena would be would be "unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2); *United States v. R. Enterprises, Inc.*, 498 U.S. 292, 303 (1991); *Irons v. Karceski*, 74 F.3d 1262, 1264 (D.C. Cir. 1995) ("[T]he party seeking to quash a subpoena bears a heavy burden of proof."); *Flanagan v. Wyndham Int'l, Inc.*, 231 F.R.D. 98, 102 (D.D.C. 2005) ("The quashing of a subpoena is an extraordinary measure, and is … inappropriate absent extraordinary circumstances.").

Here, Judge Dean is available to testify at trial. Judge Dean was apparently validly served with a trial subpoena for his testimony as long ago as last year and was made aware of the present trial calendar. To date, Judge Dean has not moved to quash

his subpoena. Absent such a motion, and a subsequent factual finding by the Court of true unavailability, there is no justifiable reason to believe that Judge Dean will not appear as required.

In fact, the United States assumes that Judge Dean has not filed a motion to quash his subpoena because, as one would expect of a judge, he is well aware that a mere inconvenience to his work schedule – the only rationale for the delay proposed by defendant – does not absolve him of his duties as a United States citizen to appear when subpoenaed to testify. *See Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 403 (D.C. Cir. 1984) (holding that "[i]nconvenience alone will not justify an order quashing the subpoenas").[2] Nor does the United States have any reason to believe that Judge Dean supports defendant's position that the trial be delayed or interrupted solely because of his work schedule, particularly, when nearly thirty other government and defense witnesses have put their lives on hold to appear. If a busy schedule were grounds to ignore a subpoena and continue every case, the entire judicial system, including the United States Tax Court over which Judge Dean presides, would grind to a sudden halt. *See Blackmer v. United States*, 284 U.S. 421, 438 (1932) ("It is … beyond controversy that one of the duties which the citizen owes to his government is to support

---

[2] *Accord Croom v. Western Conn. State Univ.*, 218 F.R.D. 15, 17 (D. Conn. 2002); *see, e.g, In the Matter of a Grand Jury Subpoena Served Upon Arthur Kinoy*, 326 F. Supp. 400, 406-07 (S.D.N.Y. 1970) (denying motion to quash grand jury subpoena where witness claimed he would be inconvenienced by his appearance because of his obligations as primary counsel on pending litigation).

the administration of justice by attending its courts and giving his testimony whenever he is properly summoned.").

Even apart from the fact that no showing has been made that Judge Dean is unavailable to testify as scheduled at trial, defendant fails to demonstrate (or claim for that matter) that Judge Dean is essential to his defense. An essential witness is one who is "extremely important to the proceeding, perhaps providing proof that was not otherwise attainable." *United States v. Marrero*, 705 F.2d 652, 656 (2d Cir. 1983). Here, defendant has represented that Judge Dean is nothing more than a mere character witness. Putting aside the question of whether a mere character witness can ever qualify as an "essential" witness sufficient to require a court to prejudice a party's right to a speedy trial, nowhere in his papers does defendant explain why Judge Dean is essential to his case. Among other questions, defendant does not address why Judge Dean is the only witness who can testify about defendant's character, nor does defendant explain why Judge Dean's testimony would not be merely cumulative of other proposed character witnesses. *See, e.g., In re Sealed Case*, 352 F.3d 409, 414 (D.C. Cir. 2003) (finding testimony of second proffered character witness would be cumulative).

That Judge Dean's testimony is not essential to the defense is underscored by defendant's staunch objection to securing Judge Dean's testimony by Rule 15 deposition or allowing Judge Dean to testify at trial by video conference. The United States has represented to the Court that, notwithstanding that defendant cannot meet the

requirements for such extraordinary procedures, it does not object to defendant using a Rule 15 deposition or video conference to accommodate Judge Dean (assuming Judge Dean wants to be so accommodated). These potential alternatives for accommodating Judge Dean's schedule are reasonable and, more importantly, would not require continuing the trial or interjecting unnecessary delays in the presentation of evidence during the trial.

Because Judge Dean is available to testify and is in any event immaterial to defendant's case, the Court should deny defendant's Motion To Continue. As ordered, the trial should begin on May 20 and conclude by May 30, with no delays between the presentation of the government's case-in-chief and the defense case.

DATED this 16th day of May, 2008.

Respectfully submitted,

/s/
JOHN F. TERZAKEN III (D.C. Bar # 474015)
MARK W. PLETCHER
EMILY W. ALLEN
Trial Attorneys, Antitrust Division
U.S. Department of Justice
450 5th Street, N.W., Suite 11300
Washington, D.C. 20530
Telephone: (202) 307-0719
Facsimile: (202) 514-6525
E-mail: john.terzaken@usdoj.gov /
mark.pletcher@usdoj.gov /
emily.allen@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of May 2008, the foregoing OPPOSITION OF THE UNITED STATES TO DEFENDANT'S THIRD MOTION TO CONTINUE THE MAY 20, 2008 TRIAL DATE, was filed electronically and to the best of my knowledge, information and belief, counsel for defendant Kenneth Keitt will be notified through the Electronic Case Filing System.

       /s/
JOHN F. TERZAKEN III
D.C. Bar # 474015
Trial Attorney, Antitrust Division
U.S. Department of Justice
450 5th Street, N.W., Suite 11300
Washington, D.C. 20530
Telephone: (202) 307-0719
Facsimile: (202) 514-6525
E-mail: john.terzaken@usdoj.gov