**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.  07-041 (RJL) |
| | ) | |
| KENNETH KEITT | ) | |
| | ) | |
| Defendant. | ) | |

**KENNETH KEITT'S REPLY TO THE UNITED STATES' OPPOSTION TO**
**DEFENDANT'S THIRD MOTION TO CONTINUE THE MAY 20, 2008 TRIAL DATE**

Defendant Kenneth Keitt, by and through his undersigned counsel, respectfully submits the following reply to the government's opposition to defendant's third motion to continue the May 20, 2008 trial date.

1.      The Court continued the February 19, 2008 trail date, due to the government's late production of discovery materials.

2.      On January 10, 2008, the Court set this matter for trial on May 14, 2008.  The government learned on January 11, 2008 that one of its witnesses, Ira Levy, was scheduled to be in China at that time.  The government did not alert the Court or Mr. Keitt.

3.      After Mr. Levy successfully moved to quash his subpoena, the government sought a Rule 15 deposition, over Mr. Keitt's objection.  Mr. Keitt requested a continuance to August 2008, at a time when all witnesses involved could conveniently appear.  Mr. Keitt pointed out that the government's witnesses are represented by three attorneys.  Thus, a new date could have been conveniently set in short order.  The government opposed this request.

4.      On May 6, 2008, the Court denied Mr. Keitt's motion to continue this matter until August and moved the trial date to May 20, 2008.

5.      None of the continuances granted in this case are properly charged to Mr. Keitt.

6.      Mr. Keitt now seeks a continuance so he may present a character witness, the Honorable John F. Dean.  Judge Dean is unavailable to testify under the current trial schedule.

7.      On May 26, 2008, the Honorable John F. Dean will travel to Shreveport, Louisiana to preside over cases before the United States Tax Court.  He has 30 cases on his docket.  He will preside over these matters on May 27, 28 and 29, 2008.  He will not be in a position to determine whether these matters can be resolved before May 29, until his Honor's docket is called on May 27.  If His Honor has matters scheduled on May 29, he will not be able to travel to Washington, D.C. on that day.  Judge Dean cannot secure a direct flight on May 30 to Washington, D.C. from Shreveport, Louisiana.  His Honor must travel through Dallas, and he is not scheduled to arrive in Washington, D.C. until 4:59 p.m. on May 29.  On June 1, 2008, Judge Dean will travel to Los Angeles, California to preside over cases before the United States Tax Court.  His Honor is scheduled to remain in California until June 6, 2008.  Judge Dean will not preside over cases before the United States Tax Court in July or August.  He is available to appear as a witness during that time.

8.      The Sixth Amendment guarantees that a defendant has a right to present a defense, including calling a character witness to testify on his behalf.  *See Taylor v. Illinois*, 484 U.S. 400, 409 (1988); *United States v. Spence,* 639 F.2d 239 (5th Cir. 1981)(Holding that the district court abused its discretion in excluding two character witnesses and, in doing so, committed error of constitutional proportion).

9.      Mr. Keitt objects to having Judge Dean testify by way of deposition or video conference.  Depositions are disfavored in criminal cases.  *See United States v. Wilson*, 601 F.2d 95, 97 (3rd Cir. 1979)(attendance of witnesses at trial is the favored method of presenting testimony; depositions are not favored in criminal cases).

10.    The government's speedy trial argument rings hollow. The government will suffer no prejudice if a continuance is granted. The government has investigated this case for several years. In fact, Mr. Keitt has consistently maintained that this prosecution is barred by the statute of limitations. This trial has been continue once because the government did not produce discovery material in a timely fashion, and it was continued a second time because the government failed to notify the Court that one of its witnesses would be in China on the May 14, 2008 trial date.

11.    The public will not be prejudiced and, in fact, it will benefit from a continuance, because the trial will proceed in the preferred manner. *See United States v. Ismaili*, 828 F.2d 161, 163 (3d Cir. 1987)(There is a "strong preference for live testimony.").

Wherefore, for all of the aforementioned reasons and those stated in open court, Mr. Keitt respectfully requests that the Court continue the trial of this case.

Respectfully submitted,


_____/s/_____
STEVEN J. McCOOL
D.C. Bar No. 429369
MALLON & McCOOL, LLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
(202) 393-7088

Counsel for Kenneth Keitt

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 16th day of May 2008, the foregoing Defendant's Reply to the

Government's Opposition to Defendant's Motion to Continue the May 20, 2008 Trial Date was

served by electronic filing upon:

John Terzaken
Mark Pletcher
Emily Allen
U.S. Department of Justice
Antitrust Division
1401 H Street, N.W., Suite 3700
Washington, D.C.  20530


_____/s/_____
STEVEN J. MCCOOL