IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Criminal No. 07-041 (RJL) |
| ) | |
| ) | |
| KENNETH KEITT ) | |
| ) | |
| Defendant. ) | |

DEFENDANT'S MOTION *IN LIMINE* REGARDING INTRODUCTION
OF EVIDENCE DURING THE GOVERNMENT'S CASE-IN-CHIEF
AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES

Mr. Keitt may seek to introduce certain documents into evidence during the course of the government's case. In light of this, he hereby moves for a ruling *in limine* regarding whether or not, by doing so, he waives his right to move for judgment of acquittal.

A defendant does not waive the right to make a motion for judgment of acquittal by introducing evidence in the course of cross examining a witness during the government's case-in-chief. *See Beaudine v. United States*, 368 F.2d 417, 425 n.13 (5th Cir. 1966).

In *Beaudine*, which was also a case involving a significant number of documents, the court on appeal addressed two "mechanical problems which seemed to vex the trial of the case." *Id.* The "more serious" problem arose from a procedure, apparently a time-honored one among Florida lawyers and Judges, by which documents can be identified only on cross examination reserving to the cross examiner's own "case" the opportunity to reveal either the contents of the identified paper or offer it in evidence. *Id.*

The Fifth Circuit criticized this practice:

> Considering the valuable right of a defendant to stand on the motion for judgment of acquittal, Fed. R. Crim. P. 29; *Jackson v. United States*, 250 F.2d 896, 901 (5th Cir. 1958), and the hazard that comes to one who undertakes to put on a case after the motion is denied, it is difficult to see how evidence (documentary or oral) which is relevant is to be kept from the jury's consideration until the Government's case is all over and the defendant is forced to put on a case. *Id.*

The "waiver rule" often discussed in relation to Rule 29 motions has nothing to do with the defense introducing evidence in the course of cross examining the government's witnesses; rather, it pertains to whether the defendant waives his or her right to have the Rule 29(a) motion considered solely on the basis of the government's evidence where the defense has introduced evidence during its case-in-chief. *See Cephus v. United States,* 324 F.2d 893, 895-96 (D.C. Cir. 1963) (discussing the evolution of the waiver doctrine). Where the defense introduces evidence in presenting its own case, it is now clear that the defendant waives his or her right to have the Rule 29 motion considered solely based on the government's evidence. *See United States v. Foster*, 783 F.2d 1082, 1085 (D.C. Cir. 1992) (en banc). The *Foster* court held that "a criminal defendant who, after denial of a motion for judgment of acquittal at the close of the government's case-in-chief, proceeds with the presentation of his own case, waives his objection to the denial. The motion can of course be renewed later in the trial, but appellate review of denial of the later motion would take into account all evidence introduced to that point." *Id.*

The clear implication of *Foster* is that where the defense introduces evidence during the government's case, that evidence should be considered by the court when it rules on the Rule 29 motion at the close of the government's case. There is no basis to infer that the waiver rule results in the defendant waiving his right to make the motion; rather the rule simply requires that the court consider all of the evidence presented in

2

making its determination. *See Id.* at 1084 (noting that "the operative principle" is not really one of "waiver," but rather that by presenting evidence the defendant "cannot insulate himself from the risk that the evidence will be favorable to the government" (quotations and citation omitted)). The courts have repeatedly noted the importance of the defendant's right to make a motion of judgment of acquittal, *see e.g., Cephus*, 324 F.2d at 894; *Beaudine*, 368 F.2d at 425 n. 13. No court has ever held that introduction of evidence deprives the defendant of the right to make such a motion.

Wherefore, for all of the aforementioned reasons, Mr. Keitt respectfully requests that the Court issue an advance ruling that if Mr. Keitt offers evidence during the government's case in chief he does not waive his right to a motion for judgment of acquittal at the close of the government's case.

                              Respectfully submitted,

                              _____/s/_____
                              DANIEL T. MCNAMARA
                              D.C. Bar No. 494834
                              MALLON & McCOOL, LLC
                              1776 K Street, N.W.
                              Suite 200
                              Washington, D.C. 20006
                              (202) 393-7088

                              Counsel for Kenneth Keitt

4

CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of May 2008, the foregoing Motion *In Limine* Regarding Introduction of Evidence During the Government's Case-In-Chief with Incorporated Memorandum of Points and Authorities and attached proposed Order were served by electronic filing upon:

John Terzaken
Mark Pletcher
Emily Allen
U.S. Department of Justice
Antitrust Division
1401 H Street, N.W., Suite 3700
Washington, D.C.  20530


_____/s/_____
DANIEL T. MCNAMARA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No.  07-041 (RJL) |
| | ) | |
| | ) | |
| KENNETH KEITT | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Upon consideration of Defendant Kenneth Keitt's Motion *In Limine* Regarding Introduction of Evidence During the Government's Case in Chief and Incorporated Memorandum of Points and Authorities, the Government's response thereto, and the entire record in this case, it is this _____ day of May 2008, hereby

ORDERED that the if the Defendant offers evidence during the government's case in chief he does not waive his right to a motion for judgment of acquittal at the close of the government's case.

_____
THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT COURT JUDGE