IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.  07-041 (RJL) |
| | ) | |
| KENNETH KEITT | ) | |
| | ) | |
| Defendant. | ) | |

SUPPLEMENTAL MOTION TO DISMISS THE
INDICTMENT ON STATUTE OF LIMITATIONS GROUNDS WITH
INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Kenneth Keitt, by and through undersigned counsel, respectfully submits the following Supplemental Motion to Dismiss the Indictment on Statute of Limitations Grounds with Incorporated Memorandum of Points and Authorities.

I.  Background

The Indictment charges a single violation of 18 U.S.C. § 201(c).  Specifically, the Government alleges that:

> During the period October 2001 until in or about December 2001, the exact date being unknown to the Grand Jury, in the District of Columbia and elsewhere, Defendant Keitt, otherwise than as provided by law for the proper discharge of official duty, directly or indirectly gave, offered, and promised a thing of value to a public official for or because of an official act performed or to be performed by such public official; that is Defendant Keitt gave Person A $6,900 for or because of official acts performed or to be performed by Person A ….

*Indictment*, at ¶ 5.  Person A has been identified by the Government as Wilhelm Derminassian.

On April 21, 2005, Mr. Derminassian pled guilty to an Information in *United States v. Wilhelm Dermanassian*, Criminal Case No. 05-127 (RMC).  This charging document makes clear that the Government did indeed know of the exact dates of the so-called payments.  According to this Information, Mr. Derminassian solicited and accepted a payment of $2,500 on October 2, 2001 and another payment of $4,400 on October 26, 2001.  *Dermanassian Information*, at ¶ 6.

Mr. Keitt and the Government agreed to toll the statute of limitations in this matter from October 9, 2006 through January 30, 2007.  Thus, the statute of limitations expired on October 9, 2006.

## II.  Argument

### A.  The Indictment Charges An Offense Which Pre-Dates The Limitations Period

The Indictment alleges that Mr. Keitt provided $6,900 to Mr. Dermanassian sometime between October 2001 and December 2001.  The evidence makes clear that this so-called payment was made on October 2, 2001, prior to October 9, 2001, the start of the limitations period.

On May 19, 2008 the Court *sua sponte* suggested that the alleged gratuity may fall within the statute of limitations under a "continuing criminal behavior" theory.  The applicable case law points in another direction. The Supreme Court has instructed that a continuing offense may be found only in limited circumstances and has set forth a stringent two-part test for making this determination.  The federal gratuities statute fails this test.

18 U.S.C. § 201 does not contain its own statute of limitations and so is governed by the five-year limitations period of 18 U.S.C. § 3282(a).  A crime is complete and its statute of limitations begins to run when all of the underlying elements of the charged offense have occurred. *See United States v. Toussie*, 397 U.S. 112, 122-23 (1970).  On October 13, 2006, Mr. Keitt entered into a tolling agreement with the Government that extended the statute of limitations from October 9, 2006 until January 30, 2007.  The limitations period applicable to this case began, therefore, on October 9, 2001.  *United States v. Musacchio*, 968 F.2d 782, 790 (9th Cir. 1991) (misapplication of bank funds complete when funds leave bank); *United States v. Smith*, 740 F.2d 734, 736 (9th Cir. 1984)(submitting false statements to the Government is

complete upon submission).

These basic principles apply even where the Government alleges an ongoing scheme or continuing effects of a crime. *See, e.g., United States v. Reitmeyer*, 356 F.3d. 1313, 1317, 1323 (10th Cir. 2004)(Major Fraud Act offense is complete once an act is taken in execution of a proscribed scheme; subsequent acts in furtherance of that scheme will not lengthen the statute of limitations pertinent to that offense); *United States v. Dunn*, 961 F.2d 648, 650 (7th Cir. 1992)(mail fraud limitations period runs from date of mailing); *United States v. Payne*, 978 F.2d 1177, 1178-81 (10th Cir. 1992)(each false representation of a social security number is a completed offense). *See also United States v. Telluride Co.*, 884 F. Supp. 404, 408 (D. Colo. 1995)(limitations period for civil Clean Water Act violation begins running upon the illegal discharge, not when the effects of that discharge are remedied), *rev'd*, 146 F.3d 1241 (10th Cir. 1998).

Under 18 U.S.C. § 201(c), it is unlawful if a person "gives, offers or promises anything of value" to a public official "because of any official act performed or to be performed." Under the plain terms of the statute, a gratuity offense is complete and the statute of limitations begins to run once payment is made.

In an effort to charge conduct outside of the limitations period, the Government has combined multiple payments -- occurring both before and during the limitations period -- in the Indictment. The Government may avoid the statute of limitations bar to these offenses only if the federal gratuities statute articulates a continuing offense. Because section 201 is not a continuing offense, as explained below, the Indictment must be dismissed.

In *Toussie*, the Supreme Court set forth a two-part test for determining whether a criminal statute can be considered a continuing offense for statute of limitations purposes. 397 U.S. at

115. The Court held that an offense may be continuing and, therefore, straddle the limitations period, only if: (1) "the explicit language of the substantive criminal statute compels such a conclusion," or (2) "the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." *ld*. at 115. This rule governs regardless of the particulars of a defendant's conduct or the creativity of the charges pled in an Indictment, for it is up to Congress to define a continuing offense. Section 201 fails the *Toussie* test and is not, therefore, a continuing offense.

*Toussie* concerned the defendant's failure to register for the draft in accordance with the Universal Military Training and Service Act. 397 U.S. at 113. The statute required men to register within five days of their eighteenth birthday. *Id*. Toussie was required to register between June 23 and June 28, 1959; he did not and was indicted in 1967. *ld*. The Government agreed that the crime was complete in 1959, but argued that "it continued to be committed each day that Toussie did not register." *Id*. at 114. In analyzing the Government's argument, the Supreme Court explained that an offense should not be considered continuing unless: (1) "the explicit language of the substantive criminal statute compels such a conclusion," or (2) "the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." *Id*. at 115. The Government's indictment of Toussie failed this test because neither the history of the various Selective Service Acts, nor the language of the then-current Selective Service Act, supported the application of the continuing offense doctrine. *Id.* at 115-119. Additionally, the lack of anything "inherent in the act of registration itself which makes failure to do so a continuing crime" and the fact that nothing in the Act contemplated "a prolonged course of conduct" convinced the Court of the inapplicability of the doctrine to this offense. *Id*. at 120-22. The Court reached this conclusion despite the fact that a regulation

issued pursuant to the Selective Service Act explicitly referred to registration as a continuing duty. *Id*. 120-21.  The Court stated: "Since such offenses are not to be implied except in limited circumstances, and since questions of limitations are fundamentally matters of legislative not administrative decision, we think this regulation should not be relied upon effectively to stretch a five-year statute of limitations into a 13-year one, unless the statute itself, apart from the regulation, justifies that conclusion." *Id*. at 121.

As explained below, neither the language of § 201(c), nor the nature of the prohibited offense, satisfy the *Toussie* requirements.

### 1.  Congress Did Not Define 18 U.S.C § 201 As A Continuing Offense.

The first prong of the *Toussie* test provides that a court may construe an offense as continuing if the explicit language of the statute compels that conclusion.  In several statutes, Congress has clearly and explicitly stated that an offense is to be considered continuing.  For example, 18 U.S.C. § 3284 provides that "[t]he concealment of assets of a debtor" in a Chapter 11 case "shall be deemed to be a continuing offense' until the date of final bankruptcy charge. 18 U.S.C. § 3284.  Similarly, the Foreign Agents Registration Act of 1938, 22U.S.C. §§ 611-621, sets forth in § 618(e) that the failure to file a statement as required in § 612 is a continuing offense. The federal gratuities statute contains no such language.

### 2.  An Illegal Gratuity Is Not, By Its Nature, A Continuing Offense.

The second prong of the Toussie test allows for an offense to be continuing if "the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one."  397 U.S. at 115.  Therefore, where Congress does not explicitly manifest its intent to create a continuing offense, courts may infer that it intended to do so if the plain language of the statute describing the crime is such that Congress "must assuredly" have

intended that it be considered continuing.  Courts have so found where the *actus reus* of a statute necessarily implies a continuous act or one of some duration.

For example, the Supreme Court found that the use of the verb "remains" in § 252(c) of the Immigration and Nationality Act indicates a continuous offense.  *United States v. Cores*, 356 U.S. 405, 408-10 (1958) (evaluating continuing offenses for venue purposes).  Indeed, the Court found that the word "remains" "permits no connotation" other than a continuing violation or presence in the United States.  *Id*. at 408.  Likewise, 18 U.S.C. § 514, which prohibits any man from cohabiting with more than one woman as his wife, proscribes a continuing offense, as cohabitation has duration and is inherently continuous.  *Ex Parte Snow*, 120 U.S. 274, 276, 281-82 (1887). Kidnapping, which necessarily involves the passage of some amount of time, has also been considered continuing.  *See United States v. Garcia*, 854 F.2d 340,343-344 (9th Cir. 1988). In *United States v. White*, 766 F.Supp. 873, 886-87 (E.D. Wash. 1991), unpermitted "storage" of environmental waste, in violation of the Resource Conservation and Recovery Act ('RCRA'), was held to be a continuing offense.  Additionally, conspiracy has been labeled the prototypical continuing offense, as a conspiracy naturally continues as long as the conspirators engage in overt acts in furtherance of their plot.  *See Toussie*, 397 U.S. at 122; *United States v. Jaynes*, 75 F.3d 1493, 1505 (10th Cir. 1996).    In contrast to the operative verbs discussed above -- remaining, cohabiting, kidnapping and storing -- the *actus reus*, of a gratuities offense is to give, offer or promise to provide a thing of value.

Unlike a kidnapping, a cohabitation, or a storage, a gratuity may last for just an instant. Where a statute proscribes conduct that may consist of a discrete or isolated act, Congress cannot "assuredly have intended [the offense to] be treated as a continuing one." *See Toussie*, 397 U.S. at 115.

6

Other crimes that prohibit conduct analogous (for these purposes) to a gratuity have been held not to be continuing offenses. For example, the crime of "eluding" in the context of 18 U.S.C. § 1325 is complete at one moment in time -- an alien's entry into the United States -- and does not constitute a continuing offense. *See United States v. Rincon-Jimenez*, 595 F.2d 1192, 1193-94 (9th Cir. 1979) (statute prohibits eluding immigration procedures conducted at the time of an alien's entry into the United States). Similarly, the knowing "execution" of a scheme or artifice to defraud under the Major Fraud Act has been termed a discrete crime that does not constitute a continuing offense. *United States v. Reitmeyer*, 356 F.3d 1313, 1323 (10th Cir. 2004) (Act criminalizes each discrete execution or attempted execution of a scheme). A series of false representations of a social security number is not a continuing offense where Congress prohibited just each misrepresentation. *Payne*, 978 F.2d at 1180. Similarly, making a false statement to the Government, in violation of 18 U.S.C. § 1001, contemplates a single act, and therefore, the possible "consequences" or "continuing effects" following the making of that statement are "not alone sufficient" to warrant classifying a violation of § 1001 as a continuing offense. *United States v. Dunne*, 324 F.3d 1158, 1165 (10th Cir. 2003).

Moreover, as *Dunne* and *Reitmeyer* make clear, the fact that a crime may have continuing consequences does not render it a continuing offense. Like eluding immigration procedures, falsely representing a social security number, or making a false statement to the Government, a release contemplates a single act that is naturally finite or discrete.

> 3.    Neither The Defendant's Manner of Committing, Nor The Government's Method Of Charging, An Offense Is Relevant To Whether The Offense May Be Continuing.

Congressional intent, embodied in the plain language of a statute, controls the continuing offense analysis. Relying on *Toussie*, several Courts of Appeals have made clear that neither the

defendant's actual conduct nor the Indictment's characterization of that conduct can alter that analysis. In *United States v. Yashar*, 166 F.3d 873, 876 (7th Cir. 1999), while the Government agreed that a violation of 18 U.S.C. § 666 was not a "continuing offense" under *Toussie*, it attempted to charge a course of conduct -- some of which fell outside the limitations period as one offense. The Seventh Circuit rejected this approach as inconsistent with *Toussie*, finding that it would effectively transform a course of conduct or scheme into a continuing offense. *ld.* at 877-78. The court found that such a result would add a third factor to the Toussie analysis "whenever the charged conduct is continuous in nature"-· that 'would largely swallow" the second factor of *Toussie* (the nature of the offense as articulated by Congress) and "eviscerate its narrow, selective approach." *Id.* at 877. The Seventh Circuit reaffirmed that the focus of the continuing offense analysis remains on Congressional intent. *See id. See also Jaynes*, 75 F.3d at 1506-07 (implying that the text and nature of a violation of 18 U.S.C. § 510(a) should control whether the crime would be considered continuing regardless of how or what conduct was charged in the indictment). Similarly, the Ninth Circuit in *United States v. Niven*, 952 F.2d 289, 293 (9th Cir. 1991) (*overruled in part by United States v. Scarano*, 76 F.3d 1471, 1477 (9th Cir. 1996) concluded, in a sentencing guidelines context, that whether the continuing offense doctrine applies "'turns on the nature of the substantive offense, not on the specific characteristics of the conduct in the case at issue."

The Seventh, Tenth and Ninth Circuits thus have made clear that the focus of the continuing offense doctrine is on the explicit language and nature of the offense, as set forth by Congress, and not on how or what conduct is charged in the indictment. The reason for this is clear: through creative charging, the Government, as it did in this case, can make any type of offense appear continuous. Questions of statutory limitations are fundamentally matters of

legislative decision. *Toussie*, 397 U.S. at 121. It is consequently the language and nature of the offense as articulated by Congress that must be analyzed to determine whether an offense may be considered continuing. Congressional intent -- not that of the prosecutor -- guides the Court in making this determination.

B.      The Charged Offense Committed Prior To October 9, 2001 Should Be Dismissed.

The Supreme Court has explicitly and clearly stated that a continuing offense is to be implied only in limited circumstances. *Toussie*, 397 U.S. at 120-21. *See United States v. Beard*, 713 F. Supp. 285, 291 (S.D. Ind. 1989) (finding conversion of Government property is not it continuing offense and dismissing from the relevant count conversions completed prior to the limitations period); *United States v. Gremillion-Stovall*, 2005 WL 2994303 (M.D. La. Oct. 17, 2005) (finding the making of false statements not to be a continuing offense and dismissing that portion of the count charging false statements that occurred prior to limitations period)*; United States v. McGoff*, 831 F.2d 1071, 1078 (D.C. Cir. 1987)(noting that the notion of "continuing offense" has traditionally identified a type of offense fundamentally different from most known to the common law.).

III.  Conclusion

Therefore, for the reasons set forth above, Kenneth Keitt respectfully requests that the

Court grant the instant motion to dismiss the Indictment on statute of limitations grounds.


Respectfully submitted,



_____/s/_____
STEVEN J. McCOOL
D.C. Bar No. 429369
MALLON & McCOOL, LLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
(202) 393-7088

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of May 2008, the foregoing Supplemental Motion to

Dismiss the Indictment on Statute of Limitations Grounds with Incorporated Memorandum of

Points and Authorities was served by electronic filing upon:

John Terzaken
Mark Pletcher
Emily Allen
U.S. Department of Justice
Antitrust Division
1401 H Street, N.W., Suite 3700
Washington, D.C.  20530


_____/s/_____
STEVEN J. McCOOL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.  07-041 (RJL) |
| | ) | |
| KENNETH KEITT | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Upon consideration of Defendant Keitt's Supplemental Motion to Dismiss the Indictment

on Statute of Limitations Grounds with Incorporated Memorandum of Points and Authorities, the

government's opposition thereto, and the entire record in this matter, it is this _____ day of

May 2008, hereby

ORDERED, that Defendant Keitt's motion is granted, and it is hereby

FURTHER ORDERED, that the Indictment in the above-captioned case is hereby

dismissed with prejudice.


_____
THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT COURT JUDGE