IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 07-041 (RJL) |
| | ) | |
| | ) | |
| KENNETH KEITT | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION *IN LIMINE* REGARDING INTRODUCTION
OF EVIDENCE RELATED TO A GOVERNMENT WITNESS' DRUG USE WITH
INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES

Kenneth Keitt, by and through undersigned counsel, hereby moves this Honorable Court *in limine* to permit the introduction of evidence related to a Government witness' drug use. In support of this motion Mr. Keitt sets forth as follows.

Wilhelm DerMinassian, the Government's main witness and the alleged recipient of the gratuity charged in this case, has a long and very well documented history of drug abuse and addiction. On April 21, 2005 Mr. DerMinassian pled guilty to one count of wire fraud in violation of 18 U.S.C. §§ 1343 and 1346 and one count of receiving an illegal gratuity in violation of 18 U.S.C. §§ 201(c)(1)(B). After this plea, Dr. Richard Ratner conducted a psychiatric evaluation of Mr. DerMinassian that was used at his sentencing. This report was attached to Mr. DerMinassian's judgment and commitment order and is publicly available on PACER.

This report indicates that Mr. DerMinassian had a "complicated psychiatric history" and had "been receiving medication for psychiatric problems since approximately 1988." *See Ratner Report* (Exhibit 1) at 1. The report also indicates that, not only was Mr. DerMinassian abusing a "potpourri" of opiate medications, which he

obtained **both legally and illegally**, he had also been steadily taking Xanax in increasingly larger doses for over 15 years. *Id.* at 1-2 (emphasis added).

Perhaps most significantly, the report, which is dated September 29, 2005, relates an ongoing narcotics dependency and states that, had Mr. DerMinassian stopped taking narcotics, he would have experienced withdrawals. *Id.* September 29, 2005 is over four months *after* Mr. DerMinassian testified regarding this case in the Grand Jury. This indicates that Mr. DerMinassian was under the influence of narcotics both during his Grand Jury testimony and his meetings with the FBI and prosecutors.

Further, Mr. DerMinassian participated in the Federal Bureau of Prison's Residential Drug Abuse Program ("RDAP"). Mr. DerMinassian's RDAP records, while not attached to this motion, can be provided to the Court and provide further evidence of Mr. DerMinassian's long-standing drug abuse and addiction. It is clear that Mr. DerMinassian was addicted to and actively abusing drugs during the time of the alleged gratuity, his Grand Jury testimony, and all times relevant to this case.

It is well settled law that it is proper to explore the drug addiction of a witness to attack his credibility and capacity to observe events. *Wilson v. United States*, 232 U.S. 563 (1914)(holding that the trial court had improperly denied cross-examination of an admitted drug user to determine whether her powers of recollection had been impaired); *United States v. Sampol*, 636 F.2d 621, 666 (D.C. Cir. 1980)(recognizing the propriety of cross examining a witness on drug abuse to determine his ability and capacity to observe the events in question); *United States v. Leonard,* 494 F.2d. 955, 971 (D.C. Cir. 1974); *United States v. Fowler*, 465 F.2d 664, 668 (D.C. Cir. 1972); *United States v.* Kearney, 420 F.2d 170, 174 (D.C. Cir. 1969)(holding in general it is undeniable that it may be

2

proper to develop the matter of drug addiction in an effort to attack a witness' competency and capacity to observe, remember and recall); *Fletcher v. United States,* 158 F.2d 321, 323 (D.C. Cir. 1947)(holding that "a drug addict is inherently a perjurer where his own interests are concerned.")  *United States v. Butler*, 481 F.2d 531, 533 (D.C. Cir. 1973)(holding that an addict-turned prosecution witness may have a special and very powerful motive to fabricate a case for his own benefit).

Counsel must establish a foundation showing either that the witness was using drugs at the time he observed the events in dispute or at the time of his testimony. *Sampol*, at 395.  In this case, Mr. DerMinassian publicly acknowledged, through this Court's electronic filing system, that he has been using Xanax, "more or less regularly" in "gradually larger doses" since 1988. *See Ratner Report at 1*.  He also acknowledged that, as of September 29, 2005, he had had a 15 year history of opiate abuse and dependency such that he would experience withdrawals had he attempted to stop abusing them.  *Id at 3*.  The foundation establishing that Mr. DerMinassian was abusing drugs during the time of the alleged gratuity could not be more solid.

Wherefore, for all of the aforementioned reasons, Mr. Keitt respectfully requests that he be permitted to introduce evidence related to Wilhelm DerMinassian's drug use.

3

Respectfully submitted,


_____/s/_____
DANIEL T. MCNAMARA
D.C. Bar No. 494834
MALLON & McCOOL, LLC
1776 K Street, N.W.
Suite 200
Washington, D.C. 20006
(202) 393-7088

Counsel for Kenneth Keitt

CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of May 2008, the foregoing Motion *In Limine* to Permit the Introduction of Evidence Related to a Government Witness' Drug Use with Incorporated Memorandum of Points and Authorities and attached proposed Order were served by electronic filing upon:

John Terzaken
Mark Pletcher
Emily Allen
U.S. Department of Justice
Antitrust Division
1401 H Street, N.W., Suite 3700
Washington, D.C.  20530

                                              _____/s/_____
                                              DANIEL T. MCNAMARA

# RICHARD A. RATNER, M.D., P.A.
PSYCHIATRY

Suite 303
5028 Wisconsin Avenue, N.W.
Washington, D.C. 20016
(202) 686-2200
Fax: (202) 686-2208
Email: raratner@raratner.com

September 29, 2005

Mark Schamel, Esq.
David Schertler, Esq.
Schertler & Onorato
1140 Connecticut Avenue, N.W.
Suite 1140
Washington, D.C. 20036

<u>*Re: Wilhelm Derminassian, DOB: 2-25-51*</u>

Dear Messrs Schamel and Schertler:

At the request and with the permission of my patient and your client, Wilhelm Derminassian, I am writing to summarize Mr. Derminassian's condition and my psychiatric diagnoses.

As you know, Mr. Derminassian is a 54 year old married Armenian American traffic engineer who is about to be sentenced in U. S. District Court after entering a plea to charges of illegally accepting gratuities during his tenure as associate director of the DC Department of Transportation. At your suggestion, Mr. Derminassian first consulted me on April 14, 2005, and I have been treating him since that time. His last visit to my office was yesterday, September 28.

Mr. Derminassian has a complicated psychiatric history. He has been receiving medication for psychiatric problems since approximately 1988 when he recalls having a panic attack and thinking he was about to die. He was treated by his primary care physician with Xanax. Soon thereafter he discovered he was hypertensive, and because he has "always been a worrier", he found himself using Xanax in gradually larger doses more or less regularly since that time.

In 1989 and again in 1991, he experienced a series of car accidents, in each of which he hurt his back and neck. He was treated with painkillers, initially Tylenol #3 and then with gradually stronger medications including Percocet and Oxycontin. This began his nearly 15-year history of opiate abuse that has continued to the present time. Over the years Mr. Derminassian has procured narcotic painkillers both legally and illegally and has used a huge variety of them. These have included Oxycontin, Percocet, Vicodin, and Darvocet. He also developed a serious tendency to alcohol abuse over the years, and he could recall at least one time in the mid nineties when friends had to "bring me home and

Mark Schamel, Esq.
David Schertler, Esq.
Re: Wilhelm Derminassian
September 29, 2005
Page 2 of 3

throw me in bed." Despite these problems, he functioned at a high level and was at one time influential in the DC Department of Transportation.

After his more or less forced retirement in April 2003 he found a time limited consultancy, but this ended in November of that year. With no other work and with a criminal investigation ongoing, he became increasingly despondent. In about April 2004 he "accidentally" overdosed and was admitted to Shady Grove Hospital in Gaithersburg, MD. He recalls that while he did not set out to commit suicide, he would have been very happy not to wake up.

At some point he was started on antidepressant medications but was not seen by a psychiatrist until he came to my office.

Mr. Derminassian has a number of ongoing medical problems including hypertension, gout, high cholesterol, hypothyroidism, hemorrhoids, gastric reflux, and chronic back and neck pain, probably secondary to traumatic arthritis. For these conditions, he takes a variety of medications that should simply be continued if and when he is incarcerated.

I have seen Mr. Derminassian on approximately ten occasions since April. Through those sessions I have concluded that Mr. Derminassian suffers from two separate categories of psychiatric diagnosis: a mood disorder and a substance abuse disorder. The most likely mood diagnosis is of a Major Depressive Disorder, recurrent, with considerable amounts of anxiety. As to his substance abuse, he meets criteria for Opioid Dependence (304.00[1]) because he would experience withdrawal if he were to stop these drugs acutely. He also qualifies for Alcohol Abuse (305.00) having very likely been alcohol dependent in the past, and he may also be dependent physiologically upon his anxiolytic medication (Xanax).

When he came to me he was being treated with Wellbutrin and Paxil, antidepressants, and substantial amounts of Xanax, an anxiety medication. He was also using a potpourri of opiate medications as well, though he had gotten himself to stop drinking regularly by that time.

I have adjusted these medications and recently added another, Seroquel, to help him manage his overwhelming anxiety as his sentencing date approaches. In addition, I have offered him support and have suggested that it is imperative that he become enrolled in a program for the treatment of substance abuse.

If Mr. Derminassian is able to remain free, I have directed him to my colleague, George Kolodner, MD, of the Kolodner Clinic, which specializes in the treatment of alcohol and

---

[1] according to the Diagnostic and Statistical Manual, Fourth Edition, of the American Psychiatric Association, Washington, DC, 1994

Mark Schamel, Esq.
David Schertler, Esq.
Re: Wilhelm Derminassian
September 29, 2005
Page 3 of 3

substance abuse. While Mr. Derminassian had managed to cut back some on his daily load of opiates as of early July, his anxiety since then has completely washed away his resolve. I am convinced that Mr. Derminassian will require an inpatient detox phase as the initial portion of a treatment plan designed to deal effectively with his long-term and ongoing substance abuse.

If Mr. Derminassian should be sentenced to incarceration, it is my strong recommendation that he be placed in a substance abuse program within the confines of the institution to which he is sent. This gentleman is certainly as prime a candidate for such a program as any I have seen in recent memory, and I think the prognosis is guardedly optimistic. Though a long-term user, Mr. Derminassian has never been given the benefit of a full-scale detox and rehabilitation program and therefore has never failed any such program. His age, high level of functioning and obvious intelligence should also contribute to the better than average prognosis.

I hope this letter is helpful to Mr. Derminassian and to the Court in crafting its disposition of your client. Please contact me if further information is required.

Sincerely yours,

Richard A. Ratner, MD, DLFAPA

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| **v.** ) | **Criminal No. 07-041 (RJL)** |
| ) | |
| ) | |
| **KENNETH KEITT** ) | |
| ) | |
| **Defendant.** ) | |

### ORDER

Upon consideration of Defendant Kenneth Keitt's Motion *In Limine* to Permit the Introduction of Evidence Related to a Government Witness' Drug Use with Incorporated Memorandum of Points and Authorities, the Government's response thereto, and the entire record in this case, it is this ____ day of May 2008, hereby

ORDERED that the Defendant is permitted to offer evidence related to Wilhelm DerMinassian's drug use.

_____
THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT COURT JUDGE