**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **Criminal No. 07-041 (RJL)** |
| **v.** ) | |
| ) | |
| **KENNETH KEITT,** ) | |
| ) | |
| **Defendant.** ) | |

**MOTION OF THE UNITED STATES TO PRECLUDE DEFENDANT
FROM REFERRING TO JUDGE JOHN F. DEAN USING TITLES OR
SALUTATIONS THAT CONFER THE PRESTIGE OF JUDICIAL OFFICE**

During opening statements at the trial of the above-captioned case, defendant referred to forthcoming character testimony from "the Honorable John F. Dean," who will testify that, in his opinion, defendant is a law-abiding citizen. Trial Transcript, May 22, 2008, at 80:19 ("Trial Tr."). Defendant's use of titles and salutations that confer the prestige of judicial office upon a character witness will unduly prejudice and mislead the jury, and risks stamping the imprimatur of the judicial system upon the witness. The United States, therefore, by and through the undersigned counsel, respectfully moves this Court for an order precluding defendant from referring to Judge Dean using titles or salutations that confer upon the witness the prestige of judicial office.

**DISCUSSION**

The use of a judicial witness's title—in such phrases as "the Honorable," "Judge," or "Your Honor"—in the presence of the jury inappropriately confers the prestige of judicial office upon a witness. These terms unfairly convey a fraternal bond to the jury

between the witness and the Court. Indeed, several courts have found the very act of judicial testimony so prejudicial to the jury as to require exclusion pursuant to Federal Rule of Evidence 403.[1] *United States v. Munoz-Franco*, 203 F. Supp. 102, 109 (D.P.R. 2002) (excluding character testimony by a judge as unduly prejudicial under Rule 403 because the court was "deeply concerned" that the jury would be misled by "the prestige and power of [the witness's] judicial office." ).

During opening statements in this case, defendant referred to "the Honorable" Judge Dean, then reiterated that "Judge Dean is a federal judge on the United States Tax Court." Trial Tr. at 80:20. This unnecessary and prejudicial reference "raises the specter" that defendant will seek to capitalize on the witness's status as a federal judge to improperly bolster his credibility. *Munoz-Franco*, 203 F. Supp. 2d at 109 (finding that even when the defendant denied any intent to prejudice the jury through judge's character testimony, his behavior in court raised that "specter" and called for exclusion of the witness). Defendant's references during opening statements should not insulate his continued use of such status-conferring terms, particularly following this Court's warning that Judge Dean's character testimony might not be admitted. Indeed, the District Court

---

[1] Where a defendant has other witnesses from whom he can elicit similar testimony, courts have alternatively required that defendants call non-judicial witnesses first, and only then make a determination as to the cumulative nature and admissibility of the judicial witness's proffered testimony under Rule 403. *See United States v. Sullivan*, 803 F.2d 87, 89 (7th Cir. 1986) (noting that trial courts maintain "discretion as to the order in which parties adduce proof" and citing *Geders v. United States*, 425 U.S. 80, 86 (1975)); *see also Munoz-Franco*, 203 F. Supp. 2d at 110-11.

for the District of Columbia has found no prejudice even where a judge's character testimony was excluded altogether after the defendant suggested to the jury in argument that the testimony was forthcoming. *United States v. Chaifetz*, 181 F. Supp. 57, 60 (D.D.C. 1960) (finding trial court's exclusion of judge's character testimony not prejudicial although defendant mentioned the testimony to jurors during voir dire). Surely if the exclusion of similar character testimony poses no harm to a defendant, there can be no harm in the mere preclusion of superlative titles and salutations.

The prejudicial impact upon the jury is underscored by the Code of Conduct for United States Judges, adopted by the Tax Court, which speaks directly to the propriety of judicial character testimony:

> A judge should not lend the prestige of the judicial office to advance the private interests of others; nor convey or permit others to convey the impression that they are in a special position to influence the judge. *A judge should not testify voluntarily as a character witness*.

Code of Conduct for United States Judges, Canon 2(B) (emphasis added). As the Commentary explains, "[t]he testimony of a judge . . . injects the prestige of the judicial office into the proceeding . . . and may be misunderstood to be an official testimonial." In other words, judges are discouraged from testifying as character witnesses precisely because their testimony will suggest that the jury make its decision on an improper basis.

Even terms with less prejudicial effect are routinely precluded in the presence of juries. Use of the term "expert" to refer to qualified expert witnesses, for example, is

disapproved and even prohibited in many districts.² *See*, *e.g.*, Fed. R. Evid. 702 Commentary (noting that decision to maintain term "expert" in rule "does not . . . mean that a jury should actually be informed that a qualified witness is testifying as an 'expert'"). This prohibition "ensures that trial courts do not inadvertently put their stamp of authority" on a witness's opinion. *See* Judge Charles R. Richey, Proposals to Eliminate the Prejudicial Effect of the Use of the Word 'Expert' Under the Federal Rules of Evidence in Criminal and Civil Jury Trials, 154 F.R.D. 537, 559 (1994) (describing common limiting instructions and standing order prohibiting the use of the term "expert").

This Court should likewise avoid inadvertently putting its stamp of authority on Judge Dean's opinions. Far more harmful than the term "expert," judicial titles and salutations such as "Judge," "Your Honor," or "the Honorable" implies to the jury fraternal comradery with this Court and improperly lends the trust of the judicial system to the witness. Moreover, while the risk of prejudice posed by such status-conferring titles is enormous, defendant has no countervailing legitimate interest in using the titles

---

² The Seventh Circuit has omitted the term "expert" from its jury instructions to "avoid the perception that the court credits the testimony of such a witness," Seventh Circuit Pattern Criminal Federal Jury Instruction 3.07, *Weighing Expert Testimony*, Committee Comment (1998), and has even recommended a separate instruction to help cure "the danger that an expert's testimony will be given undue weight by the jury." *Id.* (citing *United States v. Brawner*, 471 F.2d 969 (D.C. Cir. 1972) and *United States v. Gold*, 661 F. Supp 1127, 1129-30 (D.D.C. 1987)). Similarly, the Fifth Circuit has crafted its expert witness instruction to remove any reference to the term "expert," because "[w]hen a court so refers to a witness, the jury may be inclined to give undue weight to that witness's testimony." Fifth Circuit Criminal Pattern Jury Instruction 1.17, *Expert Witnesses*, Note (2001).

before the jury. Judge Dean's status as a federal tax court judge is simply not probative of his opinion of the defendant's character. When Judge Dean testifies, he will do so merely as John Dean, citizen and friend of defendant. *See United States v. Tomcheck*, 2 M.J. 813, 814 (Court of Military Review 1976) (allowing judge's character testimony where parties treated judge "as any other witness").

## CONCLUSION

For the reasons stated above, the United States respectfully requests that the court preclude defendant from referring to Judge Dean using titles or salutations that confer upon the witness the prestige of judicial office.

Dated this 27th day of May, 2008.

                                            Respectfully submitted,

                                            /s/
                                      JOHN F. TERZAKEN III (D.C. Bar # 474015)
                                      MARK W. PLETCHER
                                      EMILY W. ALLEN
                                      Trial Attorneys, Antitrust Division
                                      U.S. Department of Justice
                                      450 5th Street, N.W., 11th Floor
                                      Washington, D.C. 20530
                                      Telephone: (202) 307-0946
                                      Facsimile:  (202) 514-6525
                                      E-mail: john.terzaken@usdoj.gov
                                                 mark.pletcher@usdoj.gov
                                                 emily.allen@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of May, 2008, the foregoing MOTION TO PRECLUDE DEFENDANT FROM REFERRING TO JUDGE JOHN F. DEAN USING TITLES OR SALUTATIONS THAT CONFER THE PRESTIGE OF JUDICIAL OFFICE was filed electronically and to the best of my knowledge, information and belief, counsel for defendant Kenneth Keitt will be notified through the Electronic Case Filing System.

        /s/
EMILY W. ALLEN
Trial Attorney, Antitrust Division
U.S. Department of Justice
450 5th Street, N.W., 11th Floor
Washington, D.C.  20530
Telephone:  (202) 307-0946
Facsimile:   (202) 514-6525
E-mail: emily.allen@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **Criminal No. 07-041 (RJL)** |
| **v.** ) | |
| ) | |
| **KENNETH KEITT,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER PRECLUDING DEFENDANT FROM REFERRING
TO JUDGE JOHN F. DEAN USING TITLES OR SALUTATIONS
THAT CONFER THE PRESTIGE OF JUDICIAL OFFICE**

Upon consideration of the United States's Motion to preclude defendant from referring to Judge Dean using titles or salutations that confer upon the witness the prestige of judicial office, and it appearing that the use of such titles will pose an undue and unnecessary risk of prejudice to the United States,

IT IS HEREBY ORDERED that the defendant shall be precluded from referring to Judge John F. Dean using titles or salutations that confer the prestige of judicial office upon the witness during the trial of defendant Kenneth Keitt in the above-referenced case.

DATED this ____ day of May, 2008.

_____
THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT COURT JUDGE