**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **Criminal No. 07-041 (RJL)** |
| **v.** ) | |
| ) | |
| **KENNETH KEITT,** ) | |
| ) | |
| **Defendant.** ) | |

**PROPOSED MODIFICATION OF THE UNITED STATES**
**TO PROPOSED JURY INSTRUCTIONS**

The United States, by and through undersigned counsel, respectfully suggests the following modification to Form Instruction 2.42 (Character and Reputation of Defendant).

**DISCUSSION**

The United States objects to the penultimate sentence in the proposed jury instruction on Character and Reputation of the Defendant, which is a "standing alone" character instruction. This sentence, as currently drafted, reads: "On the other hand, the circumstances may be such that evidence of good character <u>may alone</u> create a reasonable doubt as to defendant's guilt, although without it the other evidence would be convincing." Proposed Form Instruction 2.42 (Character and Reputation of Defendant) (emphasis added).

This language gives the impression that evidence of the defendant's good

reputation, "standing alone," may be sufficient to create reasonable doubt.[1]  This language has been discredited in a number of Circuits.  *See*, *e.g.*, *United States v. Spangler*, 838 F.2d 85, 87 (3d Cir. 1988); *United States v. Burke*, 781 F.2d 1234, 1239-1242 (7th Cir. 1985) (discussing exhaustively the infirmities of the "standing alone" instruction and collecting cases); *United States v. Winters*, 663 F.2d 1120, 1146-49 (1st Cir. 1981) (disallowing "standing alone" instruction in all cases); *United States v. Fayette*, 388 F.2d 728, 737 (2d Cir. 1968); *Carbo v. United States*, 314 F.2d 718, 746 (9th Cir. 1963); *Black v. United States*, 309 F.2d 331, 334-44 (8th Cir. 1962); 1A Kevin F. O'Malley, *et. al.*, *Federal Jury Practice and Instructions: Criminal* § 15.15 (5th ed. 2000) (describing problems with "standing alone" instructions).  Such a "standing alone" instruction conveys to the jury the sense that even if it thinks the prosecution's case is compelling, if it also concludes the defendant has a good reputation for truthfulness, this may be the reasonable doubt of which the "standing alone" instruction speaks.  *Burke,* at 1239.  In this way, it invites attention to a single bit of evidence and invites jurors to analyze this evidence all by itself.  "There is no good reason to consider *any* evidence 'standing

---

[1] The problems identified with the "standing alone" instruction are particularly acute in this case, where the defendant pledged in his opening statement to call a federal judge to testify that, "in his opinion, Ken Keitt is a law-abiding citizen."  Trial Transcript, May 22, 2008, at 80:23-24.  This invocation of a judge's position and authority improperly stamps the imprimatur of the judicial system upon the witness, furthering the problems attending any "standing alone" instruction.  The United States has moved to preclude any further use of such titles and salutations at trial.  *See* Motion to Preclude Defendant from Referring to Judge John F. Dean Using Titles or Salutations that Confer the Prestige of Judicial Office (Document 103) (filed May 27, 2008).

alone.'"  *Id.*  The D.C. Circuit has not considered the propriety of this instruction.

Indeed, if the jury should ever be told to focus on a single speck of evidence, character evidence is the wrong kind to single out.  *Burke*, at 1239.  It is usually off point, and never speaks to the question of whether the accused committed the crime.  As Judge Easterbrook noted in *Burke*: "People of impeccable reputation may commit crimes, and when they are charged with a crime, the question is whether they did it, not whether they enjoy high social standing."  *Id.*

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the penultimate sentence in the proposed jury instruction be stricken, thereby placing character evidence back on par with the rest of the evidence submitted to the jury for consideration.

Dated this 28th day of May, 2008.

Respectfully submitted,

/s/
JOHN F. TERZAKEN III (D.C. Bar # 474015)
MARK W. PLETCHER
EMILY W. ALLEN
Trial Attorneys, Antitrust Division
U.S. Department of Justice
450 5th Street, N.W., 11th Floor
Washington, D.C.  20530
Telephone: (202) 307-0946
Facsimile:   (202) 514-6525
E-mail:  john.terzaken@usdoj.gov
         mark.pletcher@usdoj.gov
         emily.allen@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of May, 2008, the foregoing PROPOSED MODIFICATION OF THE UNITED STATES TO PROPOSED JURY INSTRUCTIONS was filed electronically and to the best of my knowledge, information and belief, counsel for defendant Kenneth Keitt will be notified through the Electronic Case Filing System.

        /s/
EMILY W. ALLEN
Trial Attorney, Antitrust Division
U.S. Department of Justice
450 5th Street, N.W., 11th Floor
Washington, D.C.  20530
Telephone:  (202) 307-0946
Facsimile:   (202) 514-6525
E-mail: emily.allen@usdoj.gov