IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v.     ) | Criminal No. 07-041 (RJL) |
| ) | |
| ) | |
| KENNETH KEITT ) | |
| ) | |
| Defendant. ) | |

KENNETH KEITT'S RESPONSE TO THE UNITED
STATES' MOTION TO PRECLUDE DEFENDANT FROM
REFERRING TO JUDGE JOHN F. DEAN USING TITLES OR
SALUTATIONS THAT CONFER THE PRESTIGE OF JUDICIAL OFFICE
WITH INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES

Kenneth Keitt, by and through undersigned counsel, as and for a Response to the United States' Motion to Preclude Defendant from Referring to Judge John F. Dean Using Titles or Salutations that Confer the Prestige of Judicial Office respectfully submits the following.

The Government completely misconstrues the holding in *United States v. Munoz-Franco*, 203 F. Supp. 2d 102 (D.P.R. 2002) which, in addition to having no precedential value, is readily distinguishable. In *Munoz-Franco,* the defendant sought to call the Honorable Judge Perez-Gimenez, who sits on the U.S. District Court for the District of Puerto Rico, as a character witness. *Id.* at 104. The court specifically held that a judge, who is not presiding over a trial, *can* be called as a character witness. *Id.* at 106. The court further held that a defendant has a Sixth Amendment right to compel testimony from a judge, "like all other persons." *Id.* at 105. The court, however, precluded Judge

1

Perez-Gimenez's testimony as unfairly prejudicial based upon the "particular circumstances" surrounding the "particular testimony." *Id.* at 108.

The particular circumstances surrounding Judge Perez-Gimenez's testimony could not be more different than the circumstances surrounding the case at bar. While Judge Perez-Gimenez did not directly preside over the *Munoz-Franco* trial, the entire two week jury selection, and even portions of the trial, took place in his courtroom. *Id.* at 109. Additionally, the jury walked past Judge Perez-Gimenez's courtroom and chambers every morning for 15 months. *Id.* The courtroom prominently bore his name and the court concluded that the jury had likely crossed paths with Judge Perez-Gimenez on many occasions during the trial. *Id.* Further, the court concluded that, given the proximity of Judge Perez-Gimenez's courtroom, it was inevitable that the jury had seen him presiding over cases dressed in his "judicial attire." *Id.* Given all of this, the court concluded that the jury "under the *specific surrounding circumstances of this case,* will be mislead by the prestige of Perez-Gimenez' judicial office and the significance of his judicial robe, which the jury in this case is closely acquainted with." *Id.* at 109 (emphasis added).

Although it precluded Judge Perez-Gimenez from testifying, the court did allow *another judge*, who did not share the specific circumstances associated with Judge Perez-Gimenez, to testify as a character witness for the defendant. *Id.* at 110. Nothing in *Munoz-Franco* indicates that counsel is precluded from addressing a judge who is called as a character witness by his or her proper title. *Munoz-Franco* has no bearing on the issue before this Court.

The Government cites *United States v. Chaifetz,* 181 F.Supp. 57 (D.D.C. 1960) for the notion that it was not prejudicial to exclude a judge's character testimony after the defendant had suggested to the jury that it would hear that testimony during trial.[1] *Chaifetz* has absolutely nothing to do with the propriety of calling a judge as a character witness. In that case the defendant indicated during voir dire that he may call a judge as a character witness. *Id.* at 60. During the trial, the court limited the defendant to four character witnesses. *Id.* The defendant called his four character witnesses, none of whom were judges. *Id.* Based on its earlier ruling, the court refused to allow the defendant to call his fifth character witness, who happened to be the judge defendant referred to during voir dire. *Id.* At the close of evidence, defendant moved for judgment of acquittal, arguing that the court's refusal to allow him to call his fifth character witness, the judge, was prejudicial because he was unable to deliver on his representation during voir dire. *Id.* The court found that the failure to call the judge as a witness "rested entirely with the defense." *Id.* The witness' status as a judge had nothing to do with the court's decision that he could not be called as a witness.

The Government also relied on *United States v. Tomcheck*, 2 M.J. 813 (Court of Military Review 1976), *rev'd*, 4 M.J. 66 (C.M.A. 1977) for the proposition that a judge's testimony as a character witness is allowed only where he is treated as any other witness.[2] Nowhere does *Tomcheck,* or any other case cited by the Government, address the propriety of addressing a judge acting as a character witness by his or her proper title.

---

[1] The Government contends that Mr. Keitt's should not have referenced Judge Dean's anticipated testimony following "this Court's warning that Judge Dean's character testimony might not be admitted." *See* Government's Motion at 2. This contention is perplexing given that the Court issued no such warning and this trial was, in part, scheduled around Judge Dean's availability as a witness.

[2] This case was reversed on issues unrelated to a judge testifying as a character witness.

3

*Tomcheck* is a military case applying military law. *Id.* A military court allowed military prosecutors to call a military judge, who had previously been assigned to that very case, as a negative character witness against the accused. *Id.* at 13-14. The accused appealed, contending that it was unethical for the judge to act as a character witness against him. *Id.* at 13. The military court held that it was *proper* for the judge to testify because he was compelled and was treated like any other witness. *Id.* at 13-14. This case also has no bearing on the issue before this Court.

Mr. Keitt does not however, dispute the general principle that a judge acting as a character witness should be treated like any other character witness. A defendant has the right to present good character evidence at trial. *See e.g. United States v. Lewis,* 482 F.2d 632, 637 (D.C. Cir. 1973)(holding that good-character evidence may of itself generate a reasonable doubt as to guilt and the accused is entitled to have the jury so instructed). A defendant calling any other character witness would be allowed to develop that character witness's professional background. To not allow this would effectively eviscerate the defendant's right to present character evidence, as the jury would not know who is vouching for the defendant's character. Further, any other character witness would be given the respect of being addressed by his or proper title, as the Government has addressed Judge Dean in its motion.

The Government cites no authority for the proposition that a judge acting as a character witness should not be given the respect of being properly addressed. Given the context of a trial setting it is difficult to imagine that a juror could confuse who is presiding over the Court with who is testifying as a witness.

For the reasons given in this response, and any other reasons that may appear to the Court, Mr. Keitt respectfully requests that the Court deny the Government's Motion to Preclude Defendant from Referring to Judge John F. Dean Using Titles or Salutations that Confer the Prestige of Judicial Office.

        Respectfully submitted,


_____/s/_____
DANIEL T. McNAMARA
D.C. Bar No. 494834
MALLON & McCOOL, LLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
(202) 393-7088

Counsel for Kenneth Keitt

CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of May 2008 Kenneth Keitt's Response to the United States' Motion to Preclude Defendant from Referring to Judge John F. Dean Using Titles or Salutations that Confer the Prestige of Judicial Office with Incorporated Memorandum of Points and Authorities was served by electronic filing upon:

John Terzaken
Mark Pletcher
Emily Allen
U.S. Department of Justice
Antitrust Division
1401 H Street, N.W., Suite 3700
Washington, D.C. 20530

_____/s/_____
DANIEL T. MCNAMARA