IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 07-041 (RJL) |
| v. ) | |
| ) | |
| KENNETH KEITT, ) | |
| ) | |
| Defendant. ) | |

**OPPOSITION OF THE UNITED STATES TO DEFENDANT'S
PROPOSED "ADDICTED WITNESS" JURY INSTRUCTION**

The United States, by and through undersigned counsel, respectfully submits this memorandum in opposition to the "witness's use of addictive drugs" jury instruction (or "addicted witness" instruction) proposed by defendant. *See* Defendant's Proposed Supplemental Jury Instruction (Document No. 97) (dated May 20, 2008). Now that the evidentiary record in this case is complete, it is clear that there is no basis for the jury to conclude either: (1) that any witness was addicted to a drug during the relevant period of October through December 2001; or (2) that any drug mentioned during the trial is, as a matter of medical science, known to be addictive. The only evidence in the record regarding drug use of any kind during the relevant period is testimony from Mr. Wilhelm DerMinassian, who simply testified that he was taking legitimate medications for pain and depression-related ailments that were prescribed for him by a physician. *See* Transcript of Trial Record, *United States v. Keitt*, Crim. No. 07-041 (RJL) at 58:8 - 59:2 (May 29, 2008) (relevant portion attached hereto at Attachment A). Mr. DerMinassian was in no way shown to have an addiction to any particular medication

during the relevant period. In fact, Mr. DerMinassian was not asked a single question about why he was even prescribed certain medications in 2001; how frequently he was required to take those medications; or what dosages his prescriptions called for him to take of his medications. Nor is there any medical evidence in the record demonstrating that the medications taken by Mr. DerMinassian in 2001 have qualities known to cause addiction.

With no evidence before them to properly conclude that any witness in this case was addicted to a drug or even taking a drug proven to be addictive, the jury should not be given the proposed "addicted witness" instruction because that instruction will only cause undue confusion and unfairly prejudice the United States. Indeed, the inclusion of an "addicted witness" instruction would only further exacerbate the confusion and prejudice already created by the legally improper question defendant's counsel asked Mr. DerMinassian during trial – a question counsel had been specifically admonished by the Court not to ask. An "addicted witness" instruction would confuse the jury into believing that they should read into and consider why Mr. DerMinassian claimed his Fifth Amendment privilege against self-incrimination when he was improperly asked whether the medications he was taking in 2001 "were all legally prescribed by a doctor." *Id.* at 59:3-10 (relevant portion attached hereto at Attachment A).[1] The Court should not

---

[1] Should the Court entertain including some form of "addicted witness" instruction, the United States renews its request that Court also give the jury a "curative instruction" to address defendant's counsel's legally improper question. For the Court's convenience, attached hereto as Attachment B is the United States's proposed "curative instruction."

-2-

reward counsel's admitted misstep by including an "addicted witness" instruction in its final jury instructions.

DATED this 1st day of June, 2008.

Respectfully submitted,

_____/s/_____
JOHN F. TERZAKEN III
MARK W. PLETCHER
EMILY W. ALLEN
Trial Attorneys, Antitrust Division
U.S. Department of Justice
450 5th Street, N.W., Suite 11300
Washington, D.C.  20530
Telephone:  (202) 307-0719
Facsimile:  (202) 514-6525
E-mail:  john.terzaken@usdoj.gov /
      mark.pletcher@usdoj.gov /
      emily.allen@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June 2008, the foregoing OPPOSITION OF THE UNITED STATES TO DEFENDANT'S PROPOSED "ADDICTED WITNESS" JURY INSTRUCTION, was filed electronically and to the best of my knowledge, information and belief, counsel for defendant Kenneth Keitt will be notified through the Electronic Case Filing System.

                                               /s/
                                      JOHN F. TERZAKEN III
                                      D.C. Bar # 474015
                                      Trial Attorney, Antitrust Division
                                      U.S. Department of Justice
                                      450 5th Street, N.W., Suite 11300
                                      Washington, D.C. 20530
                                      Telephone: (202) 307-0719
                                      Facsimile: (202) 514-6525
                                      E-mail: john.terzaken@usdoj.gov

# **ATTACHMENT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | Docket No. CR07-041 (RJL) |
| : | May 29, 2008 |
| Plaintiff, : | |
| : | 10:00 a.m. |
| v. : | |
| KENNETH KEITT, : | |
| Defendant. : | |

DAY 3 - A.M. SESSION
TRANSCRIPT OF TRIAL RECORD
BEFORE THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT JUDGE, and a jury

APPEARANCES:

For the Plaintiff:   JOHN FRANCIS TERZAKEN, III, ESQ.
                     MARK PLETCHER, ESQ.
                     EMILY W. ALLEN, ESQ.
                     U.S. Department of Justice
                     1401 H Street, N.W.
                     Suite 3700
                     Washington, D.C.  20530

For the Defendant:   STEVEN J. McCOOL, ESQ.
                     Mallon and McCool, LLC
                     1776 K Street, N.W.
                     Suite 200
                     Washington, D.C.  20006
                     DANIEL THOMAS McNAMARA, ESQ.
                     JOSEPH T. MALLON, JR., ESQ.
                     Mallon and McCool, LLC
                     300 East Lombard Street, Suite 920
                     Baltimore, Maryland  21202

58

1  A.  The money that I received from DMJM Harris I had to use,
2  definitely the second one, for my mortgage payments and my
3  credit card debts.  I was not doing well financially.
4  Q.  You filed for bankruptcy.
5  A.  I did file for bankruptcy, yes, in 2000.
6  Q.  Because your spending was out of control; isn't that right?
7  A.  It could be considered, yes.
8  Q.  Now, let me ask you this.  In October of 2001, were you
9  taking narcotics or prescription drugs?
10  A.  I was prescribed two pain killers, correct.
11  Q.  OxyContin?
12  A.  OxyContin, Vicodin.
13  Q.  Vicodin?
14  A.  Whichever was proper, yes.
15  Q.  Percocet?
16  A.  Correct.
17  Q.  Darvocet?
18  A.  Correct.
19  Q.  You were also taking antidepressants at that time; isn't
20  that right?
21  A.  I was on antidepressants for years.
22  Q.  All right.  You were taking Xanax, right?
23  A.  I was on that since I was 35.
24  Q.  And taking Paxil; isn't that right?  This is October of
25  2001.

59

1  A.  Yes.  Doctors would decide which medication I have to take,
2  so yes.
3  Q.  Is it your testimony that the drugs that you were taking in
4  October 2001, that they were all legally prescribed by a doctor?
5  Is that your testimony, sir?
6  A.  I am going to claim Fifth on that.
7  Q.  You are asserting your right against self-incrimination,
8  your Fifth Amendment rights on that question?
9  A.  Yes.  If you want to know where I purchased them, I am
10  taking the Fifth.

# ATTACHMENT B

# CURATIVE INSTRUCTION

During this case, counsel for the defendant asked a legally improper question about a witness's use of prescription medication. I instruct you again to disregard that question and the response elicited because the question was contrary to my previous rulings that such questions are not relevant to facts of this case.