**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Criminal No.  07-041 (RJL) |
| | ) | |
| **KENNETH KEITT** | ) | |
| | ) | |
| **Defendant.** | ) | |

## THEORY OF THE DEFENSE

Kenneth Keitt has pleaded "Not Guilty" to the charge of illegal gratuity in the Indictment. This plea of not guilty puts in issue each of the three essential elements of the offense as described in these instructions and imposes on the government the burden of establishing each of these elements by proof beyond a reasonable doubt.

Mr. Keitt, moreover, contends that the Government cannot meet its burden by relying on Wilhelm Derminassian.  Mr. Derminassian is an admitted liar who is biased, due to the government's favorable treatment of him.  His credibility is also impacted by his drug use.

Mr. Keitt contends that anything of value provided to Mr. Derminassian was <u>not</u> for or because of an official act.  Rather, Mr. Keitt contends that he approved what he believed were legitimate travel advances.  Michael Travers also believed these were legitimate travel advances. Mr. Travers observed problems associated with the travel expenses related to the October 2001 trips.  Mr. Keitt did not order Mr. Travers to provide these travel advances.  Mr. Keitt did not have check writing authority.  Mr. Keitt did not have a corporate credit card.

Mr. Travers admitted that Mr. Keitt never told him to falsify receipts or expense reports. When Mr. Travers presented expense reports with valid receipts, Mr. Keitt approved them.  Mr. Travers did not submit his bank records as a receipt of his advances to Mr. Derminassian.

John Dean opined that Mr. Keitt is a law abiding citizen. Standing alone, this can raise reasonable doubt. Moreover, Mr. Keitt had no personal or professional reason to violate the law. Mr. Keitt's employer received no business as a result of any emergency services meeting. Mr. Keitt received no bonus or additional compensation based on the size of the Operational Support Contract.

The option year of the Operational Support Contract was renewed based on DMJM's superior performance. The 100 CCTV supplement was awarded to DMJM because they were uniquely qualified to do the work. Neither of these decisions were made by Mr. Derminassian. By the terms of the Operational Support Contract, Mr. Derminassian did not have oversight authority, the authority to award change orders or supplements or the authority to terminate the Operational Support Contract.

Mr. Keitt's evaluations of Mr. Travers show he had no intent to violate the law. Mr. Keitt never told Mr. Derminassian that he intended to influence any official actions. Mr. Derminassian never told Mr. Keitt that he, Mr. Derminassian, was engaged in criminal conduct.

Mr. Keitt has no obligation whatsoever to prove to you that his theory is correct. Rather, the burden is always on the government to prove all of the material elements of the offense charged beyond a reasonable doubt.

Respectfully submitted,


_____/s/_____
STEVEN J. McCOOL
D.C. Bar No. 429369
MALLON & McCOOL, LLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
(202) 393-7088

Counsel for Kenneth Keitt

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 2nd day of June 2008, the foregoing Theory of the Defense was served by electronic filing upon:

John Terzaken  
Mark Pletcher  
U.S. Department of Justice  
Antitrust Division  
1401 H Street, N.W., Suite 3700  
Washington, D.C. 20530

                                               _____/s/_____  
                                               STEVEN J. McCOOL